**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JACKERLY MCFADDEN and
CASSANDRA WILSON,
*On Behalf of Themselves and All Others*
*Similarly Situated*,

                       Plaintiffs,

                       v.

NATIONSTAR MORTGAGE LLC
d/b/a MR. COOPER,

                     Defendant.

Case No. 1:20-cv-00166-EGS-ZMF

**DEFENDANT'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE**
**JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS**

# <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ............................................................................... 1

**ARGUMENTS**.......................................................................................................... 2

**I.    MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS
       ADEQUATELY ALLEGED VIOLATIONS OF THE FDCPA**.................................. 2

    A. Plaintiff McFadden provided only a threadbare recital of her claim that Mr. Cooper is
    a "debt collector," which is insufficient under the *Iqbal* pleading standard. ..................... 2

    B. The Pay-to-Pay Fees are not incidental to Plaintiffs' mortgage agreements but are a
    separate agreement between the parties. ............................................................................ 3

    C. The FDCPA permits the Pay-to-Pay Fees. ...................................................................... 5

       *1.    The Fees are expressly authorized by the agreement.* ............................................... 5

       *2.    The Fees are permitted by law.* ............................................................................... 6

**II.   MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS
       ADEQUATELY PLEADED VIOLATIONS OF THE FCCPA** .................................... 7

**III.  MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS
       ADEQUATLY PLEADED VIOLATIONS OF THE FDUTPA** .................................... 8

    A. Plaintiffs failed to adequately allege their FCCPA claims and therefore such claims
    are insufficient for purposes of pleading a *per se* FDUTPA violation. .............................. 8

    B. Plaintiffs failed to adequately allege traditional FDUTPA violations. ............................... 8

**IV.   MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS
       ADEQUATELY PLEADED BREACH OF CONTRACT CLAIMS** ............................ 10

    A. Plaintiffs failed to adequately allege breach of any specific provisions of their
    mortgage agreements. ....................................................................................................... 10

    B. Plaintiffs' claims are barred by the Voluntary Payment Doctrine. .................................... 11

    C. Plaintiffs entered into a separate agreement with Mr. Cooper for the Pay-to-Pay Fees... 12

**V.    MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFF
       WILSON ADEQUATLY PLEADED VIOLATIONS OF THE D.C. MLBA** ............. 13

**VI.   MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFF
       WILSON ADEQUATLY PLEADED VIOLATIONS OF THE DCCPPA** .................. 14

    A. Mr. Cooper is not a "Merchant" under the DCCPPA. ...................................................... 14

    B. Plaintiff Wilson failed to allege that the Fees were misleading under the DCCPPA. ....... 15

**VII. MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATLY PLEADED UNJUST ENRICHMENT** .................................................... 16

A. Plaintiffs' pleading of unjust enrichment in the alternative is inappropriate. ................... 16

B. Plaintiffs failed to adequately allege pre-suit notice. ........................................................ 17

**CONCLUSION** .................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Carrington Mortg. Servs., LLC*,
  No. RDB-20-2369, 2020 WL 7319252 (D. Md. Dec. 11, 2020) ...............................................3

*Alhassid v. Bank of Am., N.A.*,
  60 F. Supp. 3d 1302 (S.D. Fla. 2014) ...................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 663 (2009) ...........................................................................................................2, 3, 6

*Bardak v. Ocwen Loan Servicing, LLC*,
  No. 8:19-CV-1111-24TGW, 2020 WL 5104523 (M.D. Fla. Aug. 12, 2020) ...................1, 3, 4

*Beer v. Nationstar Mortgage Holdings, Inc.*,
  No. 14-cv-13365, 2015 WL 13037309 (E.D. Mich. July 15, 2015) ........................................6

*Brown v. Loancare, LLC*,
  No. 3:20-cv-00280-FDW-DSC, 2020 WL 7389407 (W.D.N.C. Dec. 16, 2020) ...........8, 9, 11

*Busby v. Capital One, N.A.*,
  772 F. Supp. 2d 268 (D.D.C. 2011) ......................................................................................14

*Estate of Campbell v. Ocwen Loan Servicing, LLC*,
  467 F. Supp. 3d 1262 (S.D. Fla. 2020) ...................................................................................3

*Cornette v. I.C. Sys., Inc.*,
  280 F. Supp. 3d 1362 (S.D. Fla. 2017) ...................................................................................7

*Flores v. Collection of Consultants*,
  No. 1:20-cv-02369-RDB, 2015 WL 4254032 (C.D. Cal Mar. 20, 2015) .............................3, 4

*Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*,
  944 A.2d 1055 (D.C. 2008) ..................................................................................................16

*Hart v. Elec. Arts, Inc.*,
  740 F. Supp. 2d 658 (D.N.J. 2010) .......................................................................................13

*Hassan v. City of New York*,
  804 F.3d 277 (3rd Cir. 2015) .................................................................................................2

*Hassen v. Mediaone of Greater Fla., Inc.*,
  751 So. 2d 1289 (Fla. Dist. Ct. App. 2000) ..........................................................................12

*Heald v. Ocwen Loan Servicing, LLC*,
    No. 3:13-cv-993-J-34JRK, 2014 WL 4639410 (M.D. Fla. Sept. 16, 2014) ............................7

*Henok v. Chase Home Fin., LLC*,
    922 F. Supp. 2d 110 (D.D.C. 2013) .....................................................................................17

*Hill v. Nationstar Mortg. LLC*,
    No. 15-60106-CIV, 2015 WL 4478061 (S.D. Fla. July 2, 2015). ........................................18

*Hinton v. Corr. Corp. of Am.*,
    624 F. Supp. 2d 45 (D.D.C. 2009) ........................................................................................13

*Johnson v. Riddle*,
    305 F.3d 1107 (10th Cir. 2002) ..............................................................................................7

*In re Kachkar*,
    769 F. App'x 673, 691 (11th Cir. 2019).................................................................................17

