**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

```
┌─────────────────────────────────────┐
│                                     │
│  JACKERLY MCFADDEN, et al.,         │
│                                     │
│              Plaintiffs,            │
│                                     │
│  v.                                 │
│                                     │
│  NATIONSTAR MORTGAGE LLC d/b/a      │
│  MR. COOPER,                        │
│                                     │
│              Defendant.             │
│                                     │
└─────────────────────────────────────┘
```

Civ. Action No. 20-166 (EGS)

<u>**MEMORANDUM OPINION**</u>

On January 22, 2020, Plaintiffs Jackerly McFadden and
Cassandra Wilson, acting on behalf of themselves and putative
class members, brought this action raising several claims
related to mortgage lender services provided by Defendant
Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Mr. Cooper"). *See*
Compl., ECF No. 1.[1] Magistrate Judge Zia M. Faruqui, having been
referred the case, issued a Report and Recommendation
recommending that this Court deny Mr. Cooper's pending motion to
dismiss in its entirety. *See McFadden v. Nationstar Mortgage
LLC*, No. 20-166, 2021 WL 3284794, at *1 (D.D.C. July 30, 2021).

Pending before the Court are Mr. Cooper's objections to the
Report and Recommendation ("R. & R."). *See* Def.'s Objections

---

[1] When citing electronic filings throughout this Opinion, the
Court cites to the ECF page number, not the page number of the
filed document.

("Objections"), ECF No. 44. Upon careful consideration of the R.
& R., the objections of both parties and opposition thereto, the
applicable law, and the entire record herein, the Court hereby
**ADOPTS** Magistrate Judge Faruqui's R. & R., *see* ECF No. 42, and
**DENIES** Defendant Mr. Cooper's motion to dismiss, *see* ECF No. 13.

## I. Background

Because a detailed factual background of the case is set
out in Magistrate Judge Faruqui's R. & R., the Court will not
reiterate it in full here. *See McFadden*, 2021 WL 3284794, at *1.
In brief, Plaintiffs allege that Mr. Cooper, in its role as a
national mortgage-loan servicer, created an illegal profit
center by collecting fees of between $14 and $19 ("Pay-to-Pay
Fees") each time a borrower made a mortgage payment over the
phone ("Pay-to-Pay Transactions"). *See id.* Meanwhile, a third-
party service operated by Western Union processed those payments
for an estimated $0.50. *See id.*

On January 22, 2020, Plaintiffs filed suit against Mr.
Cooper, alleging seven claims related to the Pay-to-Pay Fees:
(1) violation of the Federal Fair Debt Collection Practices Act
("FDCPA"); (2) violation of the Florida Consumer Collection
Practices Act ("FCCPA"); (3) violation of the Florida Deceptive
and Unfair Trade Practices Act ("FDUTPA"); (4) breach of
contract claims under Florida and D.C. common law; (5) violation
of the District of Columbia Mortgage Lender and Broker Act

("MLBA"); (6) violation of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"); and (7) unjust enrichment under Florida and D.C. common law. *See* Compl., ECF No. 1. Mr. Cooper filed a motion to dismiss for failure to state a claim on March 30, 2020. *See* Def.'s Mot. Dismiss, ECF No. 13. Pursuant to Local Civil Rule 72, this Court referred the case to a magistrate judge for full case management on October 13, 2020, *see* Min. Order (Oct. 13, 2020), and Magistrate Judge Faruqui issued his R. & R. on July 30, 2021, *see McFadden*, 2021 WL 3284794. Mr. Cooper timely filed his objections to the R. & R. on August 13, 2021. *See* Objections, ECF No. 44.

## II. Legal Standards

### A. Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." LCvR 72.3(b). A district court "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation omitted); *see also Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) ("[O]bjections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. District of Columbia*, No. 16-cv-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citing *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)) (internal quotation marks omitted).

**B. Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim

4

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)

(internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III. Analysis

### A. FDCPA

#### 1. The Court Reviews the R. & R.'s FDCPA Findings De Novo and for Clear Error

Mr. Cooper objects to Magistrate Judge Faruqui's findings that Plaintiffs have adequately alleged FDCPA violations. Objections, ECF No. 44 at 11.

First, Mr. Cooper argues that, contrary to Magistrate Judge Faruqui's conclusion, Plaintiff McFadden did not adequately allege that Mr. Cooper is a debt collector. Objections, ECF No. 44 at 11-12. Specifically, it contends that the allegation in the Complaint that "[a]t the time Cooper acquired the servicing rights, Ms. McFadden's mortgage was in default," does not satisfy the pleading requirements under *Iqbal*. *Id.* (quoting Compl., ECF No. 1 ¶ 67). Mr. Cooper makes no new arguments not presented in its motion to dismiss, other than to make the conclusory assertion that the magistrate judge "ignore[d]" a citation to *Iqbal* in distinguishing the case *Oya v. Wells Fargo Bank*, No. 3:18-cv-01999, 2019 WL 157802, at *3 (S.D. Cal. Jan. 9, 2019), against its favor. *Id.; see* Def.'s Mot. Dismiss, ECF

No. 13-1 at 27-28. Accordingly, this objection is reviewed for clear error, except to the extent that Mr. Cooper objects to the magistrate judge's interpretation of *Oya*. *See Houlahan*, 979 F. Supp. 2d at 88.

Second, Mr. Cooper objects to Magistrate Judge Faruqui's finding that the Pay-to-Pay Fees are "incidental" to the Plaintiffs' mortgage agreements because the Pay-to-Pay Fees "arise out of a separate agreement between the parties." Objections, ECF No. 44 at 12. The Court reviews this objection de novo.

Third, Mr. Cooper objects to the finding that the Pay-to-Pay Fees were not "expressly authorized by the agreement creating the debt." *Id.* at 14. It argues that two clauses in the mortgage agreement "expressly authorize" the fees at issue. *Id.* at 14-15. This argument is duplicative of its arguments in its motion to dismiss, *see* Def.'s Mot. Dismiss, ECF No. 13-1 at 28-29, and the Court shall review them under the clear error standard. Mr. Cooper also argues that the R. & R.'s "suggestion that each fee must be specifically listed to be permissible is counter to the plain language of the FDCPA" and that the R. & R. improperly places the burden to adequately plead an FDCPA claim on defendants. *Id.* at 15-16. These objections are properly before the Court and shall be reviewed de novo. *See* Local R. Civ. P. 72.3(b).

Fourth and finally, Mr. Cooper objects to the magistrate's finding that the Pay-to-Pay Fees are not permitted by law. Objections, ECF No. 44 at 16. Mr. Cooper notes that Plaintiffs have not identified any law that would prohibit the Pay-to-Pay Fees, and cites to *Johnson v. Riddle*, 305 F.3d 1107, 1117–18 (10th Cir. 2002), for the principle that an "FDCPA violation cannot lie unless a specific legal prohibition exists for a particular practice." *Id.* Mr. Cooper further argues that "several courts" have held that "a plaintiff may not 'opt in' to an FDCPA claim by paying fees that were voluntarily paid and reasonably avoidable," and claims that "the practice of offering additional fee-based payment services is commonplace in many facets of consumer banking and payments." Objections, ECF No. 44 at 16-17. However, these arguments merely reiterate what Mr. Cooper claimed in its motion to dismiss. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 29; Def.'s Reply, ECF No. 18 at 24.

### 2. The Court Overrules Mr. Cooper's FDCPA Objections

Pursuant to the FDCPA, it is unlawful for a debt collector to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). For the reasons stated below, the Court overrules Mr. Cooper's objections.

a.      "Debt Collector"

For purposes of the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mortgage-loan servicers are exempted from the FDCPA's definition of a "debt collector" when they acquire a loan that is not already in default. 15 U.S.C. § 1692a(6)(F)(iii). Magistrate Judge Faruqui found that Plaintiffs' allegation that "[a]t the time Cooper acquired the servicing rights, Ms. McFadden's mortgage was in default" provided the "requisite 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *McFadden*, 2021 WL 3284794, at *2 (quoting *Neild v. Wolpoff & Abramson, L.L.P.*, 453 F. Supp. 2d 918, 924 (E.D. Va. 2006)). The magistrate judge disagreed with Mr. Cooper's argument that additional facts were needed in order to meet the pleading standard, explaining that "courts, including in this District, only dismiss similar complaints if a 'Plaintiff does not allege that his account was in default.'" *Id.* (citing cases).