*Kelly v. Ocwen Loan Servicing, LLC*,
    No. 3:20-cv-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020)................................3

*Kirchner v. Ocwen Loan Servicing, LLC*,
    257 F. Supp. 3d 1314, 1324 (S.D. Fla. 2017) .................................................................16, 17

*Lang v. Ocwen Loan Servicing, LLC*,
    No. 3:20-cv-81-J-20MCR, 2020 WL 5104522 (M.D. Fla. July 17, 2020)..............................3

*Latman v. Costa Cruise Lines, N.V.*,
    758 So. 2d 699 (Fla. Dist. Ct. App. 2000) ..............................................................................9

*Lee v. Main Accounts, Inc.*,
    125 F.3d 855 (6th Cir. 1997) ..................................................................................................7

*Lish v. Amerihome Mortg. Co., LLC*,
    No. 2:20-cv-07147-JFW-JPRx, 2020 WL 6688597 (C.D. Cal. Nov. 10, 2020).......................3

*Logan v. LaSalle Bank Nat. Ass'n*,
    80 A.3d 1014 (D.C. 2013) .....................................................................................................14

*Lombardo v. Johnson & Johnson Consumer Cos., Inc.*,
    124 F. Supp. 3d 1283 (S.D. Fla. 2015) ....................................................................................9

*Motley v. Homecomings Fin., LLC*,
    557 F. Supp. 2d 1005 (D. Minn. 2008)....................................................................................2

*Nardolilli v. Bank of Am. Corp.*,
    No. 12-81312, 2013 WL 12154541 (S.D. Fla. Dec. 5, 2013)..................................................7

iv

*Oya v. Wells Fargo Bank, N.A.*,
  No. 3: 18-CV-01999-H-BHG, 2019 WL 157802 (S.D. Cal. Jan. 9, 2019) ............................2

*Prescott v. Seterus, Inc.*,
  635 F. App'x 640 (11th Cir. 2015) ........................................................................7

*Reid v. Ocwen Loan Servicing, LLC*,
  No. 20-cv-80130-SINGHAL, 2020 WL 5104539 (S.D. Fla. May 4, 2020) ............................3

*Sanchez v. Time Warner, Inc.*,
  No. 98-211-CIV-T-26A, 1998 WL 834345 (M.D. Fla. Nov. 4, 1998)...................................12

*Smith v. Rubicon Advisors, LLC*,
  254 F. Supp. 3d 245 (D.D.C. 2017) ........................................................................16

*Techreations, Inc. v. Nat'l Safety Council*,
  No. 86 C 1399, 1986 WL 15077 (N.D. Ill. Dec. 24, 1986) .....................................12

*Trevathan v. Select Portfolio Servicing, Inc.*,
  142 F. Supp. 3d 1283 (S.D. Fla. 2015) ...................................................................18

*Turner v. PHH Mortg. Corp.*,
  467 F. Supp. 3d 1244 (M.D. Fla. 2020)..............................................................3, 4

*Waddell v. U.S. Bank Nat'l Ass'n*,
  395 F. Supp. 3d 676 (E.D.N.C. 2019)...............................................8, 9, 10, 11, 15

*Ward v. D.C. Dep't of Youth Rehab. Servs.*,
  768 F. Supp. 2d 117 (D.D.C. 2011) ........................................................................13

*Washkoviak v. Student Loan Mkt'g Ass'n*,
  900 A.2d 168 (D.C. 2006) ....................................................................................13

**Statutes**

D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et. seq.* ............................14, 15

D.C. Mortgage Lender and Broker Act, D.C. Code § 26-1101, *et seq.* ........................................13

Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1)........................2, 3, 4, 5, 6, 7, 10, 15, 17

Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).......................................7, 8, 10

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.203(3),
  501.204...............................................................................................................8

**Other Authorities**

24 C.F.R. § 203.552(a)............................................................................................10

Mr. Cooper Payment Methods, Support,
    https://www.mrcooper.com/support/payments/payment_methods (last visited
    September 2, 2021) ........................................................................................................1

Fed. R. Civ. P. 8(a) ........................................................................................................3, 6

U.S. Dep't of Hous. and Urban Dev., *HUD Handbook 4000.1: Single-Family
    Housing Policy*, Section III(A)(1)(f)(C) at 560,
    https://www.hud.gov/sites/documents/40001HSGH.PDF.......................................10

## PRELIMINARY STATEMENT

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), as the mortgage loan servicer for Plaintiffs Jackerly McFadden and Cassandra Wilson (collectively "Plaintiffs"), offered Plaintiffs the option to make their mortgage payments over the phone in exchange for a nominal fee (the "Pay-to-Pay Fees" or the "Fees").  Plaintiffs were offered this option among other no-fee methods, chose to pay-by-phone of their own volition, and received the requested service in exchange for the Fees that were fully disclosed to them.  The pay-by-phone service was convenient and beneficial for Plaintiffs, allowing them to potentially avoid otherwise unavoidable and higher late fees.[1]

As Plaintiffs note in their Response to Mr. Cooper's Objections to the Report (ECF No. 45) (the "Response"), there are a number of cases being litigated across the country addressing fees similar to those offered here, and those cases have split on the permissibility of the fees, including a case filed by one of the same Plaintiffs' counsel as here that found the fees permissible and resulted in dismissal.[2]  Although the Report and Recommendation of the Honorable Zia M. Faruqui, United States Magistrate Judge, (ECF No. 42) (the "Report") and Plaintiffs' Response take the view that those cases finding the Fees impermissible are more persuasive than those cases holding that the Fees are lawful, they fail to give appropriate consideration to the fact that the Fees were for an optional service that Plaintiffs voluntarily and knowingly paid after Mr. Cooper disclosed both the amount of the Fees and the benefits afforded by the service provided – facts that

---

[1] In many, if not most cases, the pay-by-phone fees are lower than late payment fees, which may be a certain percentage of a late mortgage payment, rather than a set nominal payment processing fee.    *Compare*    Mr.    Cooper    Payment    Methods,    Support, https://www.mrcooper.com/support/payments/payment_methods (last visited September 2, 2021) *with* Plaintiffs' Loan Notes, Memorandum, Exs. 3-4 ¶ 6.A (late charges equal 4-5% of total overdue principal and interest payment).