The Court does not find that Magistrate Judge Faruqui clearly erred in his determination. Despite Mr. Cooper's

arguments to the contrary, "the *Twombly-Iqbal* duo have *not* inaugurated an era of evidentiary pleading." *Hassan v. City of New York*, 804 F.3d 277, 295 (3d Cir. 2015) (quoting *Santana v. Cook Cnty. Bd. of Review*, 270 F.R.D. 388, 390 (N.D. Ill. 2010)). "Nor do 'factual allegations . . . become impermissible labels and conclusions simply because the additional factual allegations explaining and supporting the articulated factual allegations are not also included.'" *Id.* (citing *In re Niaspan Antitrust Litig.*, 42 F.Supp.3d 735, 753 (E.D. Pa. 2014) (internal quotation marks omitted)). "[T]he collection of evidence is the object of discovery," *id.*, particularly where, as here, Plaintiffs claim the details regarding Mr. Cooper's acquisition of the debt in question are in Mr. Cooper's control, Pls.' Response, ECF No. 45 at 14. And as Magistrate Judge Faruqui noted, it is not unusual for courts to consider the debt collector question at the summary judgment stage. *McFadden*, 2021 WL 3284794, at *2 n.1.

Moreover, while Mr. Cooper's argument relies almost exclusively on *Oya*, 2019 WL 157802, at *3, this case is not binding on this Court. The Court agrees with Magistrate Judge Faruqui's conclusion that the *Oya* court's requirement that a plaintiff include additional "factual allegations"—beyond a statement that an account was acquired while in default—"would run contrary to the liberal notice pleadings requirements."

*McFadden*, 2021 WL 3284794, at *2 n.1. The Court therefore overrules Mr. Cooper's objection. *See, e.g.*, *Moses v. The Law Off. Of Harrison Ross Byck*, 2009 WL 2411085, *3 (M.D. Pa. Aug. 4, 2009) (finding allegations that defendant "was engaged in the business of debt collection, acquired the purported debt after it was in default, and enlisted DBG and the Law Office to collect the debt" sufficient at motion to dismiss stage).

### b.    Fees Incidental to the Mortgage Agreements

The Court next reviews Magistrate Judge Faruqui's R. & R. with regard to Mr. Cooper's objection that the Fees "are incidental to Plaintiffs' mortgage agreements." Objections, ECF No. 44 at 4.

As the R. & R. explained, "[t]o establish a § 1692f(1) violation, a plaintiff 'must show that the money demanded of her was incidental to a claimed debt.'" *McFadden*, 2021 WL 3284794, at *3 (quoting *Longo v. L. Offs. of Gerald E. Moore & Assocs., P.C.*, No. 04-cv-5759, 2005 WL 8153247, at *3 (N.D. Ill. Feb. 3, 2005)). Magistrate Judge Faruqui noted that case law was split on the question of whether pay-to-pay fees are "incidental" to the debt when borrowers are given other, fee-free options. *Id.* However, the magistrate judge was persuaded by the position taken by the "majority of courts" that "convenience fees derived from debt-payment methods are 'incidental' to the debt being

paid." *Id.* (quoting *Caldwell v. Freedom Mortg. Corp.*, No. 19-cv-2193, 2020 WL 4747497, at *3 (N.D. Tex. Aug. 14, 2020)).

Ultimately, Mr. Cooper's objection amounts to disagreement with Magistrate Judge Faruqui's decision to find that the "majority" position was more persuasive than the minority position. *See* Objections, ECF No. 44 at 14. But in view of the overwhelming amount of well-articulated case law agreeing with the R. & R.'s analysis, the Court also "finds that the pay-to-pay fees in this case are 'incidental' to the underlying debt." *Dees v. Nationstar Mortg., LLC*, 496 F. Supp. 3d 1043, 1047 (S.D. Tex. 2020) (collecting cases); *see, e.g.*, *Lembeck v. Arvest Cent. Mortg. Co.*, 498 F. Supp. 3d 1134, 1136 (N.D. Cal. Nov. 3, 2020) (denying motion to dismiss and rejecting argument that pay-to-pay fee was not incidental to principal obligation); *Wittman v. CB1, Inc.*, No. 15-cv-105, 2016 WL 1411348, at *1, 5 (D. Mont. 2016) (following "the majority of courts [that] have found that similar transaction fees are incidental"); *Weast v. Rockport Fin.*, 115 F. Supp. 3d 1018, 1023 (E.D. Mo. 2015) ("Offering a payment option that does not violate the statute does not save offering a payment option that would violate the statute, as the latter is still an attempt to collect a fee which is prohibited."); *Quinteros v. MBI Assocs.*, Inc., 999 F. Supp. 2d 434, 437-39 (E.D.N.Y. 2014) ("What matters is § 1692(f)(1)'s plain instruction that the collection of any amount

12

incidental to the principal obligation . . . violates the FDCPA."); *Shami v. Nat'l Enter. Sys.*, No. 09-cv-722, 2010 WL 3824151, at *3-4 (E.D.N.Y. Sept. 23, 2010) (holding pay-to-pay fees were "incidental to Plaintiff's purported actual debt" prohibited by § 1692f(1)). As Judge Faruqui noted, "[i]t is immaterial that the fee was optional and fully disclosed if the fee is impermissible altogether." *McFadden*, 2021 WL 3284794, at *3 (citations omitted).

### c.     Fees Expressly Authorized by Agreement

Having decided that the Pay-to-Pay Fees are incidental to the underlying debt, the Court next turns to whether the fees were authorized by agreement because "[i]t is unlawful for a debt collector to collect a fee incidental to the principal obligation 'unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" *McFadden*, 2021 WL 3284794, at *3-4 (quoting 15 U.S.C. § 1692f(1)).

Two clauses in the parties' mortgage agreements are at issue regarding whether the agreements authorized the Pay-to-Pay Fees. The provision in a paragraph titled "Loan Charges" provided:

> *Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument*, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to

> *any other fees*, the absence of express
> authority in this Security Instrument to
> charge a specific fee to Borrower shall not be
> construed as a prohibition on the charging of
> such fee. Lender may not charge fees that are
> expressly prohibited by this Security
> Instrument or by Applicable Law.

*Id.* at *4 (emphasis added).

In finding that the above language did not "expressly" authorize the fees in question, the magistrate judge noted that *Black's Law Dictionary* defines "express" to mean "clear; definite; explicit; plain . . . [m]ade known distinctly and explicitly, and not left to inference." *Id.* (quoting *Johnson v. Ashcroft*, 286 F.3d 696, 702 (3d Cir. 2002)). Magistrate Faruqui concluded that the above provision created an "inference as to the specific fees that it authorizes" but it did not "*explicitly* name third-party payment processor fees or even a larger umbrella under which such fees would fall." *Id.* In addition, "[a]lthough there is a dearth of case law, at least one court has found that a complaint plausibly alleged a FDCPA violation when 'the underlying contract [did] not authorize the [phone payment convenience] fee and the debt collector receive[d] all or some of the fee.'" *Id.* (quoting *McWhorter v. Ocwen Loan Serv., LLC*, No. 2:15-cv-1831, 2017 WL 3315375, at *7 (N.D. Ala. Aug. 3, 2017)).

The Court agrees with the reasoning in the R. & R., particularly in view of the fact that the above provision in the

14

mortgage agreement indeed "explicitly" authorizes other fees by name, including "attorneys' fees, property inspection and valuation fees." *Id.* Other than repeating the words of the statute, Mr. Cooper cites no authority in support of his argument that a finding that "each fee must be specifically listed to be permissible is counter to the plain language of the FDCPA." Objections, ECF No. 44 at 15. Rather, as Magistrate Faruqui pointed out, "[a]s remedial legislation, the FDCPA must be broadly construed in order to give full effect" to Congress's intent to "eliminat[e] abusive practices in the debt collection industry, and also . . . to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Id.* (citing *Jacobson v. Healthcare Fin. Servs.*, Inc., 516 F.3d 85, 89 (2d Cir. 2008); *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014)). Allowing a catch-all provision as the one above to permit convenience fees would run afoul of this intent. *See McWhorter*, 2017 WL 3315375, at *7 ("Ocwen has presented, and the Court has found, no controlling case law holding that an additional fee does not violate the FDCPA when, as here, the underlying contract does not authorize the fee and the debt collector receives all or some of the fee.").

Mr. Cooper argues, however, that the case *Beer v. Nationstar Mortg. Holdings, Inc.*, No. 14-cv-13365, 2015 WL

13037309, at *3 (E.D. Mich. July 15, 2015), supports his argument. In *Beer*, the district court held that the plaintiff had not adequately alleged a breach of contract claim because the plaintiff had "fail[ed] to identify a contractual provision prohibiting the alleged 'unnecessary fees and costs'" and the mortgage agreement had provided that "the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee." 2015 WL 13037309, at *3. Here, however, unlike in *Beer*, "[t]he FDCPA . . . does not require Plaintiffs to identify any provision at all (let alone specific prohibitions); rather, all that is needed is the absence of a provision expressly authorizing a fee." *McFadden*, 2021 WL 3284794, at *5. Although Mr. Cooper argues that such a reading "attempts to flip Plaintiffs' burden to adequately plead that the Fees are not expressly authorized onto Mr. Cooper by holding that Mr. Cooper did not specifically identify such an authorizing provision," Mr. Cooper is mistaken. Objections, ECF No. 44 at 16. Instead, it is a mere acknowledgement of the plain terms of the statute: while the *Beer* court required a successful breach of contract claim to identify a provision prohibiting the alleged fees, the FDCPA requires a provision "expressly authoriz[ing]" the fees in order to find the fees lawful. *See* § 1692f(1) (also allowing incidental fees "permitted by law").