[2] *Bardak v. Ocwen Loan Servicing, LLC*, No. 8:19-CV-1111-24TGW, 2020 WL 5104523 (M.D. Fla. Aug. 12, 2020).

Plaintiffs do not, and cannot, dispute.  It is for these reasons and the following that Mr. Cooper respectfully disagrees with the Report and Plaintiffs' Response, and objects to the Magistrate Judge's findings as to each of Plaintiffs' claims.

## ARGUMENTS

I.   **MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATELY ALLEGED VIOLATIONS OF THE FDCPA**

A.   **Plaintiff McFadden provided only a threadbare recital of her claim that Mr. Cooper is a "debt collector," which is insufficient under the *Iqbal* pleading standard.**

In support of her FDCPA claim's requirement that her loan be in default at the time it was acquired by Mr. Cooper, Plaintiff McFadden makes the single conclusory statement that "[a]t the time Cooper acquired the servicing rights, Ms. McFadden's mortgage was in default."  Compl. ¶ 67, ECF No. 1.  This is the paradigm "threadbare recital" of an element of Plaintiff McFadden's FDCPA claim and why *Oya v. Wells Fargo Bank, N.A.*, No. 3: 18-CV-01999-H-BHG, 2019 WL 157802 (S.D. Cal. Jan. 9, 2019), is persuasive in its recognition of this fact.  *Oya*, at *3 (finding conclusory allegation that "loan [at issue] was in default when it was assigned" insufficient to overcome *Iqbal*'s requirements without further factual allegations).[3]  The liberal notice pleading requirements as cited by the Report for disagreeing with *Oya* should not excuse Plaintiff McFadden from her burden to allege more than the legal conclusion of default.  Report at 5 n.2; Response at 4; Objections at 3-4.

---

[3] *See also Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1009 n.2 (D. Minn. 2008) (dismissing conclusory allegations that defendant was a debt collector because "Plaintiffs must do more than plead legal conclusions; they must plead [sufficient] *facts*.") (emphasis original).  *Cf. Hassan v. City of New York*, 804 F.3d 277, 295 (3rd Cir. 2015) (finding plaintiff's allegations of specific facts sufficient because they addressed "*when . . . where . . .* and *why . . .*," which was "far from" the inappropriate legal conclusions in *Iqbal*).

Plaintiffs' support for the Report's view that this is an issue for summary judgment because the details of Plaintiff McFadden's loan servicing history would be in Mr. Cooper's control is misplaced.  Response at 4.  It is Plaintiffs' burden to adequately plead their claims at this stage and Plaintiff McFadden could have done so by including in the Complaint a number of materials in her control, such as a copy of her statement or correspondence from Mr. Cooper indicating default.  *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 663 (2009).  Plaintiffs failed to do so, and Mr. Cooper's knowledge of Plaintiff McFadden's loan has no bearing on Plaintiffs' pleadings.

### B. The Pay-to-Pay Fees are not incidental to Plaintiffs' mortgage agreements but are a separate agreement between the parties.

Plaintiffs' Response correctly recognizes that courts are "split" on the issue of whether the Fees are incidental to Plaintiffs' mortgage agreements and therefore subject to the FDCPA, however, it is the *Bardak*, *Turner,* and *Flores* lines of cases[4] (collectively "Not Incidental Cases") that should be instructive in the instant matter, rather than those relied upon in the Report.  Report at 6; Objections at 4-5; Response at 5.  The *Bardak* court, citing *Turner*, appropriately recognized that the Fees are incurred "in a separate agreement between the parties to ensure same-day posting and processing of [plaintiff's] mortgage payments—an optional service that [plaintiff] voluntarily incurred," and therefore not "incidental" to the plaintiff's mortgage.  *Bardak*, No. 8:19-CV-1111-24TGW, 2020 WL 5104523, at *4 (citing *Turner v. PHH Mortg. Corp.*, 467 F. Supp. 3d 1244,

---

[4] These cases include *Estate of Campbell v. Ocwen Loan Servicing, LLC*, 467 F. Supp. 3d 1262 (S.D. Fla. 2020); *Kelly v. Ocwen Loan Servicing, LLC*, No. 3:20-cv-50-J-32JRK, 2020 WL 4428470 (M.D. Fla. July 31, 2020); *Lang v. Ocwen Loan Servicing, LLC*, No. 3:20-cv-81-J-20MCR, 2020 WL 5104522 (M.D. Fla. July 17, 2020); *Reid v. Ocwen Loan Servicing, LLC*, No. 20-cv-80130-SINGHAL, 2020 WL 5104539 (S.D. Fla. May 4, 2020); *Lish v. Amerihome Mortg. Co., LLC*, No. 2:20-cv-07147-JFW-JPRx, 2020 WL 6688597 (C.D. Cal. Nov. 10, 2020); and *Alexander v. Carrington Mortg. Servs., LLC*, No. RDB-20-2369, 2020 WL 7319252 (D. Md. Dec. 11, 2020).

1247 (M.D. Fla. 2020)) (quotations omitted).  *Flores* came to the same conclusion.  *Flores v. Collection of Consultants*, No. 1:20-cv-02369-RDB, 2015 WL 4254032, at *10 (C.D. Cal Mar. 20, 2015).