16

Thus, under the FDCPA, if the plaintiff plausibly alleges an absence of a provision, then the claim may proceed.

In view of the clear language of the statute, the Court therefore overrules Mr. Cooper's objections with respect to the provisions in the mortgage agreement.

### d.    Fees Permitted by Law

Finally, Mr. Cooper objects to the R. & R.'s finding that the Pay-to-Pay Fees are not permitted by law. Objections, ECF No. 44 at 16-17.

Under the second exception to Section 1692f(1), Mr. Cooper may only collect fees if they are "permitted by law." 15 U.S.C. § 1692f(1). The R. & R. found that the fees were not permitted by law, stating the following:

> "If state law expressly permits service charges, a service charge may be imposed even if the contract is silent on the matter; [i]f state law expressly prohibits service charges, a service charge cannot be imposed even if the contract allows it; [but if] state law neither affirmatively permits nor expressly prohibits service charges, a service charge can be imposed only if the customer expressly agrees to it in the contract." *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999). "[T]he word 'permitted' requires that [Cooper] identify some state statute which 'permits,' i.e. authorizes or allows, in however general a fashion, the fees or charges in question." *McWhorter*, 2017 WL 3315375, at *7 (quoting *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1368 (E.D. Cal. 1995)). Cooper fails to do so, likely because Pay-to-Pay fees are not expressly permitted by relevant state

> law, let alone the FDCPA. *See generally* Def.'s
> MTD.

*McFadden*, 2021 WL 3284794, at *5.

In explaining that "[i]f state law neither affirmatively permits nor expressly prohibits service charges, a service charge can be imposed only if the customer expressly agrees to it in the contract," the United States Court of Appeals for the Second Circuit in *Tuttle* relied on the language of § 1692f(1) and the Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Fed. Trade Comm'n 1988). *See Tuttle*, 190 F.3d at 13. And here, the mortgage agreements do not expressly authorize the Pay-to-Pay Fees and Mr. Cooper has not persuasively shown that such fees are permitted under state law. Accordingly, the Court finds no clear error in the R. & R. *See Quinteros*, 999 F. Supp. 2d at 437 (holding that Quinteros could make out a claim under § 1692f(1) by establishing that the processing fee was not expressly authorized by the contract underlying the debt or otherwise permitted by New York law); *Shami*, 2010 WL 3824151, at *2 (noting that the defendant did not "assert that the transaction fees described in the Collection Letter were expressly authorized by the underlying agreement creating the debt" or that the fees were "otherwise permitted by New York law," and concluding that the plaintiff had stated a claim under § 1692f(1)); *see also McCollough v. Johnson,*

18

*Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. 2011)
(upholding district court's grant of summary judgment on a
section 1691f claim in favor of the plaintiff where defendant
failed to introduce evidence the contract explicitly authorized
the fee); *Lindblom*, 2016 WL 2841495, at *6 (holding that the
"only inquiry" is "whether the amount collected was expressly
authorized"); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1080
(E.D. Cal. 2008) (holding that "to establish that a particular
fee does not violate § 1692f(1), the debt collector must
identify a state law that authorizes the fee").

In view of the above, the Court overrules Mr. Cooper's
objections regarding Plaintiffs' FDCPA claim.

**B. FCCPA**

**1. The Court Review the R. & R.'s FCCPA Findings De Novo**

Mr. Cooper also objects to the magistrate's finding that
Plaintiffs adequately alleged that Mr. Cooper had "actual
knowledge" that it did not have a right to collect the Pay-to-
Pay Fees. Objections, ECF No. 44 at 17. Mr. Cooper's arguments
are mostly a rehashing of its arguments presented in the motion
to dismiss. It reiterates its arguments that the circumstantial
evidence presented in the Complaint is insufficient to show
actual knowledge, that alleging that a creditor should have
known a debt was illegitimate is also insufficient, and that
Florida courts have routinely granted motions to dismiss on

these grounds. *Compare id.*, *with* Def.'s Mot. Dismiss, ECF No. 13-1 at 31-32, *and* Def.'s Reply Supp. Mot. Dismiss, ECF No. 18 at 25-26. However, because Mr. Cooper also takes issue with Magistrate Judge Faruqui's reliance on the case *Blake v. Seterus, Inc.*, No. 16-21225-CIV-JLK, 2017 WL 543223 at *3 (S.D. Fla. Feb. 9, 2017), and the magistrate judge's finding that Mr. Cooper's role as a "large mortgage servicer" provided support for Plaintiffs' claim, the Court shall review these objections de novo.

### 2. The Court Overrules Mr. Cooper's FCCPA Objections

The FCCPA forbids a party from claiming or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The use of the word "knows" requires actual knowledge of the impropriety or overreach of a claim. Magistrate Judge Faruqui found that whether a defendant possessed "actual knowledge" that it did not have a legal right to charge Pay-to-Pay Fees "is a factual question that typically should not be addressed in a 12(b)(6) motion to dismiss." *McFadden*, 2021 WL 3284794, at *5. Rather, a plaintiff need only allege circumstantial facts to demonstrate an FCCPA violation at this stage, and here, "[t]here are sufficient circumstantial facts that [Mr.] Cooper had actual knowledge that it did not

have a right to charge Pay-to-Pay fees." *Id.* at *6. Mr. Cooper objects to both conclusions. *See* Objections, ECF No. 44 at 17-18.

First, the Court agrees that, "at the dismissal stage[,] . . . Plaintiff [need] only allege circumstantial facts to demonstrate Defendant's actual knowledge of an FCCPA violation." *McFadden*, 2021 WL 3284794, at *5 (quoting *Blake v. Seterus, Inc.*, No. 16-cv-21225, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017)); *see also Blake*, 2017 WL 543223, at *3; *Williams v. Educ. Credit Mgmt. Corp.*, 88 F. Supp. 3d 1338, 1347-48 (M.D. Fla. 2015); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). Mr. Cooper cites to two cases in support of his argument that "Florida courts have routinely granted motions to dismiss based on a failure to plead actual knowledge." Objections, ECF No. 44 at 18 (citing *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011); *In re Lamb*, 409 B.R. 534, 541-42 (Bankr. N.D. Fla. 2009)). However, these cases ultimately do not support his position. In *In re Lamb*, the plaintiff had merely alleged that "[defendants] knew that they did not have a right to garnish [Plaintiff's] wages." 409 B.R. at 541. And in *Bentley*, the plaintiff had "simply [made] the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques,' without any specific factual allegations

as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist." 773 F. Supp. 2d at 1373. Even at the standard articulated by Magistrate Judge Faruqui, such statements would be insufficient to adequately allege an FCCPA claim.

Second, the Court finds that Plaintiffs have alleged sufficient facts to state a FCCPA claim at this stage of litigation. Magistrate Judge Faruqui found that Plaintiffs had alleged sufficient facts in the Complaint that Mr. Cooper had actual knowledge that it did not have a right to charge Pay-to-Pay Fees. *McFadden*, 2021 WL 3284794, at *6. Specifically, he noted that: (1) "[a]s one of the nation's largest mortgage-loan servicers, which includes thousands of Florida mortgages, Cooper should be aware of the requirements of Florida debt collection laws," *id.* (citing Compl., ECF No. 1 ¶ 2; *Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019)); (2) Mr. Cooper had serviced loans subject to the uniform terms of borrowers' mortgages, which did not include pay-to-pay fees, and the mortgage agreement did not permit such fees, *id.* (citing Compl., ECF No. 1 ¶ 2); and (3) Mr. Cooper had "repeatedly" collected such fees from thousands of borrowers nationwide, *id.* (quoting Compl., ECF No. 1 ¶ 1; *Dees v. Nationstar Mortg., LLC*, 496 F. Supp. 3d 1043, 1051 (S.D. Tex. 2020)).