The FDCPA is intended to prevent the use of "unfair or unconscionable" practices to collect a debt, and defines as "unfair or unconscionable" the collection of interest or fees that are "incidental to the principal obligation" unless authorized in the loan agreement or permitted by law.[5]  The Not Incidental Cases recognize that the Fees were separately and voluntarily incurred at Plaintiffs' discretion, for Plaintiffs' benefit, after being fully informed of their cost, of alternative no-fee methods, and what Plaintiffs would receive in return.  *Bardak*, 2020 WL 5104523, at *4, *Turner*, 467 F. Supp. 3d 1244, 1247, *Flores*, 2015 WL 4254032, at *10.  Through this lens, the Fees should not be considered "unfair or unconscionable."  Plaintiffs were not required to use the pay-by-phone service, and they were not required to pay the Fees as a condition of their mortgage. Plaintiffs could have made their mortgage payments by using one of the free payment methods specified in their mortgages, such as mailing a check.  The Fees were not "incidental" to their mortgage obligations because Plaintiffs were not required to pay by phone.  Rather, Plaintiffs knowingly and voluntarily elected to make certain payments by phone in return for a modest fee that was fully disclosed to them prior to using the pay-by-phone service.  Allowing customers to agree to pay a fee to make a payment by a means not authorized in their mortgage agreements cannot be considered "unfair or unconscionable."  If Mr. Cooper were to eliminate the option for customers to make last-minute payments by phone in return for a fee, that would reduce consumer choice and result in more delinquent payments and late fees.  Such a result could not possibly be contemplated by the FDCPA's prohibition on "unfair or unconscionable" debt collection practices.

---

[5] 15 U.S.C. § 1692f(1).

### C.  The FDCPA permits the Pay-to-Pay Fees.

#### 1.  *The Fees are expressly authorized by the agreement.*

Plaintiff McFadden's mortgage agreement expressly authorizes Mr. Cooper to charge:

> " . . . for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.  In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee."

Compl., Ex. A at 8 (¶14), ECF No. 1-1[6].

This provision expressly authorizes the Fees for a number of reasons.  First, Mr. Cooper's offering of the pay-by-phone service for a nominal fee, which Plaintiffs voluntarily utilized, is a direct function of protecting its interests and rights in connection with default given the service's often use by borrowers for the purpose of avoiding late payment and/or default due to late payment. Taking, *arguendo*, Plaintiff McFadden's bare allegation of default at the time Mr. Cooper acquired the servicing rights of her mortgage, such interest is amplified as the pay-by-phone service allows for a prompter resolution to a possible late payment or default.

Second, Plaintiffs' Response incorrectly reads Section 9 of Plaintiff McFadden's mortgage agreement as "cap[ping] the amount of default related fees." Response at 10. However, that section also states that, in the event of default, "[Mr. Cooper] may do . . . whatever is reasonable or

---

[6] Plaintiff Wilson's mortgage agreement contains a similar provision but with a different second sentence:

> [Mr. Cooper] may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.  <u>Lender may collect fees and charges authorized by the Secretary.</u>

Compl. Ex. C at 8 (¶13), ECF No. 1-3 (emphasis added).

appropriate to protect Lender's interest in the Property . . . ."  Compl. Ex. A ¶9, ECF No. 1-1.  The purpose of the provision is to *protect* Mr. Cooper's rights, not limit them.  *Id.*

Third, the position suggested in the Report and repeated in Plaintiffs' Response that the Fees need to be explicitly listed by name to be authorized is counter to the plain language of the FDCPA, which prohibits fees that are not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1).  Plaintiffs' Mortgage Agreements authorize the Fees because the Fees are charged in connection with default and also qualify as "any other fee," as permitted by Paragraph 14 of Plaintiff McFadden's mortgage agreement.  Compl. Ex. A ¶14, ECF No. 1-1.

Mr. Cooper respectfully disagrees with the Report's rejection of *Beer v. Nationstar Mortgage Holdings, Inc.*, No. 14-cv-13365, 2015 WL 13037309, at *3 (E.D. Mich. July 15, 2015), which dismissed a similar complaint for "fail[ing] to identify a contractual provision prohibiting" the fees where the plaintiff's mortgage contained language identical to the language in Plaintiff McFadden's mortgage  providing that "the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee."  *Beer* is directly on point and instructive.

### 2.  The Fees are permitted by law.

It is, of course, Plaintiffs' burden to adequately plead their claims, yet they have not identified any law that prohibits Mr. Cooper from collecting a voluntary fee in exchange for an additional payment method, and none exists.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 666.  The FDCPA prohibits collecting fees that are not "permitted by law." 15 U.S.C. § 1692f(1).  Plaintiffs' Response references "well-settled law" in support of the argument (endorsed by the Report) that "permitted by law" requires Mr. Cooper to identify a statute that expressly authorizes the Fees. The courts are split on this issue, but Plaintiffs' cases cannot overcome Plaintiffs' burden of proof.

Response at 11.  An FDCPA violation cannot lie unless a specific legal prohibition exists for a particular practice[7] and, as several courts have concluded, a plaintiff may not "opt in" to an FDCPA claim by paying fees that were voluntarily paid and reasonably avoidable.  *See* Objections at 8-9 (citing *Bryant v. Aargon Collection Agency, Inc.*, No. 17-CV-14096, 2017 WL 2955532 (S.D. Fla. June 30, 2017), *Lee v. Main Accounts, Inc.*, 125 F.3d 855, 855 (6th Cir. 1997), and *Heald v. Ocwen Loan Servicing, LLC*, No. 3:13-cv-993-J-34JRK, 2014 WL 4639410, at *5 (M.D. Fla. Sept. 16, 2014).

## II.    MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATELY PLEADED VIOLATIONS OF THE FCCPA

An FCCPA violation requires a finding that the defendant possessed "actual knowledge" that it did not have a legal right to charge the fees at issue.  Fla. Stat. § 559.72; *Prescott v. Seterus, Inc.*, 635 F. App'x 640, 646 (11th Cir. 2015).  Actual knowledge in this context means *actual* knowledge, and the allegations of circumstantial evidence relied upon by the Report, taken as true, do not bear this out.  Report at 10.  Specifically, the fact that Mr. Cooper is a large mortgage servicer provides no support whatsoever for the claim that Mr. Cooper had *actual* knowledge that it had no right to collect the Fees.  Report at 10, Response at 12.  At best, it might indicate that Mr. Cooper *should have known* the Fees were unlawful – Mr. Cooper believes the Fees were and are lawful, of course – but the standard requires more than that; it requires "actual knowledge," which Plaintiffs have not alleged and could not allege.