Mr. Cooper argues that Plaintiffs simply "track[ed] the
language of the FCCPA" in alleging that it "'attempted to
enforce, claimed, and asserted a known non-extent legal right to
a debt' in violation of the FCCPA." Objections, ECF No. 44 at 17
(quoting Compl., ECF No. 1 ¶ 121). Though this is indeed an
allegation Plaintiffs included in its FCCPA-specific section
regarding the claimed violation, Plaintiffs expressly
"incorporated by reference" all of the preceding paragraphs of
the Complaint as well. *See* Compl., ECF No. 1 ¶¶ 117-123. Thus,
Plaintiffs allege more than just the one sentence Mr. Cooper
points out. Moreover, as explained above, at a motion to dismiss
stage, the evidentiary threshold is lower because the parties
have not yet conducted discovery in the case. Viewing the facts
in the light most favorable to the Plaintiffs at this early
stage, particularly the allegations noted by Magistrate Judge
Faruqui, the Court concludes that Plaintiffs adequately pled
that Defendant knowingly violated the FCCPA. *See, e.g.*, *Blake*,
2017 WL 543223, at *3 (finding sufficient evidence at motion to
dismiss stage where plaintiff had alleged that "it was
Defendant's regular practice to include unincurred, estimated
costs in the reinstatement amount, despite that the Mortgage
Agreement and Servicing Guidelines prohibit the such conduct").
And although Mr. Cooper argues that "[m]erely alleging that a
creditor should have known a debt was illegitimate is

insufficient," Objections, ECF No. 44 at 17, the case he relies upon was decided under a motion for summary judgment standard, not a motion to dismiss standard, *Cornette v. I.C. System, Inc.*, 280 F. Supp. 3d 1362, 1371 (S.D. Fla. 2017).

In view of the above, the Court overrules Mr. Cooper's objections.

**C. FDUTPA**

### 1. The Court Reviews the R. & R.'s FDUTPA Findings De Novo and for Clear Error

Mr. Cooper makes three objections to the R. & R.'s findings that Plaintiffs adequately pled FDUTPA violations. Objections, ECF No. 44 at 18. First, Mr. Cooper argues that "Plaintiffs failed to adequately allege violations of the FCCPA, and therefore Mr. Cooper objects to the Report's findings that such allegations can serve as a predicate for per se violations of the FDUTPA." *Id.* Mr. Cooper cites back to his arguments in his motion to dismiss briefing to support this argument, and therefore the Court reviews this objection for clear error because it "simply reiterates his original arguments." *Houlahan*, 979 F. Supp. 2d at 88. Second, Mr. Cooper argues that Plaintiffs failed to adequately allege any plausible facts supporting their claim that Mr. Cooper engaged in unfair or deceptive practices regarding the Pay-to-Pay Fees. Objections, ECF No. 44 at 19. Third, it disputes the R. & R.'s finding that whether a charge

24

is unfair or deceptive is a question of fact for the jury. *Id.*
at 21. The Court shall review the second and third objections de
novo. *See Means v. District of Columbia*, 999 F. Supp. 2d 128,
132 (D.D.C. 2013).

### 2. The Court Overrules Mr. Cooper's FDUTPA Objections

Mr. Cooper first asserts that "Plaintiffs failed to
adequately allege violations of the FCCPA, and therefore Mr.
Cooper objects to the Report's findings that such allegations
can serve as a predicate for per se violations of the FDUTPA."
Objections, ECF No. 44 at 18. As stated in Section III.B.2, the
Court has concluded that Magistrate Judge Faruqui did not err in
finding that Plaintiffs' FCCPA allegations sufficiently
established Mr. Cooper's actual knowledge at this stage of the
litigation. Because the Court finds that the FCCPA claim has not
failed, there is therefore no clear error in the R. & R.
regarding this issue.

With respect to the traditional FDUTPA violation based on a
deceptive act or unfair practice, such a violation involves
"unfair or deceptive acts or practices in the conduct of any
trade or commerce." Fla. Stat. § 501.204(1). "A deceptive
practice is one that is 'likely to mislead' consumers." *Rollins,
Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d Dist. Ct. App.
2006) (quoting *Davis v. Powertel*, Inc., 776 So. 2d 971, 974
(Fla. 1st Dist. Ct. App. 2000)). Likelihood to mislead is based

on how a "consumer acting reasonably in the circumstances" would respond. *Maor v. Dollar Thrifty Auto. Grp., Inc.*, No. 15-cv-22959, 2018 WL 4698512, at *6 (S.D. Fla. Sept. 30, 2018) (quoting *Carriuolo v. General Motors Co.*, 823 F.3d 977, 983–84 (11th Cir. 2016)). "An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rollins*, 951 So. 2d at 869 (quoting *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th Dist. Ct. App. 2001)) (cleaned up).

With the above standard in mind, the magistrate judge concluded that "[a] mortgage-loan servicer '[s]ecretly retaining money from every 'processing fee' [the defendant] charges consumers instead of passing the entire fee to a third-party payment processor,'" as is the case alleged here, "constitutes an unfair and deceptive practice." *McFadden*, 2021 WL 3284794, at *6 (quoting *Alvarez*, 2020 WL 5514410, at *4, *6). Because Plaintiffs' Complaint included an allegation describing such a scheme, it was sufficient to meet the pleading burden on a motion to dismiss. *Id.* "Moreover, it is 'a question of fact for a jury' whether the 'pass-through charge,' leaving $0.50 with the third-party processor and $13.50 surreptitiously with Cooper, is a deceptive practice." *Id.* (quoting *Coleman v. CubeSmart*, 328 F. Supp. 3d 1349, 1364 (S.D. Fla. 2018)).

Mr. Cooper objects to both findings. As Mr. Cooper notes, the courts are divided on this issue. Def.'s Reply, ECF No. 46 at 15. On the one hand, Mr. Cooper cites to *Waddell v. U.S. Bank National Association*, 395 F. Supp. 3d 676, 685 (E.D.N.C. 2019), and *Brown v. Loancare, LLC*, No. 3:20-cv-00280-FDW-DSC, 2020 WL 7389407, at *5 (W.D.N.C. Dec. 16, 2020), in support of his argument that convenience fees that are disclosed to the consumer are not considered a "deceptive act or unfair practice" under the FDUTPA. *See* Objections, ECF No. 44 at 19; Def.'s Reply, ECF No. 46 at 15. In *Waddell*, the court found in the alternative that the "practice of charging customers a fee for paying by phone is not unfair or deceptive under" a statute substantially similar to the FDUTPA. 395 F. Supp. 3d at 685. And in *Brown*, another North Carolina district court case, the court relied on *Waddell* in similarly holding that the plaintiff did not state a claim because she had "exercised her option to pay her mortgage either by phone or online. It is not plausible that charging a fee for an optional service, particularly when [p]laintiff had alternative means of payment, is unfair or deceptive." 2020 WL 7389407, at *5.

On the other hand, however, are a line of cases standing for the principle that failure to disclose who is getting the majority of a fee can constitute deception. *See, e.g.*, *Quinteros*, 999 F. Supp. 2d at 439 (finding the "'least

27

sophisticated consumer' would likely be deceived by the
Processing Fee Statement into believing that Defendant was
legally entitled to collect the five-dollar fee. Indeed, even a
shrewd consumer would be unlikely to question the legality of a
seemingly reasonable five-dollar processing fee, much less turn
to the statute books"); *Shami*, 2010 WL 3824151, at *4 (finding
that because plaintiff stated a claim for unconscionable means,
she also stated a claim for false representation because the
letter represented the transaction fees were permissible).

This is a close question, but ultimately the Court is more
persuaded by the line of cases cited by Plaintiffs. Although Mr.
Cooper argues that both *Waddell* and *Brown* are directly on point
and should control the case here, neither addresses the question
of whether an entity's "concealment that it keeps the vast
majority of each fee," even if the fee is voluntary, is "unfair"
or "deceptive" under the FDUPTA. Pls.' Response, ECF No. 45 at
24; *see also McFadden*, 2021 WL 3284794, at *7 ("Plaintiffs are
not arguing that they were unaware that they were paying a fee.
Rather, they plausibly argued deception by Cooper in concealing
who was getting the vast majority of the Pay-to-Pay fee."].
Here, even if the Court accepts that voluntary convenience fees
in general are not unfair or oppressive, the fact that Mr.
Cooper kept over 90 percent of the fees at issue is a
significant factor in the analysis. *Cf. Latman v. Costa Cruise*

28

*Lines, N.V.*, 758 So. 2d 699 (Fla. 3d Dist. Ct. App. 2000) ("We therefore conclude that where the cruise line bills the passenger for port charges but keeps part of the money for itself, that is a deceptive practice under FDUTPA. Reliance and damages are sufficiently shown by the fact that the passenger parted with money for what should have been a 'pass-through' port charge, but the cruise line kept the money."); *Coleman*, 382 F. Supp. 3d at 1365 ("Here, Coleman adequately states a deceptive representation sufficient to satisfy the first element of a FDUTPA claim. A consumer could reasonably conclude, based on both the express representations and what was not said, that CubeSmart would retain only the portion for its expenses, a conclusion that is factually incorrect under the allegations of the Complaint."). Moreover, even if the issue of whether a practice is unfair or deceptive is a question of law, rather than a question of fact, the Court finds that a "'pass-through charge,' leaving $0.50 with the third-party processor and $13.50 surreptitiously with Cooper" is likely to mislead. *See* Fla. Stat. § 501.202 (stating that FDUPPTA should be "construed liberally to promote" its purposes, which includes "[t]o protect the consuming public").