Plaintiffs' Complaint merely "tracks the language of the FCCPA," a strategy the *Nardolilli* court confirmed insufficient.  *Nardolilli v. Bank of Am. Corp.*, No. 12-81312, 2013 WL 12154541, at *4 (S.D. Fla. Dec. 5, 2013); Fla. Stat. § 559.72(9).  *See also Cornette v. I.C. Sys., Inc.*, 280 F.

---

[7] *Johnson v. Riddle*, 305 F.3d 1107, 1117–18 (10th Cir. 2002) (noting that, "in interpreting the phrase permitted by law, 'a general statutory authorization' satisfies the FDCPA. . . .").

Supp. 3d 1362, 1371 (S.D. Fla. 2017) (recovery requires "actual knowledge that the right did not exist" to collect the debt). The Response's recognition of the insufficiency of "bare-bones factual allegations," is correct. Response at 13 n.5.

### III.   MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATLY PLEADED VIOLATIONS OF THE FDUTPA

#### A.   Plaintiffs failed to adequately allege their FCCPA claims and therefore such claims are insufficient for purposes of pleading a *per se* FDUTPA violation.

Plaintiffs failed to adequately allege violations of the FCCPA, and therefore Mr. Cooper objects to the Report's findings that such allegations can serve as a predicate for *per se* violations of the FDUTPA. Report at 11; Objections at 10; *supra* Section II.

#### B.   Plaintiffs failed to adequately allege traditional FDUTPA violations.

Courts are again divided on whether the charging of convenience fees similar to the Fees here – that are fully disclosed to the consumer prior to making a telephone payment – can be considered a "deceptive act or unfair practice" under the FDUTPA, but the precedent in the *Waddell* and *Brown* cases is directly on point, persuasive, and, we respectfully suggest, should be followed here. *Waddell* held that the "practice of charging customers a fee for paying by phone is not unfair or deceptive under the UDTPA [a substantially similar state statute to the FDUTPA]. [Defendant's] fee for an optional service that [plaintiff] chose for her convenience is not plausibly deceptive (i.e., capable of or tending to deceive) or unfair (i.e., immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers)." *Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676, 685 (E.D.N.C. 2019). Additionally, *Brown* recognized that "[i]t is not plausible that charging a fee for an optional service, particularly when Plaintiff had alternative means of payment, is unfair or deceptive." *Brown v. Loancare, LLC*, No. 3:20-cv-00280-FDW-DSC, 2020 WL 7389407, at *5 (W.D.N.C. Dec. 16, 2020).

Plaintiffs note that neither *Waddell* nor *Brown* "appear[s] to have even considered the argument" that Mr. Cooper's failure to disclose its alleged profits from the Fees can constitute an unfair or deceptive practice, an argument the Magistrate Judge accepted. Response at 15; Report at 12-13. This is because those courts recognized that the operative inquiry is whether Plaintiffs were fully apprised of the relevant facts surrounding the Fees – i.e., that they were separately and voluntarily incurred at Plaintiffs' discretion, for Plaintiffs' benefit, after being fully informed of their cost, of alternative no-fee methods, and what Plaintiffs will receive in return – which Plaintiffs don't dispute. Mr. Cooper did not previously, and does not now, have any duty to affirmatively disclose any profit it earns from the Fees. It is not an unfair or deceptive practice for a merchant not to disclose its profits on the merchandise it sells, nor is it an unfair or deceptive practice for a mortgage servicer not to disclose profits associated with the fees it charges. The key inquiry for the purposes of this analysis is whether Mr. Cooper disclosed the amount of the fee to Plaintiffs and described what Plaintiffs would receive in return for paying the Fees so that Plaintiffs could make an informed decision whether to make a payment by phone.[8] Plaintiffs do not dispute that Mr. Cooper provided these disclosures and or that they voluntarily paid the Fees. Mr. Cooper's failing to disclose its profits from the Fees cannot and does not meet the definitions of an unfair or deceptive practice.[9]

---

[8] The Report's reliance on *Latman* is misplaced as that case analyzed *mandatory* fees. *Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699 (Fla. Dist. Ct. App. 2000); Objections at 13; Report at 12-13.

[9] An "unfair practice" is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *Lombardo v. Johnson & Johnson Consumer Cos., Inc.*, 124 F. Supp. 3d 1283, 1287 (S.D. Fla. 2015). "Deception" is an objective standard that occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment. *Id.*

IV.    **MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATLY PLEADED BREACH OF CONTRACT CLAIMS**

A.    **Plaintiffs failed to adequately allege breach of any specific provisions of their mortgage agreements.**

Plaintiffs have failed to adequately plead their FDCPA and FCCPA claims and, therefore, failed to adequately plead their derivative breach of contract claims.[10]  *See* Objections at 1-10; *supra* Sections I, II.  Additionally, as discussed above, both Plaintiff McFadden's and Plaintiff Wilson's mortgages expressly permit Mr. Cooper to charge fees in connection with Plaintiffs' default and any other fees not specifically prohibited, including the Fees.  *See supra* Section I.C.1.

Plaintiffs' Response addresses the Report's finding that the HUD fee lists are exclusive, but Plaintiffs ignore the critical fact that HUD guidelines and regulations list both permissive fees that a mortgagee "may collect" and fees that are expressly prohibited.  *See* 24 C.F.R. § 203.552(a) (mortgagees "may collect reasonable and customary fees and charges"); U.S. Dep't of Hous. and Urban Dev., *HUD Handbook 4000.1: Single-Family Housing Policy*, Section III(A)(1)(f)(C) at 560,  https://www.hud.gov/sites/documents/40001HSGH.PDF  (containing list of expressly prohibited fees, which does not include Pay-to-Pay Fees).  If the list of permissive fees were the exclusive fees that a mortgagee could charge, it would be incongruent for the guidelines to provide a separate prohibited fees list.  Such "Prohibited fees" would simply be proscribed by virtue of being absent on the permissive list.  But that is not how the HUD Handbook 4000.1 or the regulations work.