Accordingly, the Court overrules Mr. Cooper's objections with respect to FDUTPA.

**D. Breach of Contract Under Florida and D.C. Law**

    **1. The Court Reviews the R. & R.'s Breach of Contract Findings De Novo and for Clear Error**

Mr. Cooper makes multiple objections to the R. & R.'s finding that Plaintiffs adequately pled state law breach of contract claims. Objections, ECF No. 44 at 21.

Mr. Cooper first objects that both Plaintiffs' mortgages "expressly permit" it to charge the Pay-to-Pay Fees. *Id.* This objection is reviewed for clear error because it is duplicative of Mr. Cooper's arguments in its motion to dismiss briefing. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 14.

Mr. Cooper also objects to the finding in the R. & R. that Ms. Wilson adequately pled breach of her mortgage agreement due to alleged violations of the FDCPA and guidelines issued by the Fair Housing Administration and the Department of Housing and Urban Development. Objections, ECF No. 44 at 22. It argues that (1) "Plaintiff Wilson's mortgage expressly permits Mr. Cooper to charge fees in connection with Plaintiff's default 'for the purpose of protecting [its] interest in the Property and rights under this Security Instrument,' including the Pay-to-Pay Fees"; (2) "the [R. & R.] incorrectly posits that 'HUD's fee lists are exclusive and preclude a lender from charging unauthorized fees'"; and (3) "Plaintiff Wilson has no independent standing to enforce the FHA/HUD guidelines." *Id.* Each of these arguments

30

were raised in its motion to dismiss and are thus reviewed for clear error. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 14-19; Def.'s Reply, ECF No. 18 at 9-16.

Next, Mr. Cooper objects to the magistrate judge's findings that "the voluntary payment doctrine is not a proper basis for dismissal, and that plaintiffs did not have full knowledge of the facts when using Mr. Cooper's pay-by-phone service to make their mortgage payments." Objections, ECF No. 44 at 23-24. Again, this objection "simply reiterates [its] original arguments," *Houlahan*, 979 F. Supp. 2d at 88, and the Court therefore reviews this for clear error.

Finally, Mr. Cooper objects to the finding in the R. & R that "Plaintiffs' oral agreements with Mr. Cooper to pay the Fees did not form a separate contract." Objections, ECF No. 44 at 26. The Court reviews de novo Mr. Cooper's objection that the magistrate judge misread a case he relied upon in his ruling, *Techreations, Inc. v. National Safety Council*, No. 86-C-1399, 1986 WL 15077, at *5 (N.D. Ill. Dec. 24, 1986). Mr. Cooper's general arguments that the parties' agreement constitutes a separate oral agreement and that the payment terms included in the mortgage agreement are evidence of that separate agreement are reviewed for clear error because they are the same arguments Mr. Cooper included in its motion to dismiss. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 20-22.

### 1. The Court Overrules Mr. Cooper's Objections Regarding the Breach of Contract Findings in the R. & R.

#### a. Provisions of the Mortgage Agreement

First, because Ms. McFadden's Florida mortgage agreement provides that the "[l]ender may not charge fees that are expressly prohibited by this Security Instrument or Applicable Law," Magistrate Judge Faruqui found that Plaintiffs had demonstrated a plausible breach of contract claim because their FDCPA and FCCPA claims were viable. *McFadden*, 2021 WL 3284794, at *7. The Court finds no clear error in the magistrate judge's reasoning, and Mr. Cooper's conclusory objection provides no specific reason to do so. As described in Section III.A.2, the mortgage agreement did not "expressly" permit Mr. Cooper to charge Pay-to-Pay Fees.

Next, regarding Ms. Wilson's D.C. mortgage agreement, Magistrate Judge Faruqui determined that Plaintiff had adequately pled a breach of her mortgage agreement because she alleged that Mr. Cooper violated the FDCPA and guidelines issued by the Fair Housing Administration ("FHA") and the Department of Housing and Urban Development ("HUD"), which were incorporated by reference in paragraph 13 of the agreement. *McFadden*, 2021 WL 3284794, at *7-8. The magistrate judge noted that the HUD Handbook establishes which fees are authorized, and that the fee lists "are exclusive and preclude a lender from charging

32

unauthorized fees." *Id.* at *8. Moreover, the HUD Handbook permitted the collection of fees if they are "reasonable and customary for the local jurisdiction" and "based on actual cost of the work performed or actual out-of-pocket expenses." *Id.* The only way a lender can collect any fee "not specifically mentioned in" the HUD regulations or HUD Handbook is to affirmatively seek approval from the Secretary. *Id.* Magistrate Faruqui found that, because Pay-to-Pay Fees were not authorized in the HUD Handbook or separately approved by the Secretary, and because Ms. Wilson had plausibly alleged that the fees did not represent actual costs, her breach of contract claim was viable. *Id.*

Mr. Cooper objects to this finding because (1) "Plaintiff Wilson's mortgage expressly permits Mr. Cooper to charge fees in connection with Plaintiff's default 'for the purpose of protecting [its] interest in the Property and rights under this Security Instrument,' including the Pay-to-Pay Fees"; (2) "the [R. & R.] incorrectly posits that 'HUD's fee lists are exclusive and preclude a lender from charging unauthorized fees'"; and (3) "Plaintiff Wilson has no independent standing to enforce the FHA/HUD guidelines." Objections, ECF No. 44 at 22.

Regarding the first objection, again, this Court explained in Section III.A.2 that the mortgage agreement did not

"expressly" permit Mr. Cooper to charge Pay-to-Pay Fees. This
objection is therefore overruled.

Regarding the second objection, the Court agrees with Mr.
Cooper that the language in the HUD Handbook and in 24 C.F.R. §
203.552(a) may lead to the conclusion that the HUD Handbook and
regulations list both permissive fees that a mortgagee "may
collect" and fees that are expressly prohibited. *See* 24 C.F.R. §
203.552(a) ("The mortgagee *may collect* reasonable and customary
fees and charges from the mortgagor after insurance endorsement
only as provided below." (emphasis added)); U.S. Dep't of Hous.
and Urban Dev., HUD Handbook 4000.1: Single-Family Housing
Policy, Section III(A)(1)(f)(C) at 560,
https://www.hud.gov/sites/documents/40001HSGH.PDF (listing
expressly prohibited fees, not including Pay-to-Pay Fees). Yet
at the same time, the HUD Handbook states that "[a]ll fees *must
be*: reasonable and customary for the local jurisdiction; [and]
*based on actual cost of the work performed* or actual out-of-
pocket expenses and not a percentage of either the face amount
or the unpaid principal balance of the Mortgage." HUD Handbook §
III.A.1.f.ii(A) (emphasis added). Because "[t]here is no dispute
that the 'Pay-to-Pay fees . . . exceed [Mr. Cooper's] out-of-
pocket costs by several hundred percent," and Plaintiff Wilson
has alleged that the Pay-to-Pay Fees do not "represent actual
costs," *McFadden*, 2021 WL 3284794, at *8 (*Phillips v. Caliber*

34

*Home Loans, Inc.*, No. 19-cv-2711, 2020 WL 5531588, at *4 (D. Minn. Sept. 15, 2020)), the Court finds no reason to reject Magistrate Faruqui's conclusion.

Regarding Mr. Cooper's third objection, the Court finds no clear error in the R. & R.'s conclusion that Ms. Wilson has standing. "[T]he majority rule [is] that breach of contract claims based on a failure to comply with HUD regulations are viable where the mortgage instrument expressly incorporates HUD regulations." *Dorado v. Bank of Am.*, N.A., No. 16-cv-21147, 2016 WL 3924115, at *5 (S.D. Fla. July 21, 2016) (quotation omitted) (collecting cases); *see also Phillips*, 2020 WL 5531588, at *4 (allowing breach of contract claim to proceed where plaintiff alleged pay-to-pay fee violated FHA/HUD regulations incorporated by reference in the contract). Here, the mortgage agreement incorporated the FHA/HUD guidelines, and the Complaint includes the allegation that the Pay-to-Pay Fees violated those guidelines and regulations. *See* Compl., ECF No. 1 ¶ 57; Ex. B at 8, ¶ 13; Ex. C at 8, ¶ 13.

Moreover, the Court agrees with the manner in which the magistrate judge distinguished *Waddell*. *McFadden*, 2021 WL 3284794, at *8 (noting that *Waddell* was non-binding authority and that the plaintiff in that case, unlike here, had not "plausibly alleged that her deed of trust contain[ed] any express or implied terms that prohibit[ed] [the defendant] from

charging a service fee authorized by federal law for an optional payment method").