Mr. Cooper also disagrees with the Response's attempt to distinguish *Waddell*.  Response at 19.  *Waddell*'s core holding is that the mortgage instrument at issue, similar to Plaintiffs', does

---

[10] Plaintiff Wilson's claim that Mr. Cooper breached her mortgage agreement by virtue of violating the FDCPA is fatally defective as Plaintiff Wilson does not claim that the FDCPA applies to her servicing relationship with Mr. Cooper and, tellingly, Plaintiff Wilson is not a party to Count I of the Complaint alleging FDCPA violations.

not address the Fees specifically but that "it would have been easy to" prohibit them if desired by adding such language into the mortgage agreements. *Waddell*, 395 F. Supp. 3d at 685; Objections at 15. Plaintiffs' mortgage agreements are similarly silent regarding the pay-by-phone fees, and that is sufficient to conclude that Mr. Cooper did not breach the agreements by charging the fees. Other Courts have adopted *Waddell*'s position. *See Brown*, 2020 WL 7389407, at *5 (adopting Waddell's reasoning and collecting cases).

### B. Plaintiffs' claims are barred by the Voluntary Payment Doctrine.

The voluntary payment doctrine can be addressed at the motion to dismiss stage, and courts have routinely done so when appropriate, as here, given the sufficient facts to conclude the voluntariness of Plaintiffs' payments of the Fees. Objections at 17 (citing *Kuchenmeister v. HealthPort Techs., LLC*, 753 F. App'x 794, 798 (11th Cir. 2018); *Sanchez v. Time Warner, Inc.*, No. 98-211-CIV-T-26A, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998)). Plaintiffs' Response attempts to distinguish such situations by noting that dismissal is only appropriate in the "rare instances" where there are no facts alleged "to support deception or involuntariness," but this is the case here. Response at 21 (citing Report at 16, n.7).

Mr. Cooper strongly disagrees with the Report's conclusion that the voluntary payment doctrine does not apply because Mr. Cooper failed to disclose the amount of its profits from the Fees. Report at 16-17. As explained above, that is irrelevant to deceptiveness or voluntariness. *See supra* Section I.B; III.B. Plaintiffs were not deceived regarding the pay-by-phone service. Mr. Cooper fully informed Plaintiffs of the pay-by-phone service's cost, of the alternative no-fee methods, of what Plaintiffs' would receive and, with this information, Plaintiffs voluntarily *chose* to utilize the service for their own benefit. Further, Plaintiffs have continually failed to indicate how information regarding any alleged profit Mr. Cooper earns from the Fees, which Mr. Cooper is under no obligation to disclose, would have altered their decision-making process. To the

11

contrary, Plaintiffs had "full knowledge of all the [necessary] facts" regarding the transaction as it pertained to them – Plaintiffs agreed to pay the Fees at the stated price in exchange for making mortgage payments by phone or online while aware of no-fee payment alternatives. *Hassen v. Mediaone of Greater Fla., Inc.*, 751 So. 2d 1289, 1290 (Fla. Dist. Ct. App. 2000). *See also Sanchez*, 1998 WL 834345 at *2.

### C. Plaintiffs entered into a separate agreement with Mr. Cooper for the Pay-to-Pay Fees.

The Response views Mr. Cooper's position that the Fees arise out of a separate oral agreement with Plaintiffs as a "repackaged" version of its argument regarding the Fees being incidental to Plaintiffs' mortgage agreements. As such, Mr. Cooper objects to the Report's findings on this argument for the same reasons as discussed above. *See supra* Section I.B.

Regardless of the "repackaging" claim, the Response's reliance on *Techreations* is misplaced. The court there held that a contract was not formed because it lacked "the necessary detail, completeness, and coverage to stand on its own as an enforceable contract." *Techreations, Inc. v. Nat'l Safety Council*, No. 86 C 1399, 1986 WL 15077, at *5 (N.D. Ill. Dec. 24, 1986). In contrast, Plaintiffs orally agreed to Mr. Cooper's offer to process their mortgage payments over the phone in exchange for adequate consideration, the Fees. *See* Objections at 19. Under both Florida and D.C. law, the parties created separate oral agreements as there was an offer, acceptance of that offer, appropriate consideration, and sufficient specificity of the essential terms. Mot. to Dismiss at 20-21 (ECF Nos. 13, 14) (citing cases regarding Florida and D.C. common law contract elements). Plaintiffs' attempt to avoid this conclusion by arguing that it is Mr. Cooper's burden to prove the existence of the oral agreements and that it has failed to do so, but it is Plaintiffs' Complaint that alleges the facts sufficient to support the separate oral agreement in the first place.

*See* Compl. ¶¶ 61, 69, 83, ECF No. 1 (describing the Fees and Plaintiffs' voluntary use of the service).

Finally, the Response fails to explain how the "Borrower's Promise to Pay" provision in Plaintiffs' mortgage agreements do not suffice as evidence to show a separate oral agreement. Mot. to Dismiss Exs. 3-4 (ECF Nos. 13-3, 13-4).[11] ("Borrower's Promise to Pay"); Response at 23-24. The provision requires the borrower to make mortgage payments through one of the payment methods explicitly authorized therein – which does not include payment by phone. Any attempt to make a telephone payment, therefore, logically must have been authorized through a separate agreement. Mot. to Dismiss Exs. 3-4, ECF Nos. 13-3, 13-4 ("Borrower's Promise to Pay").