### b. Voluntary Payment Doctrine

The Court next turns to the magistrate judge's conclusions regarding the voluntary payment doctrine. Under the doctrine, "voluntary payment may potentially bar a claim to recoup payments that are made with full knowledge." *Falconi-Sachs v. LPF Sen. Square, LLC*, 142 A.3d 550, 558 (D.C. 2016) (cleaned up). This doctrine applies even when the claim thus paid was illegal. *See Sanchez v. Time Warner, Inc.*, No. 98-211-CV-T-26A, 1998 WL 834345, at *1-2 (M.D. Fla. Nov. 4, 1998). Magistrate Judge Faruqui declined to dismiss Plaintiffs' claim under this doctrine for two primary reasons. First, the magistrate judge noted that courts have generally found that the doctrine is an affirmative defense that should not be decided on a motion to dismiss. *McFadden*, 2021 WL 3284794, at *9. And though there is an exception that, "[i]f the allegations of the complaint demonstrate the existence of an affirmative defense, such defense may be considered on a motion to dismiss," *Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. 2d Dist. Ct. App. 2001), the magistrate judge concluded that was not the case here. Instead, Magistrate Faruqui found that Plaintiffs "alleged facts suggesting that, in addition to being ignorant of the pay-to-pay fee's illegality, they were unaware Cooper

largely was pocketing these fees as profit." *McFadden*, 2021 WL 3284794, at *9 (cleaned up). Moreover, according to the magistrate judge, "courts have regularly rejected application of this doctrine in Pay-to-Pay fees cases because a plaintiff's payments could not be voluntary where they did not know the fees grossly exceeded the mortgage loan servicer's actual costs." *Id.* (cleaned up).

Mr. Cooper objects, arguing that the voluntary payment doctrine is a proper basis for dismissal, and that plaintiffs had full knowledge of the facts when using Mr. Cooper's pay-by-phone service to make their mortgage payments. Objections, ECF No. 44 at 23-26. But the Court does not find clear error in the magistrate judge's analysis. *Phillips* is instructive. In the case, defendant had argued that plaintiffs' claims were barred by the voluntary payment doctrine "because [p]laintiffs voluntarily paid the cost for the convenience of making mortgage payments online or over the phone" and plaintiffs had conceded that they "were aware of the fees" charged. 2020 WL 5531588, at *2. However, plaintiffs had "maintain[ed] that the nature of the fees was not fully apparent as [p]laintiffs did not know that the 'fees Caliber charged exceed[ed] Caliber's out-of-pocket costs by several hundred percent." *Id.* In finding for plaintiffs, the district court noted that although such fees could have been charged if they were "based on actual cost of

the work performed or actual out-of-pocket expenses," "when, as here, [p]laintiffs did not know that the fees grossly exceeded Caliber's actual costs, the voluntary-payment doctrine is inapposite." *Id.* Similarly, here, Plaintiffs have not conceded that they were aware that an overwhelming proportion of the Pay-to-Pay Fees were being pocketed by Mr. Cooper. *McFadden*, 2021 WL 3284794, at *9. In view of the above, the Court therefore finds that dismissal based upon an affirmative defense is not appropriate at this stage of the litigation. *See, e.g.*, *McDermott v. L.A. Fitness Int'l, LLC*, No. 11-cv-192, 2012 WL 13098143, at *5 (M.D. Fla. Mar. 21, 2012) ("The voluntary payment doctrine is an affirmative defense that should not be decided on a motion to dismiss.").

### c. Separate Agreement

Finally, the Court addresses the portion of the R. & R. regarding whether the Pay-to-Pay Fees formed a separate contract not incidental to the underlying mortgage agreement. In the R. & R., Magistrate Judge Faruqui determined that the Plaintiffs and Mr. Cooper did not create and execute a separate oral agreement regarding the Pay-to-Pay Fees because "Plaintiffs paid the fees in question solely in relation to their mortgage," and the fees therefore were "incidental" to payment in the underlying mortgage agreement. *McFadden*, 2021 WL 3284794, at *10. "Moreover, Cooper's payment processing business is part and

parcel of its servicing of the underlying loan. As such, Plaintiffs plausibly asserted that 'the oral agreement here does not rise to the level of a separate contract.'" *Id.* (quoting *Techreations*, 1986 WL 15077, at *5). As a policy matter, Magistrate Judge Faruqui also observed that "[p]ermitting an entity to claim the existence of a separate contract any time it charged a new, related fee would effectively gut the fee protections provided by the mortgage agreement and consumer protection laws, like the FDCPA/FCCPA, and related FHA/HUD protections (discussed above) that are incorporated into mortgage agreements." *Id.* at *10 n.10. The magistrate court thus declined to "draw[] on facts outside of the complaint" to find that a separate contract existed. *Id.* at *10.

Mr. Cooper objects, arguing that "Plaintiffs' agreement to pay the Fees at the stated amount, in exchange for Mr. Cooper accepting that phone payment, constitutes a separate oral agreement under the common laws of Florida and the District." Objections, ECF No. 44 at 26 (citing cases). It argues that a proper reading of *Techreations* does not lead to the conclusion that the agreement here is not a separate contract. *Id.* at 27. According to Mr. Cooper, "*Techreations* held that a contract was not formed because it lacked 'the necessary detail, completeness, and coverage to stand on its own as an enforceable contract,'" and here, "Plaintiffs orally agreed to Mr. Cooper's

offer to process their mortgage payments over the phone in exchange for adequate consideration, the Fees." *Id.* Finally, Mr. Cooper argues that the parties were acting under a separate agreement because the mortgage agreement only allowed payments to be in the form of cash, check, or money order—not by phone. *Id.*

The Court is not persuaded by Mr. Cooper's objections. This Court agrees with Plaintiffs that these objections are "simply a repackaging of the 'not incidental' argument" this Court addressed in Section III.A.2. *See* Pls.' Response, ECF No. 45 at 32; *see also Lembeck v. Arvest Central Mortgage Co.*, No. 20-cv-03277-VC, 2020 WL 6440502, at *2 (N.D. Cal. 2020) (rejecting "separate agreement" argument and determining pay-to-pay fees were incidental to underlying debt). The Court thus overrules Mr. Cooper's objection for the same reasons discussed in Section III.A.2 and in *McFadden*, 2021 WL 3284794, at *3, *10.

### E. D.C. MLBA

#### 1. The Court Reviews the R. & R.'s MLBA Findings De Novo and for Clear Error

Mr. Cooper makes three objections related to Magistrate Judge Faruqui's conclusion that Ms. Wilson adequately pled violations of the D.C. MBLA. Objections, ECF No. 44 at 27-28.

First, Mr. Cooper argues that Ms. Wilson failed to provide pre-suit notice of her MBLA claim, although she was required to.

*Id.* at 28. Second, Mr. Cooper argues that "Plaintiff Wilson only provides a threadbare recital of the MLBA's requirements and does not allege how she was misled by Mr. Cooper." *Id.* And third, Mr. Cooper argues that "Plaintiff Wilson's MLBA claims are predicated on the same facts as Plaintiffs' defective FDCPA claims, as discussed above, and therefore similarly fail." *Id.*

The first and third arguments are both one-sentence general contentions that merely reiterate positions Mr. Cooper took in its motion to dismiss, and they shall be reviewed for clear error. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 25-26. The Court shall review the second argument—that Ms. Wilson did not provide allegations regarding how she was misled by Mr. Cooper—de novo.

### 2. The Court Overrules Mr. Cooper's MLBA Objections

The MLBA applies to both lenders and servicers. D.C. Code §26-1101(11)(ii), (iii) (2001). Under the MLBA, lenders and servicers are prohibited from "engag[ing] in any unfair or deceptive practice toward any person." D.C. Code § 26-1114(d)(2).

In the R. & R., Magistrate Judge Faruqui first found that Plaintiff Wilson made out a claim by alleging Mr. Cooper violated the MLBA by: (1) "assessing fees not authorized under the terms of the mortgage agreement, *see* Compl. ¶ 163"; and (2) "using a scheme to mislead borrowers and engage in a deceptive practice by failing to disclose the costs to process third-party

41

transactions, *see* Compl. ¶ 164." *McFadden*, 2021 WL 3284794, at
*10. Moreover, the magistrate judge found that "Plaintiffs
plausibly alleged that Cooper charged fees under the guise that
such payments were third-party processing costs, but in fact
over 90% was kept by Cooper as profit. *See* Compl. ¶¶ 6, 92, 164–
65." *Id.*

Mr. Cooper objects, arguing that "[t]he simple fact that
Mr. Cooper profited from the Fees does not make them misleading
or indicate how Plaintiff Wilson would have acted differently
had she been aware of Mr. Cooper's profits on the Fees."
Objections, ECF No. 44 at 28. He further objects that "[a]
reasonable consumer would surely opt to pay a nominal telephone
payment fee rather than incur higher late fees or enter default,
regardless of how that nominal fee was internalized by her loan
servicer." *Id.*

The Court concludes that Ms. Wilson has provided more than
a "threadbare recital" of the MLBA. "In evaluating a motion to
dismiss for failure to state a claim upon which relief can be
granted, the Court is mindful that a complaint need only contain
'a short and plain statement of the claim showing that the
pleader is entitled to relief,' *Twombly*, 550 U.S. at 555, and
that the notice pleading rules are 'not meant to impose a great
burden on a plaintiff.'" *Lawrence v. District of Columbia*, No.
18-595, 2019 WL 1101329, at *6 (D.D.C. Mar. 8, 2019) (quoting

*Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). Indeed, in the case Magistrate Judge Faruqui relied upon, *Logan v. Lasalle Bank National Association*, 80 A.3d 1014 (D.C. 2013), the District of Columbia Court of Appeals (D.C. Court of Appeals") reversed the lower court's dismissal of an MLBA claim because the lower court had found it was "a mere recitation of the very barest elements of the claim." 80 A.3d at 1025-26. The court of appeals explained that the lower court had ignored "allegations regarding repeated assessment of improper fees and failure to provide information on indebtedness" and that these facts made out a claim under the statute. *Id.* at 1026. Similarly here, Magistrate Judge Faruqui pointed out specific allegations Ms. Wilson made throughout the Complaint that regarded "repeated assessment of improper fees" and the "failure to disclose costs to process third-party transactions." *McFadden*, 2021 WL 3284794, at *10. The Court does not require more at the motion to dismiss stage.