## V.    MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFF WILSON ADEQUATLY PLEADED VIOLATIONS OF THE D.C. MLBA

Plaintiffs argue that the Fees were misleading as required for an MLBA claim because Mr. Cooper collected profits in providing the pay-by-phone service.[12] Response at 24. However, as explained above, the simple fact that Mr. Cooper allegedly profited from the Fees does not make them misleading or indicate how Plaintiff Wilson would have acted differently had she been aware of Mr. Cooper's profits on the Fees. A reasonable consumer would surely opt to pay a nominal

---

[11] Documents that are integral to and referenced in the Complaint may properly be considered on a motion to dismiss. *See* Compl. ¶¶ 79, 93 (citing pre-suit demands), ECF No. 1. *See Washkoviak v. Student Loan Mkt'g Ass'n*, 900 A.2d 168, 178 (D.C. 2006); *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119–20 (D.D.C. 2011) ("[A] court does not consider matters outside the pleadings, but a court may consider on a motion to dismiss 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint . . . .'"); *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46–47 (D.D.C. 2009) (same); *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 662–63 (D.N.J. 2010) ("[I]t has been long established that 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" (internal citations omitted)).

[12] Additionally, as a threshold matter, Plaintiffs MLBA claim should fail because they failed to provide adequate pre-suit notice the claim, as discussed further below. *See infra* Section VII.B.

telephone payment fee rather than incur higher late fees or enter default, regardless of how that nominal fee was internalized by her loan servicer.

The Report's reliance on *Logan* is unpersuasive as that decision recognized that "a mere recitation of the very barest elements of the claim" is unsatisfactory. *Logan v. LaSalle Bank Nat. Ass'n*, 80 A.3d 1014, 1025-26 (D.C. 2013). Plaintiff Wilson's allegations fit this definition, only stating that she was misled or deceived by Mr. Cooper in failing to disclose its alleged profits from the Fees – despite having no obligation to do so – instead of explaining *how* this would have changed her behavior. *See* Response at 24 (Citing Compl. ¶¶ 92, 164-65, ECF No. 1).

## VI. MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFF WILSON ADEQUATELY PLEADED VIOLATIONS OF THE DCCPPA

### A. Mr. Cooper is not a "Merchant" under the DCCPPA.

Mr. Cooper was Plaintiffs' mortgage loan servicer and, as the Report correctly notes, the D.C. Court of Appeals "expressly refused" to hold that the DCCPPA applies to mortgage loan servicers. Report at 21; *Logan*, 80 A.3d at 1027. *See also Busby v. Capital One*, *N.A.*, 772 F. Supp. 2d 268, 280 (D.D.C. 2011) (dismissing DCCPPA claim where plaintiff failed to establish servicer was merchant, noting "[a]lthough the plaintiff notes that the [DC]CPPA applies to lenders in residential mortgage transactions . . . the plaintiff has alleged here that Capital One was not the lender and that its role in the lender-borrower relationship was limited to serving as the loan servicer, at best . . . ."). Despite this relevant precedent, the Report focuses on the services Mr. Cooper *must provide as Plaintiff's servicer* to claim that this places Mr. Cooper within the definition of Merchant. *See* Report at 21; Objections at 21; Response at 26. It is incongruent with the case law to exclude loan servicers from the DCCPPA yet permit a DCCPPA claim to continue for activities a mortgage loan servicer is required to undertake, such as "paying taxes and insurance for escrow accounts, modifying mortgages, and property preservation." Response at 27.

14

**B. Plaintiff Wilson failed to allege that the Fees were misleading under the DCCPPA.**

As a threshold matter, the Fees are not misleading and were not plausibly alleged to be. *See supra* Sections III.B, V.  Plaintiff Wilson voluntarily utilized Mr. Cooper's pay-by-phone service, and nowhere does the Complaint allege, nor could it, that Mr. Cooper misled her regarding the Fees.

Plaintiffs' Response echoes two of the Report's arguments.  First, Plaintiff Wilson argues that Mr. Cooper did not have the right to collect the Fees despite the fact that, as described above and in Mr. Cooper's Motion, the Fees violate neither her mortgage agreement nor the FDCPA. Response at 28; *supra* Section III.B; Mot. to Dismiss at 27-28, ECF Nos. 13, 14.  As such, charging the Fees cannot be an unlawful trade practice, regardless of the underlying costs or any profits earned by Mr. Cooper.  *See Waddell*, 395 F. Supp. 3d at 685 ("charging customers a fee for paying by phone is not unfair or deceptive . . . .[Defendant's] fee for an optional service that [plaintiff] chose for her convenience is not plausibly deceptive (i.e., capable of or tending to deceive) or unfair (i.e., immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.").

Second, Plaintiff Wilson argues that Mr. Cooper's failure to disclose its alleged profit on the Fees was "material."  Response at 30.  A fact is considered "material" under the DCCPPA if "a reasonable person would attach importance to its existence or non-existence *in determining their choice of action in the transaction*; or if the maker of the representation knows or has reasons to know that its recipient regards or is likely to *regard the matter as important in determining his or her choice of action. . .*."  Response at 28 (citing *Beck v. Test Maters Educ. Servs., Inc.*, 994 F. Supp. 2d 90, 94 (D.D.C. 2013)) (emphasis added).  In other words, Mr. Cooper earning a profit from the Fees would be material only if Plaintiffs would have acted differently knowing as much,

15

an element of the claim that Plaintiff Wilson has ignored.  She likely does so because, regardless

of how that nominal fee was internalized by her loan servicer, the pay-by-phone service is a benefit

for Plaintiffs that they knowingly and voluntarily utilized in exchange for the clearly disclosed

Fees.  A reasonable consumer would opt to pay such a nominal fee rather than incur higher late

fees or enter default, regardless of the profitability of the fee.

Plaintiffs rely on *Fort Lincoln,* but those defendants misrepresented an agreement with

plaintiff condominium owners that "substantially affect[ed] the use or maintenance" of their units.

*Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1072 (D.C. 2008).

This is plainly not the case with the Fees at issue here, as Plaintiffs' rights regarding their

mortgages were not affected in any way by the option to utilize the pay-by-phone service.