The magistrate judge next found that a failed FDCPA claim did not "automatically" doom an MLBA claim, as Mr. Cooper had argued. *Id.* The Court agrees. The sole case Mr. Cooper relies upon in support of his argument is *Mushala v. U.S. Bank National Association*, No. 18-cv-1680 (JDB), 2019 WL 1429523, at *9 (D.D.C. Mar. 29, 2019). But in *Mushala*, the district court held that an MLBA claim was barred by res judicata because the claim

43

was based on the same factual nucleus as a previously decided FDCPA claim. 2019 WL 1429523, at *9. Here, as Magistrate Judge Faruqui correctly noted, there is no prior action that would bar Plaintiff's claim. Moreover, the Court agrees that "[e]ven if the statutes were coupled, Plaintiff's FDCPA claim's survival here breathes life into the MLBA claim." *McFadden*, 2021 WL 3284794, at *10.

Finally, the Court also finds no clear error in Magistrate Judge Faruqui's finding that Plaintiff provided MLBA pre-suit notice for the same reasons the Court provided in Section III.G.2 regarding pre-suit notice of an unjust enrichment claim.

Accordingly, Mr. Cooper's objections are overruled.

## F. DCCPPA

### 1. The Court Reviews the R. & R.'s DCCPPA Findings De Novo and for Clear Error

Mr. Cooper objects to the finding in the R. & R. that it is a "merchant" under the DCCPA. It argues that the D.C. Court of Appeals has "expressly refused" to hold that the DCCPPA applies to mortgage loan servicers, and that the allegations in the Complaint that Magistrate Faruqui cites do not convert Mr. Cooper into a "merchant." Objections, ECF No. 44 at 29. The Court reviews these objections de novo.

Mr. Cooper also objects to the finding that Plaintiffs have plausibly alleged that the Pay-to-Pay Fees were misleading

because (1) "Plaintiffs incorrectly argue that Mr. Cooper did
not have the right to collect the Fees despite the fact that, as
described above and in Mr. Cooper's Motion, the Fees violate
neither Plaintiffs' mortgage agreements nor the FDCPA"; and (2)
"Plaintiffs fail to allege how they were misled or, in other
words, how they would have acted differently if they knew Mr.
Cooper received a profit." Objections, ECF No. 44 at 30. These
objections are reviewed under the clear error standard because
they restate arguments Mr. Cooper presented in its motion to
dismiss briefing. *See* Def.'s Reply, ECF No. 18 at 29-31.

### 2. The Court Overrules Mr. Cooper's Arguments Regarding the DCCPPA Findings

#### a.    Mortgage Servicers as "Merchants"

Under the DCCPPA, "merchants" are defined as persons who
"sell, lease . . . , or transfer, either directly or indirectly,
consumer goods or services." D.C. Code § 28-3901(a)(3). "Goods
and services," are "any and all parts of the economic output of
society, at any stage or related or necessary point in the
economic process, and includes consumer credit . . . real estate
transactions, and consumer services of all types." D.C. Code §
28-3901(a)(7). Magistrate Judge Faruqui found that this broad
definition encompasses Mr. Cooper's business and conduct alleged
in this case. *McFadden*, 2021 WL 3284794, at *11-12.

Mr. Cooper objects to the magistrate judge's finding that it is a "merchant" under the DCCPPA, primarily relying on the D.C. Court of Appeals decision *Busby v. Capital One, N.A.*, 772 F. Supp. 2d 268 (D.D.C. 2011). In *Busby*, the court held that the DCCPA did not apply to mortgage loan servicers. 772 F. Supp. 2d at 280. Here, however, Ms. Wilson has alleged in the Complaint that Mr. Cooper was both the mortgage servicer and her mortgage lender. Compl., ECF No. 1 ¶ 82. And the DCCPPA applies to mortgage lenders. *See DeBerry v. First Gov't Mortg. & Invs. Corp.*, 743 A.2d 699, 702 (D.C. 1999). Moreover, in *Logan v. LaSalle Bank Nat'l Ass'n*, 80 A.3d 1014, 1027 (D.C. 2013), the D.C. Court of Appeals held that the DCCPPA applied to "real estate mortgage transactions," "mortgage refinancing," and "deceptive billing practices related to a contract for consumer goods and services." 80 A.3d at 1027. And here, unlike in *Busby*, "Ms. Wilson supplied multiple examples of how Cooper 'would supply, any goods or services to [Ms. Wilson] in connection with [the] ownership or sale of [her] house,'" including "paying taxes and insurance from escrow accounts, modifying mortgages, and property preservation." *McFadden*, 2021 WL 3284794, at *12 (quoting *Ali v. Tolbert*, 636 F.3d 622, 628 (D.C. Cir. 2011)) (citing Compl., ECF No. 1 ¶ 4; Ex. B ¶¶ 3, 5, 7, 19). Therefore, because the DCCPPA applies to "any action normally considered

only incidental to the supply of goods and services to consumers," the services Ms. Wilson alleged fall into its scope.

### b.    Adequacy of Allegations

Regarding whether the Pay-to-Pay Fees were sufficiently alleged as misleading, Magistrate Judge Faruqui explained that "it is a violation of the [DC]CPPA if the merchant misrepresented' or 'failed to state' a material fact." *Frankeny v. District Hospital Partners, LP*, 225 A.3d 999, 1005 (D.C. 2020). Based on this standard, the magistrate court found that the Complaint plausibly alleged that the fees were misleading because: (1) Plaintiffs alleged that Mr. Cooper represented to borrowers that it had the right to collect such fees, even though the fees were allegedly prohibited by the mortgage and by the HUD rules and FDCPA; and (2) Plaintiffs alleged that Mr. Cooper never disclosed to borrowers that it was collecting more than it cost to process the Pay-to-Pay Fees and that Mr. Cooper had created an unfair profit center for itself. *McFadden*, 2021 WL 3284794, at *12-13.

Mr. Cooper objects to the finding that Plaintiffs have plausibly alleged that the Pay-to-Pay Fees were misleading. Objections, ECF No. 44 at 30. First, it argues that "Plaintiffs incorrectly argue that Mr. Cooper did not have the right to collect the Fees despite the fact that, as described above and in Mr. Cooper's Motion, the Fees violate neither Plaintiffs'

mortgage agreements nor the FDCPA." *Id.* Second, it objects to
the finding that Plaintiffs adequately alleged that Mr. Cooper's
failure to disclose its profit on the Pay-to-Pay Fees was
"material" because "Plaintiffs fail to allege how they were
misled or, in other words, how they would have acted differently
if they knew Mr. Cooper received a profit." *Id.*

First, as described in Memorandum Opinion, the Court has
found that the mortgage agreements do not expressly authorize
the Pay-to-Pay Fees and that Plaintiffs have established viable
claims under breach of contract and the FDCPA. Mr. Cooper's
objection is therefore overruled in this respect. And with
regard to Mr. Cooper's second objection, "intent or knowledge is
not required" to plausibly allege a claim of misrepresentation
under the DCCPPA. *Frankeny*, 225 A.3d at 1005. In addition, the
statute does not require that any consumer be actually misled.
Instead, the DCCPPA makes it illegal to "engage in an unfair or
deceptive trade practice, *whether or not any consumer is in fact
misled, deceived, or damaged thereby*." D.C. Code § 28-3904.
Therefore, Plaintiffs did not have to allege "how they would
have acted differently if they knew Mr. Cooper received a
profit." Objections, ECF No. 44 at 30; *see Frankeny*, 225 A.3d at
1004 (noting that the D.C. Court of Appeals has held that "in
light of the plain language and the legislative intent of the
CPPA, a consumer need not allege intentional misrepresentation

of a material fact or an intentional failure to disclose a material fact under D.C. Code § 28-3904(e) and (f)").