## VII.   MR. COOPER OBJECTS TO THE REPORT'S FINDING THAT PLAINTIFFS ADEQUATELY PLEADED UNJUST ENRICHMENT

### A.  Plaintiffs' pleading of unjust enrichment in the alternative is inappropriate.

The conduct comprising Plaintiffs' alleged unjust enrichment claims arises entirely out of

the parties' contractual borrower-servicer relationship, and therefore Plaintiffs cannot maintain

such a claim, in the alternative or otherwise.  Objections at 23; *Smith v. Rubicon Advisors, LLC*,

254 F. Supp. 3d 245, 249 (D.D.C. 2017) ("In general, a plaintiff cannot maintain an unjust

enrichment claim concerning an aspect of the parties' relationship that was governed by a

contract.").  *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1322 (S.D. Fla. 2014) (same).

Plaintiffs argue that *Kirchner* is unpersuasive because it does not address unjust enrichment

as an alternative theory of liability.  But the case's relevance is in its holding that an unjust

enrichment claim is inappropriate in the servicer-borrower relationship, similar to Plaintiffs' and

Mr. Cooper's.  *Kirchner v. Ocwen Loan Servicing, LLC*, 257 F. Supp. 3d 1314, 1324 (S.D. Fla.

2017), *appeal dismissed*, 2017 WL 5185306 (11th Cir. Sept. 21, 2017) (addressing a similar

situation where plaintiffs argued certain property inspection fees charged by loan servicer constituted unjust enrichment and court dismissed because "no question" express contract governed the case's subject matter).  As in *Kirchner*, Plaintiffs' claims arise solely from and are governed by contract – whether the mortgage agreements, notes, or separate oral agreements. Plaintiffs may not convert a contractual dispute into an equitable one, in the alternative or otherwise.  Objections at 23.  *In re Kachkar* is similarly instructive.  769 F. App'x 673, 681 (11th Cir. 2019) ("[Plaintiff's] claim for unjust enrichment fails because [under Florida law] an unjust-enrichment claim cannot lie where an express contract exists.").

### B.  Plaintiffs failed to adequately allege pre-suit notice.

Plaintiffs' rely on an overbroad reading of the notice and cure provisions in their mortgage agreements in an attempt to protect their MLBA and unjust enrichment claims due to the failure to provide adequate pre-suit notice on Mr. Cooper.  Response at 32.  Plaintiffs argue that only a general "notice of the 'alleged breach' [is required], not that they need to list out every potential cause of action."  Response at 32.  Yet, Plaintiffs deliberately referenced their FDCPA, FCCPA, FDUTPA, and DCCPPA claims in their pre-suit demand, evidencing an understanding of their pre-suit obligations.  Response at 32-33; Report at 26; Compl. ¶¶ 79, 93, ECF No. 1; Mot. to Dismiss Exs. 1-2, ECF Nos. 13-1, 13-2.  Plaintiffs' general reference to "restitution" does not provide the "sufficient detail" necessary to put Mr. Cooper on notice, nor can it serve as a catchall for any other claims Plaintiffs seek to bring against Mr. Cooper, including the unjust enrichment and MLBA claims.

*Henok* does not help Plaintiffs, as the plaintiffs in that case were provided notice of the core issue of the complaint, foreclosure.  *Henok v. Chase Home Fin., LLC*, 922 F. Supp. 2d 110, 118-19 (D.D.C. 2013) ("[Plaintiff] admits that he received the notice of foreclosure on February 18, 2010 . . . [and] [i]t alerted him that he had until March 24, 2010 before any foreclosure sale

would occur . . . .").  *Hill* similarly does not support Plaintiffs' position as, in that case, the relevant issue was whether the plaintiffs' unjust enrichment claims were subject to the plaintiffs' mortgage contract notice and cure provisions.  *Hill v. Nationstar Mortg. LLC*, No. 15-60106-CIV, 2015 WL 4478061, at *2-3 (S.D. Fla. July 2, 2015).  The court ultimately held that such claims were subject to the provisions, and therefore dismissed the claims for lack of pre-suit notice, because the claims were "entirely based on [plaintiffs'] mortgage contracts."  Notably, the *Hill* plaintiffs provided no notice of those claims and the court did not reach the issue as to how detailed such notice would need to be.

Finally, Plaintiffs' unjust enrichment claims are based entirely on conduct related to the parties' contractual borrower-servicer relationship and therefore bound by the pre-suit notice requirements in the mortgage agreements.  This is evidenced by the fact that, without the borrower-servicer relationship, there would be no opportunity for unjust enrichment as Plaintiffs' would not have the option to utilize the pay-by-phone service.  *See supra* Section VII.A; *Hill*, 2015 WL 4478061, at *3 ("Thus, regardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts . . . includ[ing] the unjust enrichment claim in this case, as the alleged enrichment was the alleged overcharging of property inspection fees pursuant to the terms of the mortgage contracts."); *Trevathan v. Select Portfolio Servicing, Inc.*, 142 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015) (dismissing claims including unjust enrichment and tortious interference with business relations where plaintiff failed to allege compliance with notice and cure provision in mortgage).

## **CONCLUSION**

Accordingly, for the reasons stated herein, Mr. Cooper respectfully objects to the identified portions of the Magistrate Judge's Report and Recommendation, and requests that its Motion to Dismiss be granted.

Date:  September 3, 2021

Respectfully Submitted,

BUCKLEY LLP

*/s/ Matthew P. Previn*

Matthew P. Previn (Bar No. 460228)
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
mprevin@buckleyfirm.com
(212) 600-2310

*Counsel for Defendant Nationstar*
*Mortgage LLC d/b/a Mr. Cooper*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 3rd day of September, 2021, I electronically filed the foregoing document with the Clerk of Court via ECF, which will send electronic notification of such filing to all counsel of record.


<u>*/s/ Matthew P. Previn*</u>
Matthew P. Previn
*Counsel for Defendant Nationstar*
*Mortgage LLC d/b/a Mr. Cooper*