The objections are accordingly overruled.

### G. Unjust Enrichment

#### 1. The Court Reviews the R. & R.'s Unjust Enrichment Findings De Novo and for Clear Error

Mr. Cooper objects to Magistrate Judge Faruqui's determination that Plaintiffs may maintain their unjust enrichment claims as an alternative theory of liability. Objections, ECF No. 44 at 31.

Mr. Cooper argues that, contrary to Magistrate Judge Faruqui's findings, unjust enrichment claims must be dismissed when such claims arise out of a contractual relationship, which is the case here. *Id.* Mr. Cooper, however, duplicates arguments included in its motion to dismiss. *See* Def.'s Mot. Dismiss, ECF No. 13-1 at 22-25. Because Mr. Cooper presents no new argument, its objection is reviewed for clear error. *See Houlahan*, 979 F. Supp. 2d at 88.

Mr. Cooper also contends that Plaintiffs failed to adequately allege pre-suit notice of their unjust enrichment claims, as required by Plaintiffs' mortgage agreements, and objects to Magistrate Judge Faruqui's findings to the contrary. *Id.* at 32-33. While this objection also largely mirrors arguments in its motion to dismiss, the Court shall review this

objection de novo to the extent that Mr. Cooper newly quarrels
with the magistrate judge's "reliance" on the case *Henok v.
Chase Home Fin., LLC*, 922 F. Supp. 2d 110, 118-19 (D.D.C. 2013).
*Id.*

## 2. The Court Overrules Mr. Cooper's Unjust Enrichment Objections

First, the Court finds no clear error in Magistrate Judge
Faruqui's analysis regarding the appropriateness of Plaintiffs'
unjust enrichment claim in the alternative.

Mr. Cooper argues that "[t]he conduct comprising
Plaintiffs' alleged unjust enrichment claims arises entirely out
of the parties' contractual borrower-servicer relationship," and
that it is well-established that such claims must fail as a
matter of law when the subject matter is governed by an express
contract. Objections, ECF No. 44 at 31-32 (citing cases). It
contends that because the "gravamen" of the unjust enrichment
claim is governed by contract, the claim must be dismissed. *Id.*
at 32.

This Court agrees with Mr. Cooper's general principle that
"a plaintiff cannot maintain an unjust enrichment claim
concerning an aspect of the parties' relationship that was
governed by a contract." *Id.* at 31 (quoting *Smith v. Rubicon
Advisors, LLC*, 254 F. Supp. 3d 245, 249 (D.D.C. 2017)). Indeed,
Magistrate Judge Faruqui agreed, too. *See McFadden*, 2021 WL

3284794, at *13 ("As Cooper notes, 'In general, a plaintiff
cannot maintain an unjust enrichment claim concerning an aspect
of the parties' relationship that was governed by a
contract.'"). However, as explained in the R. & R., courts in
this District and Florida have also held that "a plaintiff may
pursue an unjust enrichment claim as an 'alternative theory of
liability' even though the plaintiff 'ultimately cannot recover
under both a breach of contract claim and an unjust enrichment
claim pertaining to the subject matter of that contract.'" *Id.*
(quoting *Smith*, 254 F. Supp. 3d at 250) (citing *JI-EE Indus. Co.
v. Paragon Metals, Inc.*, No. 09-cv-81590, 2010 WL 1141103, at *1
(S.D. Fla. Mar. 23, 2010)); *see also* Fed. R. Civ. P. 8(d)(3) ("A
party may state as many separate claims or defenses it has,
regardless of consistency."). Without this rule, a plaintiff
could be left "without any remedy should the fact-finder
determine at a later stage that there was no express agreement
between the parties." *Scowcroft Grp., Inc. v. Toreador Res.
Corp.*, 666 F. Supp. 2d 39, 44 (D.D.C. 2009). Further, as courts
in this District have noted, "[t]his exception is especially
necessary where, as here, the defendant casts doubt on the . . .
contract." *Smith*, 254 F. Supp. 3d at 250; *see id.* ("Even if the
opposing party does not seek to discredit the contract,
dismissing unjust enrichment claims in conjunction with contract
claims may be premature where the parties have not yet had the

benefit of discovery and the Court has not yet interpreted the scope of the contract."); *see also McFadden*, 2021 WL 3284794, at *14 (noting that Mr. Cooper "asserts that the uniform mortgage agreements do not govern Pay-to-Pay fees"). Accordingly, Mr. Cooper's objection regarding the appropriateness of Plaintiff's pleading of unjust enrichment in the alternative is overruled.

Second, the Court also overrules Mr. Cooper's objection to Magistrate Judge Faruqui's finding that Plaintiffs adequately alleged pre-suit notice. Mr. Cooper argues that Plaintiffs did not provide adequate pre-suit notice of their unjust enrichment claim, as required by the mortgage agreements. Objections, ECF No. 44 at 32. The mortgage agreements provide that:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section [15/14]) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

*See* Objections, ECF No. 44 at 32 (quoting Compl., Ex. A at 10 ¶ 20, Ex. C at 10 ¶ 19). Mr. Cooper claims that Plaintiffs' notice was defective because it "fail[ed] to include *any* reference to Plaintiffs' unjust enrichment claims, only seeking 'restitution'

of the Fees in relation to their other claims." *Id.* at 33 (noting that, "[i]n contrast, Plaintiffs deliberately referenced their FCCPA, FDUTPA, and DCCPPA claims in their pre-suit demands").

However, the Court does not read the language of the mortgage agreement to require a party to give notice of a specific legal claim prior to any judicial action. Rather, notice is required only for claims "aris[ing] from the other party's actions pursuant to this Security Instrument or . . . alleg[ing] that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument." *See* Objections, ECF No. 44 at 32 (quoting Compl., Ex. A at 10 ¶ 20, Ex. C at 10 ¶ 19). Pursuant to this unambiguous language, although Plaintiffs would be required to note any alleged "breach," they would not be required to note the specific cause of action they intended to bring in court. *See Key v. Allstate Ins.*, 90 F.3d 1546, 1549 (11th Cir. 1996) ("[I]f the terms of a[] . . . contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning . . . .").

Moreover, assuming that the provision applies, Plaintiffs' Complaint indeed alleges that they gave pre-suit notice to Mr. Cooper prior to suit. *See* Compl., ECF No. 1 ¶¶ 79, 93. As stated above, Plaintiffs were not required to provide the specific

information Mr. Cooper argues in favor of, and therefore such allegations in the Complaint are sufficiently detailed to meet the pleading requirements. *Cf. Trevathan v. Select Portfolio Servicing, Inc.*, 142 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015) (dismissing unjust enrichment claim where plaintiff failed to allege compliance with notice and cure provision in agreement).

And though Mr. Cooper argues that the R. & R.'s "reliance on [*Henok v. Chase Home Fin., LLC*, 922 F. Supp. 2d 110 (D.D.C. 2013)] is misplaced as the Plaintiffs there were provided notice of the core issue of the complaint, foreclosure," Objections, ECF No. 44 at 33, this Court disagrees. In *Henok*, the plaintiff had argued that a notice of foreclosure sent to him was invalid because it did not include his "full correct address" and did not "include the precise amount to cure the default." 922 F. Supp. 2d at 118. The court dismissed the argument and held that the plaintiff "had a viable opportunity to cure his default and take action to protect his interests," noting that plaintiff had "provide[d] no authority" supporting his argument that excluding a portion of his full address rendered the notice defective. *Id.* at 118-19. Here, Plaintiffs' pre-suit demand requested "restitution of such fees paid to Mr. Cooper."[2] *McFadden*, 2021 WL

---

[2] The Court may consider Plaintiffs' pre-suit demand letters because they are integral to and referenced in the Complaint. *See Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119-20 (D.D.C. 2011) ("[A] court does not consider matters

3284794, at *14. Mr. Cooper was similarly thus on notice of Plaintiffs' requested remedy and how it could "take action to cure" any alleged breach. *Henok*, 922 F. Supp. 2d at 118-19. The Court therefore agrees with the magistrate judge's recommendation that the alleged pre-suit notice was not defective. *See McFadden*, 2021 WL 3284794, at *14.

Accordingly, Mr. Cooper's objections are overruled.

**IV. Conclusion**

For the reasons stated above, Magistrate Judge Faruqui's R. & R., *see* ECF No. 42, is **ADOPTED**. Defendant Mr. Cooper's motion to dismiss, *see* ECF No. 13, is **DENIED**. The parties shall submit a joint status report with a recommendation for further proceedings by no later than April 15, 2022.

An appropriate Order accompanying this Memorandum Opinion was issued on March 31, 2022.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **April 4, 2022**

---

outside the pleadings, but a court may consider on a motion to dismiss to include 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint . . . .'").