**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACKERLY MCFADDEN, CELINDA LAKE, MARY MONTGOMERY, and LILLIAN NELSON, *On Behalf of Themselves and All Others Similarly Situated*,<br><br>                             Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER,<br><br>                             Defendant. | Case No. 1:20-cv-00166 |

**<u>DECLARATION OF KRISTEN G. SIMPLICIO IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR
CERTIFICATION OF SETTLEMENT CLASS</u>**

I, Kristen G. Simplicio, declare as follows:

1.       I am an attorney admitted to practice in the District of Columbia, a partner at Tycko & Zavareei ("TZ"), and counsel of record for Plaintiffs and the Class in this case.  I have personal knowledge of all of the facts set forth in this Declaration unless otherwise stated, and I am competent to testify to these facts if called on to do so.

2.       The proposed Settlement Agreement in this case is attached as **Exhibit 1**.

3.       I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval. In that regard, I discuss, in the following order: (a) the history of this litigation; (b) the proposed settlement agreement; (c) information relating to the certification of the Settlement Class, including TZ's experience; and (d) the proposed notice program.

**Background and Settlement Negotiations**

4.      Prior to filing the complaint, attorneys at my firm spent substantial time investigating the factual and legal bases for the matters set forth in the complaints. Attorneys here, working with our co-counsel at Bailey Glasser LLP ("BG") interviewed potential class members, reviewed information about the fees charged by Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar") on its website, reviewed documents provided by the Plaintiffs and other potential class members, and researched the applicable law.

5.      The Parties began to discuss the possibility of a classwide settlement beginning in the summer of 2022. Several preliminary discussions were held. Eventually the parties agreed to attend a mediation before Stephen J. Dalesio on March 23, 2023.

6.      In advance of the mediation, Nationstar provided informal discovery regarding the size of the Settlement Class and the amount of Pay-to-Pay Fees (fees charged in connection with mortgage payments made online and over the telephone) collected by Nationstar since May 2018 for the various classes and claims pled in the three complaints.

7.      The information provided by Nationstar was similar to the information that we would have sought through the formal discovery process. Because we and BG, have litigated and settled numerous class actions involving mortgage servicers and fees, we understand what information is critical to determine damages and evaluate the strength of the underlying case.

8.      Based on our review of the informal discovery, as well as our expertise in the relevant law, we prepared a thorough and persuasive mediation statement. We shared the mediation statement with Nationstar in advance of the mediation, and reviewed Nationstar's mediation statement.

9.      Plaintiffs were fully prepared to litigate the three cases rather than accept a settlement that would not be in the best interests of the Settlement Class. Indeed, my co-counsel and I made clear from the onset of discussion that we would not agree to a settlement that would modify loan agreements to expressly permit the charging of Pay to Pay fees.

10.     We mediated before Stephen J. Dalesio on March 23, 2023. The negotiations were hard-fought, where both sides made presentations to both Stephen J. Dalesio as well as all attendees. The mediation began at 9 am. (Eastern time) and the negotiations ran for approximately 6 hours. The parties were unable to reach an agreement.

11.     In the months that followed, the parties remained in regular communication about the possibility of settlement. Nationstar conducted additional internal investigation and produced additional informal discovery to aid in the negotiations. On July 13, 2023, the parties again convened for a two hour mediation session with Stephen J. Dalesio. In the days that followed, the parties reached agreement on all material terms.

12.     The parties then continued to negotiate the written terms of the Settlement Agreement before the Court, including the proposed Class Notice and proposed Preliminary Approval Order and Final Approval Order, over the next several weeks. Class Counsel prepared the first draft of the Settlement and exhibits, and the Parties negotiated over email and telephone until the written Settlement Agreement was complete.

13.     Based on our review of the data provided by Nationstar, it appears that Nationstar collected approximately $5,617,750 in fees from Settlement Class members.

14.     The Parties did not discuss any award of attorneys' fees and expenses, or any Service Awards, until after the material terms of the Settlement were agreed upon.

15.     The negotiation was done at arms' length between experienced and sophisticated counsel. As discussed below, my firm has significant experience in complex litigation and class actions. And, based on my experience, it appears that Nationstar's counsel is similarly experienced and sophisticated.

**The Settlement Agreement**

16.     While confident in the strengths of Plaintiffs' claims, we are also pragmatic, and recognize the risks inherent in litigation of this magnitude. It remains possible that the Class could see their claims narrowed by a motion for summary judgment, at trial, or on a subsequent appeal.

17.     They also face the risk that class certification could be denied. A class has not been certified in any of the underlying cases. There is a significant risk that the Plaintiffs would not maintain class status through trial.

18.     Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in a *zero* recovery to the class.

19.     Even if Plaintiffs were to prevail at trial, any recovery would likely be delayed for years by an appeal. Thus, any recovery would likely be years away.

20.     Of course, Class Counsel acknowledges that Plaintiffs believe their claims are meritorious and that they would prevail if their cases proceeded to trial. But ultimately, the claims of any one state class are relatively small, and unless states can be bundled together in such a way to ensure economies of scale, each state's class members risk the possibility that in any individual state settlements, notice and administration costs could dwarf the cost of recovery in any one state.

21.     Protracted litigation would result in considerable expense and would consume the Parties' resources. This could and likely would result in inefficiency and consumption of the court system's resources and time.

22.     Litigation would likely involve expensive and cumbersome discovery disputes, complex and costly expert discovery, and of course the time and expense of preparing for trial and completing any appeals. Yet there is no guarantee that this additional time and expense would result in additional benefit for the class members.

23.     In contrast, the Settlement provides immediate benefits, now, to the Settlement Class Members. It is my understanding, based on my review of data received from Nationstar, that the Nationwide Component of the Settlement—$1,966,213—represents 35% of the $5,617,750 in Fees known to Defendant to have been paid by members of the Nationwide Class at the time of settlement.  The "DC Component" of the Settlement—$1,441,750—represents $250 for each of the 5,767 instances in which a DC Class Member paid a Fee that are known Defendants to at the time of settlement.

24.     Thus, it is my opinion, based on my experience in complex litigation and class actions, that the Settlement Agreement is in the best interests of the Settlement Class in light of the strengths and risks of Plaintiffs' claims, and the likely expense and duration of further litigation.

**Adequacy of Class Representatives and Class Counsel**

25.     I am aware of no conflicts between the proposed Class Representatives and the proposed Settlement Class.

26.     Plaintiffs Jackerly McFadden, Celinda Lake, Mary Montgomery and Lillian Nelson have participated in the litigation by reviewing the draft complaints their respective

actions, communicating with counsel, and reviewing and signing the Settlement Agreement. They also took on significant risk in bringing lawsuits against their mortgage loan servicer. Due to the standard industry practice of placing debt collection litigation notations on the accounts of borrowers involved in litigation and represented by counsel, the mere act of filing the lawsuit came with the risk of experiencing complications in obtaining routine information about their mortgages, property taxes, or similar. It also exposes them to reputational risk and required them to turn over sensitive financial information.

27.     Tycko & Zavareei LLP is experienced in the litigation, certification, trial, and settlement of nationwide class actions. A copy of our firm resume is attached as **Exhibit 2.**

28.     TZ has worked with our co-counsel BG on the following Pay to Pay settlements: *Alexander v. Carrington Mortg. Servs. LLC*, 1:20-cv-02369-RDB (D. Md.); *Phillips v. Caliber Home Loans*, No. 19-cv-2711 (D. Minn.); *Elbert v. RoundPoint Loan Servicing*, No. 3:20-cv-00250-MMC (N.D. Cal.); *Fernandez v. Rushmore Loan Servicing*, 8:21-cv-00621 (C.D. Cal.); *Lembeck v. Arvest Central Mortgage Co*., 20-cv-3277 (N.D. Cal.); *Silveira v. M&T Bank,* 19-cv-06958 (C.D. Cal.). My partner Hassan A. Zavareei was class counsel in the *Silveira* matter; he and I were appointed class counsel in the other four matters. As noted in Appendix A, final approval in all five of these settlements was granted.

29.     In addition, along with BG, I represent plaintiffs in *DeSimone v. Select Portfolio Servicing*, No. 1:20-cv-03837 (E.D.N.Y.).

30.     Mr. Zavareei and other lawyers at TZ were also named Class Counsel, Lead Counsel, or Settlement Class Counsel in the following consumer class actions: *Shannon Schulte, et al. v. Fifth Third Bank*, No. 1:09-cv-06655 (N.D. Ill.); *Kelly Mathena v. Webster Bank*, No. 3:10-cv-01448 (D. Conn.); *Nick Allen, et al. v. UMB Bank*, N.A., et al., No. 1016 Civ. 34791

(Cir. Ct. Jackson County, Mo.); *Thomas Casto, et al. v. City National Bank, N.A.*, 10 Civ. 01089 (Cir. Ct. Kanawha County, W. Va.); *Eaton v. Bank of Oklahoma, N.A., and BOK Financial Corporation, d/b/a Bank of Oklahoma, N.A.*, No. CJ-2010-5209 (Dist. Ct. for Tulsa County, Okla.); *Lodley and Tehani Taulva, et al., v. Bank of Hawaii and Doe Defendants 1-50*, No. 11-1-0337-02 (Cir. Ct. of 1st Cir., Haw.); *Jessica Duval, et al. v. Citizens Financial Group, Inc., et al*, No. 1:10-cv-21080 (S.D. Fla.); *Mascaro, et al. v. TD Bank, Inc.*, No. 10-cv-21117 (S.D. Fla.); *Theresa Molina, et al., v. Intrust Bank, N.A.*, No. 10-cv-3686 (18th Judicial Dist., Dist. Ct. Sedgwick County, Kan.); *Trombley v. National City Bank*, 1:10-cv-00232-JDB (D.D.C.); *Jonathan Jones, et al. v. United Bank and United Bankshares, Inc.*, No. 11-C-50 (Cir. Ct. of Jackson County, W. Va.); *Amber Hawthorne, et al. v. Umpqua Bank*, No. 4:11-cv-06700 (N.D. Cal.); *Sylvia Hawkins, et al. v. First Tennessee Bank, N.A.*, No. CT-004085-11 (Cir. Ct. of Shelby County, Tenn.); *Jane Simpson, et al. v. Citizens Bank, et al.*, No. 2:12-cv-10267 (E.D. Mich.); *Alfonse Forgione, et al. v. Webster Bank*, N.A., No. UWY-CV12-6015956-S (Super. Ct. Judicial Dist. of Waterbury, Conn.); *Sherry Bodnar v. Bank of America, N.A.*, No. 5:14-cv-03224-EGS (E.D. Pa.); *Wong v. TrueBeginnings LLC d/b/a True.com*, No. 3-07 Civ. 1244-N (N.D. Tex.); *Geis v. Airborne Health, et. al.*, Civil Action No. 2:07 Civ. 4238-KSH-PS (D. N.J.); *Dennings, et al. v. Clearwire Corporation*, No. 2:10-cv-01859 (W.D. Wash.); *In Re: Higher One Oneaccount Marketing And Sales Practices Litigation*, No. 3:12-md-02407 (VLB) (D. Conn.); *Galdamez v. I.Q. Data International, Inc.*, No. 15-cv-1605 (E.D. Va.); *Brown v. Transurban USA*, No. 15-cv-494 (E.D. Va.), *Gatinella et al. v. Michael Kors (USA)*, 14-cv-5731 (S.D.N.Y); *Grayson, et al. v. General Electric Company*, 3:13-cv-1799 (D. Conn.); *Farrell, et al. v. Bank of America, N.A.*, No. 3:16-00492 (S.D. Cal.); *In re: APA Assessment Fee Litigation*, 1:10-cv-01780 (D.D.C.); *Griffith v. ContextMedia Health, LLC d/b/a Outcome Health*, No.

1:16-cv-02900 (N.D. Ill.); *Scott, et al. v. JPMorgan Chase & Co.*, No. 17-cv-249 (D.D.C.); *In re Think Finance, LLC*, et al., No. 17-bk-33964 (Bankr. N.D. Tex.); *Gibbs v. Plain Green, LLC*, No. 3:17-cv-495 (E.D. Va.); and *Meta v. Target Corp., et al.*, No. 14-cv-0832 (N.D. Ohio). Each of these actions has resulted in a settlement that has been finally approved.

**Superiority to Other Available Methods for Fair and Efficient Adjudication**

31.     I am not aware of other pending individual litigation against Nationstar regarding the practices at issue in this Action.

**Proposed Notice Program**

32.     It is my opinion, based on my decades of experience in complex litigation and class actions, that the proposed Notice Plan is the best notice practicable under the circumstances.

33.     Prior to selecting the Settlement Administrator, the Parties sought proposals from several experienced, nationally-recognized settlement administrators. The proposals included proposals for email and postcard notice, as well as a long form notice to be available on a settlement website, along with a toll-free number for Settlement Class Members to call for information about the Settlement and that will include an option to speak with a live agent. After reviewing the proposals, the Parties decided EAG Gulf Coast, LLC ("EAG") based on overall cost and value to the Settlement Class. EAG also has developed a program by which Settlement Class Members can elect to receive their Settlement Payments by digital means in lieu of check, which will reduce the cost of administration and increase the speed at which Settlement Class Members can be paid.

34.     Based on the proposal and my discussions with the Settlement Administrator, we estimate the costs of notice and administration will be approximately $150,000. This amount

may increase or decrease based on the circumstances, including the rate of digital payment election and notice bouncebacks.

35.    Based on my experience, it is my opinion that the proposed Notice Program is the best notice practicable under the circumstances and is reasonably designed to reach the Settlement Class Members.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed September 22, 2023 at Washington, DC.

*/s/ Kristen G. Simplicio*
Kristen G. Simplicio

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JACKERLY MCFADDEN, CELINDA LAKE,
MARY MONTGOMERY, and LILLIAN
NELSON, *On Behalf of Themselves and All*
*Others Similarly Situated*,

                Plaintiffs,

v.                                      Case No. 1:20-cv-00166

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

                Defendant.

## CLASS SETTLEMENT AND RELEASE AGREEMENT

### 1.    PARTIES

This Class Settlement and Release Agreement (the "Agreement") is made and entered into as of the Effective Date, as defined herein, by and between Plaintiffs Jackerly McFadden, Celinda Lake, Mary Montgomery and Lillian Nelson ("Plaintiffs" or "Class Representatives") acting individually and as representative of the Settlement Class, as defined herein (the "Settlement Class" or "Class Members") and Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar" or "Defendant") (collectively the "Parties") for the purpose of resolving by compromise and settlement all claims, controversies and alleged liabilities arising out of the disputes as set forth below.

### 2.    RECITALS

2.1.    On January 22, 2020, Plaintiff McFadden filed her Complaint (the "Complaint") against Defendant.  The Complaint asserted claims for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), state debt collection laws, and breach of contract.

1

2.2.    Plaintiffs Celinda Lake, Mary Montgomery and Lillian Nelson joined the lawsuit, and the four Plaintiffs filed an Amended Complaint against Defendant on December 16, 2022, which Defendant answered on January 6, 2023.

2.3.    After motions practice and discovery, the parties formally mediated their claims with experienced mediator Stephen Dalesio in person on March 23, 2023, but did not resolve the claims. Over the next several months, the parties exchanged information, additional discovery, and legal argument. The parties again formally mediated the Plaintiffs' claims with Stephen Dalesio through videoconference on July 12, 2023, and thereafter ultimately resolved the case through arms-length negotiations conducted through the mediator.

2.4.    Defendant denies any and all allegations and claims asserted against it in the Action and denies any and all wrongdoing. Neither the fact nor the terms of this Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Agreement.

2.5.    Notwithstanding the above, solely in order to avoid the cost, burden, expense, and uncertainty of further litigation, the Parties desire to compromise and settle the Action and have reached this Agreement to resolve the disputes between them, pending approval of the Court, and to achieve complete peace.

3.    **DEFINITIONS**

As used herein, the following terms have the meanings set forth below.

3.1.    "Action" means the civil action styled *Jackerly McFadden, et. al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper,* pending in the United States District Court for the District of Columbia.

2

3.2.    "Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, escrowing funds, and issuing and mailing Settlement Payments.

3.3.    "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

3.4.    "Agreement" or "Settlement Agreement" means this Class Settlement Agreement and Release, including all exhibits thereto.

3.5.    "Attorneys' Fees and Expense Award" means such funds as may be awarded to Class Counsel by the Court to compensate them (and all other attorneys for Plaintiffs or the Settlement Class) for their fees and all expenses incurred by Plaintiffs or Class Counsel in connection with the Action.

3.6.    "Attorneys' Fee and Service Award Application" means Class Counsel's application for a Fee and Expense Award and Service Awards.

3.7.    "Class Accounts" means the 72,555 accounts identified by Defendant as belonging to the Settlement Class Members.

3.8.    "Class Counsel" means James Kauffman of the law firm of Bailey Glasser, LLP and Kristen Simplicio and Hassan Zavareei of the law firm of Tycko & Zavareei LLP.

3.9.    "Class Period" means from May 26, 2018 through the date that the Court grants preliminary approval of the settlement.

3.10.   "Class List" means the confidential list of individuals who are within the Settlement Class, as defined below, together with the relevant information concerning the Class Accounts.

3.11.   "Common Fund Components" means the three components of the Common Fund: (i) the portion allocated to DC Class ("DC Component); (ii) the portion allocated to the Nationwide Class ("Nationwide Component); and (iii) the portion remaining, to be used for Administrative Costs and other court-approved expenses ("Residual Component"), as detailed in section 5.1, *infra*.

3.12.   "Common Fund Remainder" refers to the balance in the Net Common Fund remaining after all checks associated with  Settlement Payments have either timely cleared or expired, i.e. the uncashed checks.

3.13.   "Contreras Action" means *Contreras, et al. v. Nationstar Mortgage, LLC*, Case No. 16-cv-00302, pending in the United States District Court for the Eastern District of California until a class settlement received final approval from the court on November 15, 2022.

3.14.   "Common Fund" means the $3,587,254 in funds to be paid by Defendant pursuant to Section 5 of this Agreement.

3.15.   "Court" means the United States District Court for the District of Columbia.

3.16.   "Effective Date" means the latest of (1) the date the Final Approval Order is entered; (2) thirty-one (31) days after the date of Final Approval, if a Class Member objects to the Settlement but no appeal by a Class Member is filed; or (3) thirty-one (31) days after the final termination of any appeal from the Final Approval Order.

4

3.17. "Email Notice" means the notice to be emailed to Settlement Class members by the Settlement Administrator, substantially in the form of Exhibit A1, provided that the Preliminary Approval Order prescribes Class Notice by email.

3.18. "Fee" or "Fees" means the 391,892 separate fees paid by the Settlement Class Members for optional payment services.

3.19. "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the Court shall (1) determine whether to grant final approval to this Settlement; (2) consider any timely objections to this Settlement and all responses thereto; and (3) consider requests for incentive awards to the Plaintiffs and for an award of attorneys' fees and expenses.

3.20. "Final Approval Order" means the order approving the Settlement and certifying the Settlement Class as final.

3.21. "Lawsuit" or "Litigation" means the Action.

3.22. "Long Form Notice" means the notice to be posted on the Settlement Website and mailed to Settlement Class members upon request that discloses the terms of the Settlement Agreement, substantially in the form of Exhibit A3.

3.23. "Net Settlement Fund" means the Common Fund minus any Attorneys' Fee and Expense Award, any Service Awards, and all Administrative Costs.

3.24. "Notice Program" means the program of notice via email and postcard described in Section 10 of this Agreement to be provided to potential Settlement Class Members, which will notify potential Settlement Class Members about, among other things, their rights to opt out or object to the Settlement, the preliminary approval of the

Settlement, and the scheduling of the Final Approval Hearing. It includes the Email

Notice, the Postcard Notice, and the Long Form Notice.

3.25.   "Parties" shall mean the Class Representatives, all Settlement Class Members, and

Defendant.

3.26.   "Plan of Allocation" means the terms and procedures for allocating the Common

Fund among, and for distributing amounts to Class Members as proposed in the

Class Notice and approved by the Court.

3.27.   "Postcard Notice" means the notice to be mailed to Settlement Class Members by

the Settlement Administrator, substantially in the form of Exhibit A2.

3.28.   "Preliminary Order" means the order entered by the Court preliminarily approving

the Settlement, provisionally certifying the Settlement Class, and approving the

Settlement, provisionally certifying the Settlement Class, and approving notice to

Settlement Class Members. A copy of a proposed Preliminary Approval Order is

attached hereto as **Exhibit B**.

3.29.   "Released Claim" or "Released Claims" "Released Claim" or "Released Claims"

means any and all actual or potential claims, actions, causes of action, suits,

counterclaims, crossclaims, third-party claims, contentions, allegations, and

assertions of wrongdoing, and any demands for any and all debts, obligations,

liabilities, damages (whether actual, compensatory, treble, punitive, exemplary,

statutory, or otherwise), attorneys' fees, costs, restitution, disgorgement, injunctive

relief, and any other type of equitable, or legal statutory relief, any other benefits,

or any penalties of any type whatsoever, whether known or unknown, suspected or

unsuspected, contingent or non-contingent, or discovered or undiscovered, whether

asserted in federal court, state court, arbitration, or otherwise, and whether triable before a judge or jury or otherwise, arising from any violation of FDCPA, or any other state, federal or local law, statute, regulation or common law based on the allegations in the Civil Action, which relate to convenience fees identified in the Amended Complaint.

3.30.  "Settlement" or "Stipulation of Settlement" means the settlement set forth in this Agreement.

3.31.  "Settlement Administrator" means a third-party agent or administrator selected by Class Counsel.

3.32.  "Settlement Class" or "Class" means the class of persons that will be certified by the Court for settlement purposes only. The full definition is set forth in Section 4, *infra*.

3.33.  "Settlement Class Member" means any person who falls within the definition of the Settlement Class and who has not opted out of the Settlement Class.

3.1.  "Settlement Class Recovery" means the amount of the Common Fund available for distribution to Claimants after payment of Administrative Costs and any Court-approved Attorney's Fees and Expenses and incentive award.

3.2.  "Settlement Payment" means the payment to be made from the Common Fund to Settlement Class Members.

3.3.  "Settlement Website" means an internet website to be established and maintained by the Settlement Administrator for purposes of administering the Settlement. The URL of the Settlement Website shall be http://www.MortgageFeeClassAction.com.

7

3.4.  "Vannest Action" means the lawsuit *Vannest. v. Nationstar Mortgage, LLC*, Case No. 21-cv-0086 that was pending in the United States District Court for the Northern District of West Virginia until a class settlement received final approval from the court on October 19, 2022.

## 4.  SETTLEMENT CLASS MEMBERS

4.1.  The Settlement Class is defined as all persons in the D.C. Class and Nationwide Classes, which excludes deceased class members, class members in bankruptcy and class members included in the settlements reached in the Contreras Action or the Vannest Action.

a.  The D.C. Class is defined as all persons (1) with a residential mortgage loan securing a property in the District of Columbia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or interactive voice recognition (IVR) during the applicable statute of limitations. The D.C. Class consists of borrowers on 780 accounts, who in 5,767 instances paid convenience fees to make payment by telephone.

b.  The Nationwide Class is defined to include all borrowers on residential mortgage loans secured by properties in the United States (other than the District of Columbia) which were:

(i) 30 days or more delinquent on loan payment obligations when Mr. Cooper acquired servicing rights;

(ii) 30 days or more delinquent on loan payment obligations when any of Mr. Cooper's predecessors in interest acquired servicing rights; and/or

(iii) insured by the Federal Housing Administration.

8

c.   The Nationwide Class consists of borrowers who paid convenience fees to make payment by telephone, less refunds in the amount of $5,617,750.

4.2.   The terms, effectiveness and validity of this Agreement are subject to the entry of a Preliminary Approval Order granting a Motion for Preliminary Approval of Class Settlement, and Entry of Scheduling Order ("Preliminary Approval Motion"), and the entry of an order granting a Motion for Final Approval of Class Settlement ("Final Approval Motion"). The Agreement becomes effective as of the Effective Date as defined in Paragraph 3.14 of this Agreement.

## 5.   **SETTLEMENT AMOUNT**

5.1.   Nationstar, its successors, and assigns will pay three million, five hundred eighty-seven thousand, two hundred and fourteen dollars ($3,587,254) (the "Settlement Amount") to a "Common Fund" in full settlement of all class claims that were asserted or could have been asserted in the Action. The Common Fund consists of three Components:

a. "DC Component" of $1,441,750, which represents $250 for each of the 5,767 instances in which a DC Class Member paid a Fee that are known Defendants to at the time of settlement;

b. "Nationwide Component" of $1,966,213, which represents 35% of the $5,617,750 in Fees known to Defendant to have been paid by members of the Nationwide Class at the time of settlement.

c. "Residual Component" of $179,291 to be used to cover Administrative Costs as discussed in Section 8, and other court-approved attorneys' expenses. In the event any funds remain after payment of all such costs and expenses, the

9

amount shall be distributed cy pres.

5.2.    The Settlement Amount is an "all-in" payment.  In no event shall Nationstar be liable for any amount greater than the Settlement Amounts listed in Section 5.1.

6.    **COMMON FUND**

6.1.    The Common Fund shall be maintained as set forth in Section 6.2 and established by Nationstar within ten (10) business days of the Court granting preliminary approval to the Settlement.  The Parties shall have joint control of the Common Fund.

6.2.    The Court shall retain continuing jurisdiction over the Common Fund sufficient to satisfy the requirements of 26 C.F.R. § 1.468B-1. The Settlement Administrator shall at all times seek to have the Common Fund treated as a "qualified settlement fund" as that term is defined in 26 C.F.R. § 1.468B-1. The Settlement Administrator shall cause any taxes imposed on the earnings of the Common Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Common Fund under applicable tax laws. The Settlement Administrator shall be the "administrator" of the Common Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3).

6.3.    Should the Settlement be denied for any reason, or otherwise not approved by the Court, then all monies placed into the Common Fund shall be returned to Nationstar.

6.4.    Should the Settlement be approved, and any monies remain in the Common Fund after disbursement of funds in accordance with the terms of this Agreement, the remaining principal funds shall not revert to Nationstar.  Any such remaining funds

shall be donated as a *cy pres* award Habitat for Humanity.

7.    **DISTRIBUTION OF SETTLEMENT AMOUNT**

The Settlement Amount shall be distributed as follows:

7.1.    Plaintiffs' Attorney's Fees and Expenses, Administrative Costs, and the incentive awards to Plaintiffs shall be deducted from the Common Fund as follows:

    a.    Attorneys' Fees and Expenses shall be applied and subtracted from the Common Fund as a whole.

    b.    In the event Administrative Costs exceed the Residual Component, they shall be apportioned such that 20% are paid out of the DC Component and 80% are paid out of the Nationwide Component, after applying the Residual Component.

    c.    Plaintiff McFadden's incentive award shall be paid out of the Nationwide Component and the other three Plaintiffs' incentive award shall be paid out of the DC Component.

7.2.    Each Settlement Class Member shall receive a distribution after payment of fees, costs and incentive awards, as set forth in section 7.1, as follows:

    a.    DC Settlement Class Members shall be entitled to a pro rata share of the remaining DC Component, based on the number of Fees each Class Member paid.

    b.    Nationwide Settlement Class Members shall be entitled to a pro rata share of the remaining Nationwide Component, based on the amount of Fees each Class Member paid, except that no Class Member shall receive a payment of less than $5.

7.3.    Settlement Payments shall be disseminated via check, unless the Settlement Class

11

Member opts into receiving payment via electronic payment. The Settlement Administrator shall make available to all Settlement Class Members an array of electronic payment options, including Zelle, PayPal, and Venmo.

7.4.    Pursuant to Section 10, *infra*, All Settlement Class Members shall be informed via the Notice Program that any Common Fund Remainder shall be distributed pro rata to those electing to receive their distributions via electronic payment. Periodic reminders shall be disseminated via email to Settlement Class Members to urge them to elect electronic payment options. Such payments shall be distributed within 60 days of the latest expiration date of any Settlement Checks.

7.5.  No interest shall be included as an element of, or be payable or paid on, any Settlement Payment.

7.6.    Co-borrowers shall be treated as a single Settlement Class Member and receive a single, shared Settlement Payment.   Whenever possible, the Settlement Administrator shall issue payment jointly to co-borrowers. Settlement Class Members who receive a Settlement Payment shall be solely responsible for distributing or allocating such payment between or among all co-borrowers.

7.7.    As payment for Attorney's Fees and Expenses, Plaintiff's counsel shall apply to the Court for a distribution of no more than one third (33.33%) of the Common Fund, plus expenses, which sum (one-third of the Common Fund plus expenses) shall include all Attorney's Fees and Expenses incurred by Plaintiffs.

7.8.    Plaintiffs will each receive an incentive award of seven thousand dollars ($7,000), subject to approval by the Court, in addition to each Plaintiff's distribution of the Settlement Class Recovery.  Plaintiffs' incentive awards shall be paid out of the

12

Common Fund as set forth in Section 7.1, *supra*.

## 8. RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

8.1    The Parties agree that a Settlement Administrator selected by Class Counsel will handle notice pursuant to the Class Action Fairness Act, process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Common Fund.

8.2    All the costs associated with providing notice to the Settlement Class Members and disbursement of the Common Fund ("Administrative Costs"), including all costs and expenses related to class notice, distribution of settlement proceeds, reasonable measures to locate potential Settlement Class Members, and retaining any class or claims administrator will be paid from the Common Fund, as set forth in Section 7.1, *supra*.  Nationstar's only responsibility regarding such costs is to fund the Common Fund.

8.3    The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner.  Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for mailing the class notice, as defined below, administration of the Common Fund, and providing all other related support, reporting, and administration as further stated in this Agreement.

8.4    Defendant will coordinate with the Settlement Administrator to provide the class notice to the potential Settlement Class Members, as provided in this Settlement Agreement, with Class Counsel's participation and oversight. Because the information about potential Settlement Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, any such

13

information shall be deemed "Confidential-Attorneys' Eyes Only," and shall be used only for the purpose of administering this Settlement.

8.5    <u>W9 Forms</u>. The Settlement Administrator shall complete and provide to Nationstar any W9 forms as to the Common Fund necessary for Nationstar to implement this Settlement.

## 9.    PRELIMINARY APPROVAL MOTION

Plaintiffs will submit to the Court a Motion for Preliminary Approval of Class Settlement and Entry of Scheduling Order ("Preliminary Approval Motion") no later than thirty (30) days after full execution of this Agreement.  The Preliminary Approval Motion will request that the Court:

9.1    Find that the Settlement Class representative, and Settlement Class counsel, fairly and adequately represent the interests of the Settlement Class;

9.2    Find preliminarily that the Agreement is fair, reasonable and adequate to the Settlement Class;

9.3    Schedule a Final Approval Hearing one hundred (100) days after entry of the Preliminary Approval Order granting the Preliminary Approval Motion; and

9.4    Approve the form of notice to be provided to members of the Settlement Class.

## 10.    NOTICE TO CLASS MEMBERS

10.1    If the Court grants the Preliminary Approval Motion, the Administrator will, within twenty-one (21) days of entry of the Preliminary Approval Order, email to each Settlement Class Member at his or her last known email address the Email Notice, or if no email address is available, mail to each Settlement Class Member at his or her own mailing address, the Postcard Notice. Nationstar shall provide the

Administrator and Class Counsel with the name, last known address, email address, fees paid, and social security number of each Class Member subject to and governed by the Protective Order entered in the Action as Doc. No. 70.   Any Settlement Class Member whose Email Notices are returned as undeliverable shall be promptly mailed a Postcard Notice.   Any Postcard Notices returned as undeliverable, but with a forwarding address, shall be promptly re-mailed to the forwarding address. The Administrator shall perform a National Change of Address Registry and LexisNexis/Death Records Search for all postcard Notices returned as undeliverable, without a forwarding address.   Such Postcard Notices shall be re-mailed upon discovery of a valid mailing address for the Settlement Class Member.

10.2   The Notices shall apprise the Settlement Class Members of his/her right to elect to receive their Settlement Payment via an electronic payment method (PayPal, Zelle, Venmo, etc.). Any Settlement Class Member who elects electronic payment shall be eligible to receive a secondary distribution in the event funds remain in the Common Fund after payment of all Attorneys' Fees and Expenses, Administrative Costs, Incentive Awards, and the clearance/expiration of any payments and checks associated with the Settlement Payments.   Any funds remaining in the Common Fund after the secondary distribution will be distributed to the *cy pres* designee.

10.3   The Notices shall also apprise the Settlement Class Members of his/her right to opt out of the Settlement Class, of his/her right to object to the Class Settlement, of the fact that any objections or opt outs must be sent to the Administrator and postmarked no later than twenty-one (21) days prior to the Final Approval Hearing, and that any failure to object or to opt out in accordance with applicable deadlines

for opt outs and objections constitutes a knowing and voluntary waiver of any right to opt out of the Settlement Class or to appeal from the Final Approval Order.

10.4    In addition to the initial sending of Notices, Class Counsel and the Settlement Administrator shall be permitted to undertake reasonable efforts to disseminate follow up reminders to encourage Settlement Class Members to elect to receive their Settlement Payment via a digital payment option. Reasonable efforts include sending an additional reminder email prior to final approval and/or directing online advertising to Settlement Class Members.

10.5    This Agreement does not impose on any Party or the Administrator an obligation to make extraordinary efforts to locate a potential Settlement Class Member.

## 11.    SERVICE OF NOTICE OF OPT OUT

At least fourteen (14) days prior to the Final Approval Hearing, the Administrator shall notify Class Counsel and Nationstar's counsel of any persons who have objected to the Class Settlement or opted out of the Settlement Class, and shall serve Nationstar's counsel, Plaintiffs' counsel, and the Court with copies of all objections, notices of opt out, and supporting documentation.

## 12.    FINAL APPROVAL MOTION

12.1    Prior to the Final Approval Hearing, Plaintiffs will file a Motion for Final Approval of Class Settlement ("Final Approval Motion"). The Final Approval Motion will request that the Court approve the Settlement and enter a Final Order and Judgment that will, among other things:

12.2    Adjudge and approve in all respects the settlement of the Action on the terms described in this Agreement;

16

12.3    Dismiss on the merits and with prejudice all class and individual claims in the action;

12.4    Include all relief to be provided as part of this Settlement; and

12.5    Retain jurisdiction of all matters relating to the interpretation and enforcement of the Settlement and this Agreement.

**13.   EFFECT OF DISAPPROVAL/DENIAL OF SETTLEMENT**

If the Court disapproves this Agreement or any part thereof for any reason or declines to enter a Final Approval Order as described in this Agreement, then this Agreement, including all releases contained within the Agreement, shall become null and void and the Action shall proceed as though no settlement had been negotiated or achieved, unless Plaintiffs and Defendant agree otherwise or jointly appeal the order disapproving this Settlement.

**14.   REVERSAL, VACATION, OR MODIFICATION OF AGREEMENT BY APPELLATE COURT**

In the event that a court of appeals or other reviewing court sets aside, reverses, vacates or modifies the Final Approval Order as described in this Agreement in any material way, then this Agreement, including all releases contained within the Agreement, shall become null and void and the action shall proceed as though no settlement had been negotiated or achieved unless the Parties otherwise agree.

**15.**   **PAYMENT OF SETTLEMENT AMOUNT**

15.1   As soon as practicable after entry of the Final Approval Order, the Administrator shall distribute the Settlement Amount to Settlement Class Members as provided in Section 7 of this Agreement, less that portion of the Settlement Amount the Court awards as Attorney's Fees and Expenses, Administrative Costs, and the incentive award to Plaintiffs. Distributions to Settlement Class Members will be made to their last known address by first class mail, postage prepaid, unless the Settlement Class Member elects to receive electronic distribution pursuant to Section 10.2

15.2   Checks made payable to each Settlement Class Member shall become stale and all right to payment on any such check shall end upon expiration of three (3) months from the date of the check (which will be within one calendar week of the date such check is mailed) and shall include a statement to inform the bearer of this validity period.

15.3   Any check that becomes stale may be re-issued one time. Right to payment on any re-issued check shall similarly become stale upon the expiration of two (2) months from the date of the re-issued check (which will be within one calendar week of the date such check is mailed) and shall include a statement again informing the bearer of this validity period. The funds represented by any re-issued checks that become stale shall be applied to Administrative Costs first and, if any sums remain after payment of Administrative Costs, donated as set forth in Paragraph 6.4 of this Agreement. Any such donation will have no effect on the validity of this Agreement against those Class Members who do not receive a Settlement Payment following reasonable efforts to deliver a payment to them.

16.    **FINAL AND BINDING AGREEMENT**

The Parties acknowledge that this Agreement is a full and final accord and satisfaction and shall be binding upon and inure to the benefit of Defendant, the named Plaintiffs, the Members of the Settlement Class, their counsel, and each of their respective trustees, heirs, executors, administrators, beneficiaries, representatives, agents, successors, and assigns.

17.    **RELEASE**

17.1    Class Release and Released Claims. Each Member of the Settlement Class, for and on behalf of the Class Member and the Class Member's present and future spouses (and common law spouses), children, parents, relations, successors, beneficiaries, heirs, next of kin, assigns, attorneys, executors, administrators, and/or estate, or any and all other persons who could claim through them, other than those Settlement Class Members who have validly opted out, shall, by operation of the final judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged

19

in the litigation that relate, concern, arise from, or pertain in any way to the Released

Persons' conduct, policies, or practices concerning Convenience Fees charged by

Nationstar, including but not limited to claims related to charges for making

payments over the phone or internet and claims or causes of action under, without

limitation, the D.C. Consumer Protection Procedures Act, under the federal Fair

Debt Collection Practices Act, for breach of contract, for unjust enrichment, and

for violation of any other law.

17.2  <u>Released Persons</u>.  "Released Persons" means Nationstar Mortgage LLC and any

current and prior servicers, sub-servicers, owners, and investors for the class loans,

and for each of the foregoing each of their past, present and future members, direct

and indirect parents, direct and indirect subsidiaries, divisions, affiliates,

predecessors, successors, and assigns, clients, future, present and former directors,

officers (whether acting in such capacity or individually), employees, managers,

lenders, masters, servants, principals, agents, subagents, master servicers,

subservicers, insurers, reinsurers, shareholders, investors, attorneys, advisors,

consultants, representatives, partners, joint venturers, independent contractors,

vendors, wholesalers, resellers, distributors, retailers, divisions, subdivisions,

predecessors, successors, and assign owners, trustees, creditors, law firms,

departments, corporations in common control, or any agent acting or purporting to

act for any of the foregoing.

17.3  In connection with the Released Claims, each Settlement Class Member is

releasing past or currently existing claims that existed up until the Effective Date

and is aware that he or she may hereafter discover claims that existed in the past

or present, that may be unknown or unsuspected but discoverable based on reasonable investigation, or facts in addition to or different from those which he or she now knows or believes to be true with respect to the allegations and subject matter in the Action.  Nevertheless, it is the intention of each Settlement Class Member to fully, finally and forever settle and release all Released Claims against Released Persons, which exist or might have existed (whether or not previously or currently asserted in this Action).

17.4    Each Party to this Agreement understands, acknowledges, and agrees that if any fact now believed to be true is found hereafter to be other than, or different from, that which is now believed, each expressly assumes the risk of such difference in fact and agrees that this Agreement shall be, and will remain, in effect notwithstanding any such difference in fact.

18.     **NO ADMISSION OF LIABILITY OR CERTIFICATION OF CLASS**

18.1    Neither this Agreement nor the fact of settlement nor the payment of the Settlement Amount is, may be construed as, or may be used as, an admission on the part of Nationstar of any fault, wrongdoing, or liability whatsoever, or that any class asserted by Plaintiffs merit certification.  Nationstar expressly denies any wrongdoing under any federal, state, or local statute, public policy, tort law, contract law, or common law and expressly denies the truth or validity of any claim made against it or the propriety of certification of any class on the merits.

18.2    Further, neither this Agreement nor any drafts hereof nor any documents leading to or relating to the Settlement set forth herein, including, but not limited to, any proposed order, Preliminary Approval Motion, Final Approval Motion, or

21

memoranda in support thereof, constitutes an admission of liability or of any fact by the Plaintiffs or Nationstar.

18.3    The Parties agree that the foregoing documents will not be offered as or received against Nationstar as evidence of, or construed as or deemed to be evidence of any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Agreement in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, Nationstar may rely upon or use this Agreement as necessary to effectuate the liability protection granted Nationstar hereunder; and

18.4    The Parties agree that the foregoing documents will not be offered or received as an admission or concession that the consideration to be given to Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial.

19.    **NON-ADMISSIBILITY OF SETTLEMENT NEGOTIATIONS**

The settlement negotiations resulting in this Agreement have been undertaken by Plaintiffs and Defendant and their respective counsel in good faith and for settlement purposes only pursuant to Federal Rule of Evidence 408, and no evidence of negotiations or discussions underlying this Agreement shall be offered or received in evidence in any action or proceeding for any purpose. Nor shall the Agreement be offered or received in evidence in any action or proceeding for any purpose, except only for purposes of enforcing the terms and conditions of this Agreement.

20.    **NO ORAL MODIFICATION**

This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. No amendment, modification, waiver, termination, or discharge of any provision of this Agreement shall be effective unless it is in a written agreement duly executed by all of the Parties hereto.

21.    **COMPLETE AGREEMENT**

This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. This Agreement supersedes all prior negotiations. No other agreement, written or oral, expressed or implied, exists between the Parties with respect to the subject matter of this Agreement, and the Parties declare and represent that no promise, inducement, or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

22.    **COMPETENCY; INDEPENDENT COUNSEL**

Each Party to this Agreement represents and warrants that it is competent to enter into the Agreement and in doing so is acting upon its independent judgment and upon the advice of its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the terms set forth in or contemplated by this Agreement.

24.    **CONSTRUCTION OF AGREEMENT**

The language and terms of this Agreement shall be construed as a whole, according to fair and ordinary meaning, as if both Parties jointly prepared it, and shall not be strictly construed for or against any party to this Agreement.

25.    **CONTINUING JURISDICTION**

The United States District Court for the District of Columbia will have continuing jurisdiction over the Lawsuit for the purpose of implementing the Settlement until the Lawsuit and all related matters are fully resolved, and for enforcement of the Settlement, the Agreement, and the Final Order thereafter.   Any dispute regarding the Parties' obligations pursuant to this Agreement or interpretation of the terms of this Agreement or the Final Order will be resolved by the Court.

26.    **CHOICE OF LAW**

This Agreement will be governed by federal law and the internal laws of the District of Columbia without regard to its choice of law principles.

27.    **CHOICE OF FORUM**

The Parties consent to jurisdiction and venue in the United States District Court for the District of Columbia for any dispute arising in any way out of this Agreement.

28.    **ADDITIONAL ACTS TO EFFECTUATE THE AGREEMENT**

The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement and to obtain the benefits of the Agreement.

29.    **WAIVER**

The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving Party.   The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

30.    **PRESERVATION OF PRIVILEGE**

Nothing contained in this Agreement or any Order of this Court, and no act required to be performed pursuant to this Agreement or any Order of this Court, is intended to constitute, cause

or effect any waiver, in whole or in part, of any attorney client privilege, work product protection, or common interest or joint defense privilege, and each Class Member agrees not to make or cause to be made in any form any assertion to the contrary.

## 31.   AUTHORITY OF CLASS COUNSEL

Class Counsel unconditionally warrant and represent that they are authorized by Plaintiffs, for whom they are attorneys of record, and the attorneys of record for Nationstar warrant and represent that they are authorized by Nationstar to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Settlement.

## 32.   TAX CONSEQUENCES

32.1   This Agreement is enforceable regardless of its tax consequences.  The Parties understand and agree that the payments set forth in this Agreement reflect the settlement of disputed legal claims and that Defendant makes no representations regarding the Agreement's tax consequences.

32.2   No opinion concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement.  Class Members must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect thereto.

32.3    Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

32.4    Each Class Member specifically agrees that he or she is solely responsible for any and all taxes, interest, and penalties due and owing, if any, should the payments or any portion thereof, be taxable.

**33.    RELEASE, LIMITATIONS**

This Agreement does not release claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement.

**34.    JURY WAIVER**

The Parties voluntarily and intentionally waive any right that they may have to a trial by jury in any action, proceeding or litigation directly or indirectly arising out of, or relating to, this Agreement.

**35.    KNOWING AND VOLUNTARY ASSENT**

The Parties acknowledge that this Agreement is executed voluntarily by each of them, without any duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have had the opportunity for representation in the negotiations for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement and/or have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal effect.

**36.    COUNTERPARTS AND FACSIMILE SIGNATURES**

This Agreement may be executed in any number of counterparts and with facsimile signatures, and all such counterparts shall be construed together and constitute a single form of this Agreement.

**37.** **HEADINGS AND CAPTIONS**

The headings and captions inserted into this Agreement are for convenience only and in no way define, limit or otherwise describe the scope or intent of this Agreement, or any provision hereof, or in any way affect the interpretation of this Agreement.

IN WITNESS HEREOF, counsel for the parties and the named plaintiffs have executed this Class Settlement Agreement and Release as of August ___, 2023.

PLAINTIFF JACKERLY MCFADDEN

*Jackerly McFadden*
_____

PLAINTIFF CELINDA LAKE

*Celinda Lake*
_____

PLAINTIFF MARY MONTGOMERY

*Mary Montgomery*
_____

PLAINTIFF LILLIAN NELSON

*Lillian Nelson*
_____

DEFENDANT NATIONSTAR MORTGAGE LLC

By: *Edward M. Flynn* or
    ASSISTANT SECRETARY and
Its: PRINCIPAL LITIGATION AMBASSADOR
_____

_____
Counsel for Plaintiffs and Settlement Class

27

_____

Counsel for Defendant Nationstar

EXHIBIT A1

**(Email Notice)**

**From:** Nationstar Mortgage LLC d/b/a Mr. Cooper Convenience Fee Settlement Administrator

**Subject Line:** Nationstar Mortgage LLC d/b/a Mr. Cooper Convenience Fee Class Action Settlement

Content:

**A federal court authorized this notice. This is not a solicitation from a lawyer, and you are not being sued.**

You are receiving this notice because you could be affected by the settlement of a class action lawsuit against Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") involving Nationstar charging fees to borrowers to make mortgage payments by telephone or interactive voice recognition ("Convenience Fees"). Nationstar denies any and all wrongdoing. The court has not decided who is right. Plaintiffs and Nationstar have agreed to settle the lawsuit to avoid the cost and uncertainty of litigation. You can read the Complaints, Settlement Agreement, and other case documents on the Settlement Website:

**http://www.MortgageFeeClassAction.com**

**Who's Included?** Nationstar's records show you are a member of the Settlement Class. The Settlement Class is defined as all persons in the D.C. Class and Nationwide Class, defined as follows:

The D.C. Class is defined as all persons (1) with a residential mortgage loan securing a property in the District of Columbia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or interactive voice recognition (IVR) during the applicable statute of limitations. The D.C. Class consists of borrowers on 780 accounts, who in 5,767 instances paid convenience fees to make payment by telephone.

The Nationwide Class is all borrowers on residential mortgage loans on properties in the United States (other than the District of Columbia) which were: (i) 30 days or more delinquent on loan payment obligations when Mr. Cooper acquired servicing rights; (ii) 30 days or more delinquent on loan payment obligations when any of Mr. Cooper's predecessors in interest acquired servicing rights; and/or (iii) insured by the Federal Housing Administration. The Nationwide Class consists of borrowers who paid convenience fees to make payments by telephone, after refunds, in the amount of $5,617,750.

**What are the Settlement terms?** Nationstar has agreed to establish a Settlement Fund of $3,587,254 from which Settlement Class Members will receive payments by check, or by digital payment method. The Settlement Fund, net of any Settlement Notice and Administration Costs, Service Awards, and Attorneys' Fees and Expenses award by the Court ("Net Settlement Fund") will be distributed to Settlement Class Members *pro rata* according to the amount of Convenience Fees each Class Member paid. Each Class Member will receive a Settlement Payment from the Settlement Fund of no less than $5.

Class Members may elect to receive their Settlement Payment via an electronic payment method (PayPal, Zelle, Venmo, etc.). Any Class Member who elects to receive their Settlement Payment via an electronic payment method shall be eligible to receive a secondary distribution in the

event Settlement Funds remains after payment of all attorneys' fees and expenses, administrative costs, and incentive awards. Class Members who do not elect to receive their Settlement Payment via an electronic payment method will be mailed a check. Checks will be valid for 90 days.

**If you wish to receive your settlement payment via an electronic payment method and be eligible for a secondary distribution if funds remain, you must visit the Settlement Website at http://www.MortgageFeeClassAction.com by [DATE] to provide your information to the Settlement Administrator.**

Please understand that these sums may be taxable, that such tax consequences are further described in the settlement agreement, and that counsel is not giving you any tax advice. You are encouraged to seek tax advice without delay from a tax professional.

**Your Other Options:** If you do not want to be bound by the Settlement, you must exclude yourself by [Response deadline]. If you exclude yourself, you cannot get money from the Settlement. If you do not exclude yourself, you will release your claims against Nationstar for the claims at issue in the lawsuit. Specifically, you will not be able to sue for any claim relating to Convenience Fees paid between May 26, 2018, and [Date]. A more detailed Long Form Notice, available at **http://www.MortgageFeeClassAction.com** contains instructions for how to exclude yourself.

If you do not exclude yourself, you may object to the Settlement by [Response Deadline]. The more detailed Long Form Notice available at **http://www.MortgageFeeClassAction.com** contains instructions for how to object.

**Final Fairness Hearing:** The U.S. District Court for the District of Columbia will hold a hearing in this case on _____, 2023 at __ a.m./p.m., in the Courtroom of Judge Emmet G. Sullivan at 333 Constitution Avenue N.W. Washington, D.C. 20001. Class Members do not need to attend the hearing. The hearing date and time may be changed without further notice. If you wish to attend the hearing, you should call the Settlement Administrator in advance to confirm the day and time.

At the Final Fairness Hearing, Class Counsel will request attorneys' fees of no more than one-third of the total amount of the Settlement Fund, plus their litigation expenses. Class Counsel will also request Court approval of Service Awards to the Class Representatives in the amount of $7,000 each. The Fee and Service Award Application and all supporting papers will be available for your review on the Settlement website at **http://www.MortgageFeeClassAction.com**. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. You may appear at the hearing, but you don't have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against Nationstar.**

This notice provides limited information about the Settlement. For more information call 1-866-709-2460 or visit http://www.MortgageFeeClassAction.com.

# EXHIBIT A2

**Who's Included?** Nationstar's records show you are a member of the Settlement Class. The Settlement Class includes all persons in the D.C. Class and Nationwide Class. The D.C. Class is defined as all persons (1) with a residential mortgage loan securing a property in the District of Columbia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or IVR during the applicable statute of limitations. The Nationwide Class is all borrowers on residential mortgage loans on properties in the United States (other than the District of Columbia) which were: (1) 30 days or more delinquent on loan payment obligations when Nationstar acquired servicing rights; (2) 30 days or more delinquent on loan payment obligations when any of Nationstar's predecessors in interest acquired servicing rights; and/or (3) insured by the Federal Housing Administration.

**What Are the Settlement Terms?** Nationstar has agreed to establish a Settlement Fund of $3,587,254. The Settlement Fund, net of any settlement notice and administration costs, service awards, and attorneys' fees and expenses award by the Court will be distributed to Class Members as follows: DC Class members will receive a pro rata share based on number of Fees each paid, and Nationwide Class members will receive a pro rata share based on the amount of Fees each paid. **Class Members may elect to receive their Settlement Payment via an electronic payment method (PayPal, Zelle, Venmo, etc.) at www.MortgageFeeClassAction.com.** Class Counsel may seek up to one third of the Settlement Fund for attorneys' fees plus reimbursement of litigation expenses, and the Class Representatives may each seek $7,000 as Service Awards. In the event funds remain after distribution of funds, and payment of all attorneys' fees and expenses, costs, and service awards, **Class Members electing an electronic payment method shall be eligible to receive a secondary distribution.**

**Your Rights May Be Affected.** If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Month Day, 2023**. If you do not timely exclude yourself, you will not be able to sue for any claim relating to Fees paid between June 26, 2018, and [date]. If you exclude yourself or "opt out" of the Class, you won't get a payment. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2023.** A more detailed Long Form Notice, available at the website below, contains instructions for how to exclude yourself or object to the Settlement.

**The Fairness Hearing.** The Court will hold a hearing on ____, 2023 at __ a.m./p.m., in the Courtroom of Judge Emmet G. Sullivan at 333 Constitution Avenue N.W. Washington, D.C. 20001. At the hearing, the Court will consider whether to approve the Settlement and Class Counsel's request for attorneys' fees and expenses, and the plaintiffs' service awards. Unless you opt-out of the Settlement, you may appear at the hearing, but you do not have to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**How Can I Get More Information?** Visit the website below if you have questions or want more information about the lawsuit and your rights. You may also call 1-866-709-2460, or write to the Settlement Administrator at P.O. Box 3654, Baton Rouge, LA 70821.

**www.MortgageFeeClassAction.com**                    **1(866) 709-2460**

**If You Were Charged Fees by Nationstar Mortgage Services, LLC, for Making a Mortgage Payment by Telephone or IVR, You May Be Eligible for a Payment from a Class Action Settlement.**

**Visit www.MortgageFeeClassAction.com to elect to receive an electronic payment or to learn additional details.**

*Para una notificación en Español, visite nuestro sitio de web, www.MortgageFeeClassAction.com.*

A $3,587,254 Settlement has been reached in a class action lawsuit alleging that Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), improperly charged fees to borrowers who made mortgage payments by telephone or IVR (interactive voice response) ("Convenience Fees" or "Fees"). Nationstar denies any wrongdoing. The Court has not decided who is right.

Visit www.MortgageFeeClassAction.com or call 1 (866) 709-2460 for more information.

Nationstar Mortgage Settlement Administrator
P.O. Box 3654
Baton Rouge, LA 70821

ELECTRONIC SERVICE REQUESTED

[SETTLEMENT CLAIM ID]
[FIRST NAME] [LAST NAME]
[ADDRESS]
[ADDRESS]
[CITY] [STATE] [ZIP]

Postal Service: Do Not Mark or Cover Barcode

# EXHIBIT A3

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**A class action settlement may affect your rights if you paid Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar") a fee to make a loan payment by telephone or interactive voice recognition ("IVR") between May 26, 2018, and [Date].**

**THIS NOTICE COULD AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

*A court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- Nationstar's records identify you as a Class Member.

- A proposed settlement requires Nationstar to pay $3,587,254 to make payments to Class Members and to pay other fees and expenses.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Do Nothing and Receive a Paper Check Payment | If you are entitled under the Settlement to payment, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment via a paper check mailed to you. This option means that you give up your right to bring your own lawsuit against Nationstar about the claims in this case. |
| Elect to Receive an Electronic Payment and if Available, a Secondary Distribution | If you are entitled under the Settlement to payment, you may elect to receive your payment electronically via Zelle, PayPal, Venmo, etc. via the Settlement Website at www.MortgageFeeClassAction.com. <br><br> If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment via the digital payment option you elected. This option means that you give up your right to bring your own lawsuit against Nationstar about the claims in this case. <br><br> In the event funds remain after distribution of all settlement payments to the Settlement Class, such as in the event checks remain uncashed, you will be eligible to receive a secondary distribution. |
| Exclude Yourself from the Settlement <br><br> Deadline: [Date] | Instead of doing nothing, you may ask to be excluded from the lawsuit. If you do so, you will receive no benefit from the Settlement, but you retain your right to sue on your own. |
| Object | You may object to the terms of the Settlement Agreement and have your objections heard at the [date] Final Approval Hearing. |

| Deadline: [Date] | |
|---|---|
| | |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The United States District Court for the District of Columbia (the "Court") authorized this Notice. The following is a summary of the Settlement and of your rights. A full copy of the Settlement Agreement is available at **www.MortgageFeeClassAction.com**.

**THIS IS NOT A SUIT AGAINST YOU.** The purpose of this Notice is to advise you that a Settlement has been reached in a class action lawsuit (the "Lawsuit") against Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Defendant" or "Nationstar"). The Notice is being sent to you because the parties' records indicate that you are included in the Settlement and entitled to a cash payment.

This notice summarizes the proposed settlement and your rights. The precise terms and conditions of the settlement are set forth in the settlement agreement, which may be viewed by accessing the following website www.MortgageFeeClassAction.com or by contacting the Settlement Administrator at 1-866-709-2460, contacting class counsel at the addresses listed below, or by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at www.pacer.gov.

## 1. What is This Lawsuit About?

The lawsuit alleges that Defendant violated the Fair Debt Collection Practices Act by improperly assessing fees for optional payment services when settlement Class Members made mortgage payments by telephone or interactive voice recognition ("IVR"). Defendant denies any and all wrongdoing. Defendant has agreed to the Settlement solely to avoid the burden, expense, risk, and uncertainty of continuing the Lawsuit.

## 2. Who is Included in the Settlement

The parties' records indicate that you are a Class Member. The Settlement Class is defined as all persons in the D.C. Class and Nationwide Class, defined as follows:

> The D.C. Class is defined as all persons (1) with a residential mortgage loan securing a property in the District of Columbia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or IVR during the applicable statute of limitations. The D.C. Class consists of borrowers on 780 accounts, who in 5,767 instances paid convenience fees to make payment by telephone.

> The Nationwide Class is all borrowers on residential mortgage loans on properties in the United States (other than the District of Columbia) which were: (i) 30 days or more delinquent on loan payment obligations when Nationstar acquired servicing rights; (ii) 30 days or more delinquent on loan payment obligations when any of Nationstar's predecessors in interest acquired servicing rights; and/or (iii) insured by the Federal Housing Administration. The Nationwide Class consists of borrowers who paid convenience fees to make payments by telephone, after refunds, in the amount of $5,617,750.

## 3. What Does the Settlement Provide?

(1)   **Payment to Class Members**. Nationstar will establish a Settlement Fund in the amount of $3,587,254 from which Class Members will receive payments by check or by electronic payment method. The Settlement Fund, net of any settlement notice and administration costs,

service awards, and attorneys' fees and expenses awarded by the Court will be distributed to Class Members as follows: $1,441,750 will be distributed to the DC Class members, *pro rata* based on the number of Convenience Fees each Class member paid; $1,966,213 will be distributed to Nationwide Class members, pro rata; and the balance will be used to cover administrative expenses and costs of notice. Each Class Member will receive a Settlement Payment from the Settlement Fund of no less than $5.

Class Members may visit the Settlement Website to at www.MortgageFeeClassAction.com elect to receive their Settlement Payment via an electronic payment method (PayPal, Zelle, Venmo, etc.). Any Class Member who elects to receive their Settlement Payment via an electronic payment method shall be eligible to receive a secondary distribution in the event Settlement Funds remains after expiration of any checks paid to Settlement Class members and payment of all attorneys' fees and expenses, administrative costs, and incentive awards.

Class Members who do not elect to receive their Settlement Payment via an electronic payment method will be mailed a check. Checks will be valid for 90 days. Settlement Class Members may request that the Settlement Administrator reissue a check for one additional 90-day period for good cause shown.

Please understand that these sums may be taxable, that such tax consequences are further described in the settlement agreement, and that counsel is not giving you any tax advice. You are encouraged to seek tax advice without delay from a tax professional.

(2)     **Service Award**. The Plaintiffs who brought this lawsuit will each request a service award of $7,000 for serving as class representatives.

(3)     **Attorney's Fees and Costs**. Class counsel are Bailey Glasser, LLP and Tycko & Zavareei. They will request attorneys' fees of no more than one-third of the total amount of the Settlement Fund, plus their litigation expenses. The Court will determine the appropriate amount of the attorneys' fees and awards to be paid. The Settlement is not conditioned upon approval of any of the attorneys' fees, costs, or service award amounts.

(4)     **Opinion of Class Counsel**. Class counsel considers it to be in the best interest of the class to enter into this Settlement on the terms described in light of the potential recovery, Defendant's defenses, and the uncertainties of continued litigation.

(5)     **Release.**  Each person who remains in the Settlement Class and receives Settlement benefits will, if the Settlement is approved, release Defendants from any and all actual or potential claims, actions, causes of action, suits, counterclaims, crossclaims, third-party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, restitution, disgorgement, injunctive relief, and any other type of equitable, or legal statutory relief, any other benefits, or any penalties of any type whatsoever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration, or otherwise, and whether triable before a judge or jury or otherwise, arising from any violation of FDCPA, or any other state, federal or local law, statute, regulation or common law based on the allegations in the Civil Action, which relate to convenience fees identified in the Amended Complaint.

(6)     **Binding Effect of Class Judgment.**  Upon conclusion of the settlement, the judgment of the Court will be binding upon all class members who do not opt out of the Settlement.

## 4.  The Court's Fairness Hearing

The U.S. District Court for the District of Columbia will hold a hearing in this case on _____, 2023 at __ a.m./p.m., in the Courtroom of Judge Emmet G. Sullivan at 333 Constitution Avenue N.W. Washington, D.C. 20001. Unless you opt-out of the Settlement, you may appear at the hearing, but you do not have to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. The hearing date and time may be changed without further notice. If you wish to attend the hearing, you should call the Settlement Administrator in advance to confirm the day and time.

## 5.  What Are Your Options?

(1)     **Do Nothing**. To accept the Settlement and **receive a payment via paper check**, **you do not need to do anything**. If the Settlement is approved, you will be bound by all of its terms, and a check will be mailed to you. If you change your address, please inform the Settlement Administrator at the address below;

(2)     **Elect An Electronic Payment**. To accept the Settlement, and receive an electronic payment in lieu of a paper check, you must visit the Settlement Website at www.MortgageFeeClassAction.com and opt in to receive a payment via Zelle, Venmo, PayPal, etc. In the event funds remain after distribution of all settlement payments to the Settlement Class, such as in the event checks remain uncashed, you will be eligible to receive a secondary distribution.

(3)     **Exclude Yourself**. You may "opt out" and exclude yourself from the Settlement. If you opt out, you will not receive any cash payment, and you will not release any claims you may have against Defendant. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against Defendant at your own risk and expense. To exclude yourself from the Settlement, you must mail a letter to the Settlement Administrator (address below) stating that you wish to do so. Your letter must include your name, address, telephone number, the last four digits of your Social Security Number, and a statement that you are seeking exclusion. You must postmark your letter no later than _____, 2023; OR

(4)     **Object to the Settlement**. If you object to the Settlement, you must file with the Court a signed notice of your intention to appear; a statement saying that you object to the Settlement in *McFadden v. Nationstar*, Civil Action No. 1:20-cv-00166; submit documentary proof that you are a member of the Settlement Class; provide your name, address and telephone number; specifically state the basis for your objection(s); identify whether the objection applies to the entire Settlement Class, a specific subset of the Settlement Class, or only to the objector; and serve copies of the foregoing and all other papers in support of such objection(s) upon the following:

Court:

Clerk, U.S. District Court<br>
333 Constitution Avenue, NW<br>
Washington, D.C. 20001

Administrator:

Nationstar Mortgage Settlement Administrator
PO Box 3654
Baton Rouge, LA 70821

Class Counsel:

James L. Kauffman
Bailey Glasser, LLP
1055 Thomas Jefferson Street, NW, Suite 540
Washington, D.C. 20007

Hassan A. Zavareei
Kristen Simplicio
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006

Nationstar's counsel:

Jason E. Manning
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

The objection must also state whether you or your own lawyer would like to appear and speak at the Court's fairness hearing, at your own cost. You do not need to appear at the fairness hearing to object to the settlement. If you intend to call witnesses at the fairness hearing, the objection should list any witnesses you intend to call.

**PLEASE DIRECT QUESTIONS TO:**

**Nationstar Mortgage Settlement Administrator
PO Box 3654
Baton Rouge, LA 70821**

**1-866-709-2460**

**www.MortgageFeeClassAction.com**

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACKERLY MCFADDEN, CELINDA LAKE,
MARY MONTGOMERY, and LILLIAN
NELSON, *On Behalf of Themselves and All
Others Similarly Situated,*

                    Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC,
d/b/a MR. COOPER,

                    Defendant.

Case No. 1:20-cv-00166

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

After considering Plaintiffs' Motion for Preliminary Approval of Class Settlement,

**IT IS HEREBY ORDERED THAT:**

1.    Plaintiffs' Motion is GRANTED.

2.    After a preliminary review, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations between experienced counsel overseen by an experienced mediator; (b) eliminates the risk, costs, delay, inconvenience, and uncertainty of continued litigation; (c) does not provide undue preferential treatment to Class Representatives or to segments of the Nationwide Class or the D.C. Class (collectively, the "Class"); (d) does not provide excessive compensation to counsel for the Classes; and (e) is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class. Accordingly, the Court preliminarily approves the Settlement, subject to further consideration at the Final Approval Hearing described below.

3.      The Final Approval Hearing shall be held before this Court on _____, at __:__ _.m., 120 days from the date of this order, at the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington, D.C. 20001 for the following purposes:

      a.   to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

      b.   to determine whether judgment should be entered, dismissing the Complaint on the merits and with prejudice;

      c.   to consider the fee and expense application;

      d.   to consider Settlement Class Members' objections to the Settlement, or the application for fees and expenses, if any;

      e.   to rule upon such other matters as the Court may deem appropriate.

4.      The Court may adjourn the Final Approval Hearing without further notice to the members of the Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law. The Court further reserves the right to enter its judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the fee and expense application.

5.      The Court will consider objections to the Settlement or the request for fees and expenses, only if such objections and any supporting papers are sent to the Settlement Administrator and postmarked no later than twenty-one days prior to the Final Approval Hearing.

6.      Plaintiffs' application for fees and expenses shall be filed no later than sixty days before the Final Approval Hearing. Plaintiffs' Motion for Final Approval of the Settlement,

including any replies to any objections, shall be filed at least thirty days prior to the Final Approval Hearing.

7.  The Settlement Class satisfies Rule 23 and is preliminarily certified.

    a.  The D.C. Class is defined as: all persons (1) with a residential mortgage loan securing a property in the District of Columbia, (2) serviced or sub-serviced by Nationstar, (3) who paid a fee to Nationstar for making a loan payment by telephone or interactive voice recognition (IVR) during the applicable statute of limitations. The D.C. Class consists of borrowers on 780 accounts, who in 5,767 instances paid convenience fees to make payment by telephone.

    b.  The Nationwide Class is defined as: all borrowers on residential mortgage loans secured by properties in the United States (other than the District of Columbia) which were: (i) 30 days or more delinquent on loan payment obligations when Mr. Cooper acquired servicing rights; (ii) 30 days or more delinquent on loan payments when any of Mr. Cooper's predecessors in interest acquired servicing rights; and/or (iii) insured by the Federal Housing Administration. The Nationwide Class consists of borrowers who paid convenience fees to make payment by telephone, less refunds in the amount of $5,617,750.

8.  The notice documents of the Settlement are hereby approved as to form and content. Settlement Agreement, Exhibit A1 (Email Notice); Settlement Agreement, Exhibit A2 (Postcard Notice); Settlement Agreement, Exhibit A3 (Long Form Notice).

9.  The Settlement Website advising the Class Members of the Settlement is hereby approved as to form and content.

10.     The firm of EAG Gulf Coast, LLC ("Administrator") is appointed to supervise and administer the notice procedure.

11.     Within seven days from the entry of this order, Defendant shall provide the Administrator and Class Counsel with the name, last known address, email address, fees paid, and social security number of each Settlement Class Member.

12.     Within twenty-one days from the date of this order, the Administrator shall cause the Email Notice to be disseminated by emailing each Settlement Class Member at his or her last known email address, or if no email address is available, mail the Postcard Notice to each Settlement Class Member at his or her own mailing address.

13.     Contemporaneous with the Email Notice and Postcard Notice, the Administrator shall display in the internet website dedicated to this case, www.MortgageFeeClassAction.com, the Long-Form Notice in substantially the same form as Exhibit A3.

14.     The Court finds that the proposed Notice Plan, which consists of Email Notice and Postcard Notice, as well as a Long Form Notice and Settlement Website, constitutes the best notice practicable under the circumstance, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process and all other applicable laws.

**IT IS SO ORDERED.**


DATED:_____          _____
                                   HONORABLE EMMET G. SULLIVAN
                                   UNITED STATES DISTRICT JUDGE


4

# EXHIBIT 2



## Firm Resume

Jonathan Tycko and Hassan Zavareei founded Tycko & Zavareei LLP in 2002 when they left a large national firm to form a private public interest law firm. Since then, a wide range of clients have trusted the firm with their most difficult problems. Those clients include individuals fighting for their rights, tenants' associations battling to preserve decent and affordable housing, consumers seeking redress for unfair business practices, whistleblowers exposing fraud and corruption, and non-profit entities and businesses facing difficult litigation.

The firm's practice focuses on complex litigation, with a particular emphasis on consumer and other types of class actions, and *qui tam* and False Claims Act litigation. In its class action practice, the firm represent consumers who have been victims of corporate wrongdoing. The firm's attorneys bring a unique perspective to such litigation because many of them trained at major national defense firms where they obtained experience representing corporate defendants in such cases. This unique perspective enables the firm to anticipate and successfully counter the strategies commonly employed by corporate counsel defending class action litigation. Tycko & Zavareei LLP's attorneys have successfully obtained class certification, been appointed class counsel, and obtained approval of class action settlements with common funds totaling over $500 million.

Tycko & Zavareei LLP's twenty-four attorneys graduated from some of the nation's finest law schools, including Harvard Law School, Columbia Law School, Duke University School of Law, UC Berkeley School of Law, UC Hastings College of the Law, Georgetown Law, the University of Michigan Law School, and the University of Miami School of Law. They have served in prestigious clerkships for federal and state trial and appellate judges and have worked for low-income clients through competitive public interest fellowships. The firm's diversity makes it a leader amongst its peers, and the firm actively and successfully recruits attorneys who are women, people of color, and LGBTQ. To support its mission of litigating in the public interest, Tycko & Zavareei LLP offers a unique public interest fellowship for recent law graduates. Tycko & Zavareei LLP's attorneys practice in state and federal courts across the nation.

## Representative Cases

***Vergara v. Uber Technologies, Inc.*, No. 1:15-cv-06972 (N.D. Ill.).** Tycko & Zavareei LLP served as Co-Lead Counsel in this case under the Telephone Consumer Protection Act, in which he obtained a class settlement of $20 million.

***In re Fifth Third Early Access Cash Advance Litigation*, No. 1:12-cv-00851 (S.D. Ohio).** Tycko & Zavareei LLP was appointed Co-Lead Counsel in these consolidated payday lending cases, which are in discovery after a successful appeal before the Sixth Circuit.

***Farrell v. Bank of America, N.A.*, No. 16-cv-000492 (S.D. Cal.).** As Co-Lead Counsel, Tycko & Zavareei LLP obtained a settlement valued at $66.6 million plus injunctive relief valued at $1.2 billion.

***In re TD Bank, N.A. Debit Card Overdraft Fee Litigation*, No. 15-mn-02613 (D.S.C.).** Tycko & Zavareei LLP serves on the Plaintiffs Executive Committee in this case challenging TD Bank's overdraft fee practices. Tycko & Zavareei LLP assisted in obtaining a $70 million class settlement.

***In re Higher One Account Marketing & Sales Practices Litigation*, No. 12-md-02407 (D. Conn.).** As Lead Counsel, Tycko & Zavareei LLP helped secure a $15 million common fund settlement with significant changes to business practices for illegal debit card fees.

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



*Duval v. Citizens Financial Group, Inc.*, **No. 10-cv-21080 (S.D. Fla.).** Tycko & Zavareei LLP was appointed Class Counsel and obtained a common fund settlement of $137.5 million.

*In re American Psychological Association Assessment Fee Litigation,* **No. 10-cv-01780 (D.D.C.).** Tycko & Zavareei LLP served as Co-Lead Counsel in this case challenging the APA's deceptive fee practices, and achieved a $9.02 million common fund settlement for the class.

*Lloyd v. Navy Federal Credit Union,* **No. 17-cv-1280 (S.D. Cal.).** As Co-Lead Counsel, Tycko & Zavareei LLP helped secure a $24.5 million common fund settlement on behalf of a class of NFCU customers harmed by the credit union's overdraft fee practices.

*Morgan v. Apple, Inc.,* **No. 17-cv-5277 (N.D. Cal.),** *Simmons v. Apple Inc.,* **No. 17CV312251 (Sup. Ct. Ca., Santa Clara Cty.).** Tycko & Zavareei LLP is currently serving as Lead Counsel in this class action challenging Apple's deceptive marketing of Powerbeats headphones and secured a $9.75 million settlement for the class, which is pending preliminary approval.

*Wallace v. Wells Fargo Bank, N.A.,* **No. 17CV31775 (Sup. Ct. Ca., Santa Clara Cty.).** Tycko & Zavareei LLP serve as Co-Lead Counsel in this case against Wells Fargo's overdraft fee practices. Tycko & Zavareei LLP recently moved for preliminary approval of a $10.5 million common fund class settlement.

*Roberts v. Capital One Financial Corporation,* **No. 16-cv-04841 (S.D.N.Y.).** As Co-Lead Counsel, Tycko & Zavareei LLP helped secure a $17 million settlement on behalf of Capital One customers forced to pay excessive overdraft fees.

*Hawkins v. First Tennessee Bank, N.A.,* **No. CT-0040851-11 (Cir. Ct. Shelby Cty. Tenn.).** As Co-Lead Counsel, Tycko & Zavareei LLP helped obtain a class settlement of $16.75 million on behalf of bank customers harmed by First Tennessee's predatory overdraft fees.

*Mascaro v. TD Bank, N.A.,* **No. 10-cv-21117 (S.D. Fla.).** Tycko & Zavareei LLP was appointed Class Counsel and was instrumental in obtaining a $62 million common fund on behalf of the class.

*Trombley v. National City Bank,* **No. 10-cv-00232 (D.D.C.).** Tycko & Zavareei LLP served as Lead Counsel and obtained a $12 million common fund settlement on behalf of a class of consumers.

*Taulava v. Bank of Hawaii,* **No. 11-1-0337-02 (Cir. Ct. of 1st Cir., Haw.).** As Co-Lead Counsel, Tycko & Zavareei LLP obtained a $9 million common fund for a class of customers who were harmed by Bank of Hawaii's overdraft fee practices.

*Bodnar v. Bank of America, N.A.,* **No. 14-cv-3224 (E.D. Pa.).** Tycko & Zavareei LLP served as lead Counsel and obtained a $27.5 million class settlement and significant injunctive relief.

*Lambert v. Navy Federal Credit Union,* **No. 19-cv-00103 (E.D. Va.).** Tycko & Zavareei LLP was appointed Class Counsel and helped secure a $16 million settlement on behalf of members of Navy Federal Credit Union who were harmed by the credit union's practice of assessing a second or third NSF Fee upon re-presentment of debit items or checks.

*Hamm v. Sharp Electronics Corp.,* **No. 19-cv-488 (M.D. Fla.).** Tycko & Zavareei LLP was appointed Co-Lead Counsel and was instrumental in providing relief valued at $109 million for class members exposed to a product defect in certain Sharp Microwave Drawer Ovens.

*Gibbs v. TCV V, LP & Gibbs v. Rees,* **Nos. 19-cv-789 & 20-cv-717 (E.D. Va.).** Tycko & Zavareei LLP was named class counsel in one of, if not, the largest unlawful tribal payday lending schemes. Thus far, class counsel has been able to obtain a settlement fund over $60 million as well as the cancellation of $380 million in loans.

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



## Our Diversity

Tycko & Zavareei LLP is committed to fostering an equitable, diverse, and inclusive work environment. We believe that a diverse team significantly improves our work product and ability to innovate, enhances our ability to serve our clients, and strengthens our ability to attract talented individuals. We strive to maintain a culture that celebrates the strengths of every team member. The firm engages in ongoing efforts to foster a culture of mutual respect and attract, retain, and promote outstanding lawyers and staff from all backgrounds, perspectives, and abilities.

Our team was honored with the 2022 Diversity Initiative Award from The National Law Journal's Elite Trial Lawyers recognition program.

## Tycko & Zavareei LLP's Firm Breakdown:

### Attorneys

- **70%** of attorneys identify as women
- **78%** of partners identify as women
- **35%** of attorneys identify as persons of color
- **30%** of attorneys identify as LGBTQIA+

### Attorneys and Staff

- **82%** identify as women
- **18%** identify as persons of color
- **46%** identify as LGBTQIA+

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Hassan A. Zavareei

## Partner

202.973.0900
hzavareei@tzlegal.com



Mr. Zavareei has devoted the last two decades to recovering hundreds of millions of dollars on behalf of consumers and workers. He has served in leadership roles in dozens of class action cases and has been appointed Class Counsel on behalf of numerous litigation and settlement classes. An accomplished and experienced attorney, Mr. Zavareei has litigated in state and federal courts across the nation in a wide range of practice areas; tried several cases to verdict; and successfully argued numerous appeals, including in the D.C. Circuit, the Fourth Circuit, and the Fifth Circuit.

After graduating from UC Berkeley School of Law, Mr. Zavareei joined the Washington, D.C. office of Gibson, Dunn & Crutcher LLP. There, he managed the defense of a nationwide class action brought against a major insurance carrier, along with other complex civil matters. In 2002, Mr. Zavareei founded Tycko & Zavareei LLP with his partner Jonathan Tycko.

Mr. Zavareei has served as lead counsel or co-counsel in dozens of class actions involving deceptive business practices, defective products, and/or privacy. He has been appointed to leadership roles in multiple cases. As Lead Counsel in an MDL against a financial services company that provided predatory debit cards to college students, Mr. Zavareei spearheaded a fifteen-million-dollar recovery for class members. He is currently serving as Co-Lead Counsel in consolidated proceedings against Fifth Third Bank, and on the Plaintiffs' Executive Committee in MDL litigation against TD Bank. As Co-Lead Counsel in *Farrell v. Bank of America*, a case challenging Bank of America's punitive overdraft fees, Mr. Zavareei secured a class settlement valued at $66.6 million in cash and debt relief, together with injunctive relief forcing the bank to change a practice that will save millions of low-income consumers approximately $1.2 billion in overdraft fees. In his Order granting final approval, Judge Lorenz of the U.S. District Court for the Southern District of California described the outcome as a "remarkable" accomplishment achieved through "tenacity and great skill."

### Education

UC Berkeley School of Law, 1995, Order of the Coif

Duke University, 1990, *cum laude*

### Bar Admissions

California
District of Columbia
Maryland
Supreme Court of the United States

### Memberships

Public Justice, Board Member
American Association for Justice

### Awards

Washington Lawyers Committee, Outstanding Achievement Award

Super Lawyer

Lawdragon 500

### Presentations & Publications

Witness Before the Subcommittee on the Constitution and Civil Justice, 115th Congress

Witness Before the Civil Rules Advisory Committee, 2018, 2019

Editor, Duke Law School Center for Judicial Studies, Guidance on New Rule 23 Class Action Settlement Provisions

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808

# TYCKO & ZAVAREEI LLP



# Andrea R. Gold

## Partner

202.973.0900
agold@tzlegal.com

Andrea Gold has spent her legal career advocating for consumers, employees, and whistleblowers. Ms. Gold has litigated numerous complex cases, including through trial. Her extensive litigation experience benefits the firm's clients in both national class action cases as well as in qui tam whistleblower litigation.

She has served as trial counsel in two lengthy jury trials.

In her class action practice, Ms. Gold has successfully defended dispositive motions, navigated complex discovery, worked closely with leading experts, and obtained contested class certification. Her class action cases have involved, amongst other things, unlawful bank fees, product defects, violations of the Telephone Consumer Protection Act, and deceptive advertising and sales practices.

Ms. Gold also has significant civil rights experience. She has represented individuals and groups of employees in employment litigation, obtaining substantial recoveries for employees who have faced discrimination, harassment, and other wrongful conduct. In addition, Ms. Gold has appellate experience in both state and federal court.

Prior to joining Tycko & Zavareei LLP, Ms. Gold was a Skadden fellow. The Skadden Fellowship Foundation was created by Skadden, Arps, Slate, Meagher & Flom LLP, one of the nation's top law firms, to support the work of new attorneys at public interest organizations around the country.

Ms. Gold earned her law degree from the University of Michigan Law School, where she was an associate editor of the Journal of Law Reform, co-President of the Law Students for Reproductive Choice, and a student attorney at the Family Law Project clinical program. Ms. Gold graduated with high distinction from the University of Michigan Ross School of Business in 2001, concentrating her studies in Finance and Marketing.

## Education

University of Michigan Law School, 2004

University of Michigan, Ross School of Business, 2001

## Bar Admissions

District of Columbia
Illinois
Maryland
Supreme Court of the United States

## Memberships

American Association for Justice

National Associate of Consumer Advocates

National Employment Lawyers Association

Public Justice

Taxpayers Against Fraud Education Fund

## Awards

National Trial Lawyers, Top 100 Civil Plaintiff Lawyers, 2020

Super Lawyers, Rising Star

Skadden Fellow, Skadden Arps Slate Meagher & Flom LLP, 2004-2006

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Jonathan Tycko

## Partner

202.973.0900
jtycko@tzlegal.com



In his 29 years of practice, Jonathan Tycko has represented a wide range of clients, including individuals, Fortune 500 companies, privately-held business, and non-profit associations, in both trial and appellate courts around the country. Although he continues to handle a variety of cases, his current practice is focused primarily on helping whistleblowers expose fraud and corruption through qui tam litigation under the False Claims Act and other similar whistleblower statutes. Mr. Tycko's whistleblower clients have brought to light hundreds of millions of dollars in fraud in cases involving healthcare, government contracts, and customs duties, banking and tax. He is a frequent author and speaker on issues relating to whistleblower cases.

Prior to founding Tycko & Zavareei LLP in 2002, Mr. Tycko was with Gibson, Dunn & Crutcher LLP, one of the nation's top law firms. He received his law degree in 1992 from Columbia University Law School, and earned a B.A. degree, with honors, in 1989 from The Johns Hopkins University. After graduating from law school, Mr. Tycko served for two years as law clerk to Judge Alexander Harvey, II, of the United States District Court for the District of Maryland.

In addition to his private practice, Mr. Tycko is an active participant in other law-related and community activities. He has served as Co-Chair of the Education Committee of the Taxpayers Against Fraud Education Fund, charged with planning the premier annual conference of whistleblower attorneys and their counterparts at the United States Department of Justice and other government agencies. He has taught as an Adjunct Professor at the George Washington University Law School. He is a former member and Chairperson of the Rules of Professional Conduct Review Committee of the District of Columbia Bar, where he helped draft the ethics rules governing members of the bar. And Mr. Tycko was a long-time member of the Board of Trustees of Studio Theatre, one of the D.C. area's top non-profit theaters.

Mr. Tycko is admitted to practice before the courts of the District of Columbia, Maryland and New York, as well as before numerous federal courts around the country.

### Education

Columbia University Law School, 1992

The Johns Hopkins University, 1989, with Honors

### Bar Admissions

District of Columbia
Maryland
New York
Supreme Court of the United States

### Memberships

Law360 Government Contracts Editorial Board Member

American Association for Justice

Public Justice

Taxpayers Against Fraud Education Fund (TAFEF)

### Awards and Honors

2020 National Law Review Go-To Thought Leader Award for False Claims Act

Super Lawyers, 2012-current

Member of the D.C. Bar Leadership Academy

Stone Scholar (all three years), Columbia Law School

Thomas E. Dewey Prize for Best Brief, Harlan Fiske Stone Moot Court Competition, Columbia Law School

Tycko & Zavareei LLP
Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20036
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Anna Haac

## Partner

202.973.0900
ahaac@tzlegal.com



Anna C. Haac is a Partner in Tycko & Zavareei LLP's Washington, D.C. office. She focuses her practice on consumer protection class actions and whistleblower litigation. Her prior experience at Covington & Burling LLP, one of the nation's most prestigious defense-side law firms, gives her a unique advantage when representing plaintiffs against large companies in complex cases. Since arriving at Tycko & Zavareei LLP, Ms. Haac has represented consumers in a wide range of practice areas, including product liability, false labeling, deceptive and unfair trade practices, and predatory financial practices. Her whistleblower practice involves claims for fraud on federal and state governments across an equally broad spectrum of industries, including health care fraud, customs fraud, and government contracting fraud.

Ms. Haac has helped secure multimillion-dollar relief on behalf of the classes and whistleblowers she represents. Ms. Haac also serves as the D.C. Co-Chair of the National Association of Consumer Advocates and as Co-Chair of the Antitrust and Consumer Law Section Steering Committee of the D.C. Bar.

Ms. Haac earned her law degree *cum laude* from the University of Michigan Law School in 2006 and went on to clerk for the Honorable Catherine C. Blake of the United States District Court for the District of Maryland. Prior to law school, Ms. Haac graduated with a B.A. in political science with Highest Distinction from the Honors Program at the University of North Carolina at Chapel Hill.

Ms. Haac is a member of the District of Columbia and Maryland state bars. She is also admitted to the United States Court of Appeals for the Second, Third, and Fourth Circuits and the United States District Courts for the District of Columbia, District of Maryland, and the Eastern District of Michigan, among others.

### Education

University of Michigan Law School, 2006, *cum laude*

University of North Carolina at Chapel Hill, 2002, Highest Honors

### Bar Admissions

District of Columbia
Maryland

### Memberships

Antitrust & Consumer Protection Section of District of Columbia Bar, Co-Chair (2017-2020)

National Association of Consumer Advocates, District of Columbia Co-Chair

Public Justice

### Awards

2022 & 2023 Washington, D.C. Super Lawyers List

### Presentations & Publications

Pre-conference Workshop Co-Chair and Speaker, "So You Want to be a Class Action Attorney," National Association of Consumer Advocates Spring Training (May 2022).

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Annick M. Persinger

### Partner

510.254.6808
apersinger@tzlegal.com



Annick M. Persinger leads Tycko & Zavareei LLP's California office as California's Managing Partner. While at Tycko & Zavareei LLP, Ms. Persinger has dedicated her practice to utilizing California's prohibitions against unfair competition and false advertising to advocate for consumers. Ms. Persinger has taken on financial institutions, companies that take advantage of consumers with deceptive advertising, tech companies that disregard user privacy, companies that sell defective products, and mortgage loan servicers. Ms. Persinger also represents whistleblowers who expose their employer's fraudulent practices.

Ms. Persinger graduated magna cum laude as a member of the Order of the Coif from the University of California, Hastings College of the Law in 2010. While in law school, Ms. Persinger served as a member of Hastings Women's Law Journal, and authored two published articles. In 2008, Ms. Persinger received an award for Best Oral Argument in the first year moot court competition. In 2007, Ms. Persinger graduated *cum laude* from the University of California, San Diego with a B.A. in Sociology, and minors in Law & Society and Psychology.

Following law school, Ms. Persinger worked as a legal research attorney for Judge John E. Munter in Complex Litigation at the San Francisco Superior Court.

Ms. Persinger served as an elected board member of the Bay Area Lawyers for Individual Freedom (BALIF) from 2017 to 2019, and as Co-Chair of BALIF from 2018 to 2019. During her term on the BALIF Board of Directors, Ms. Persinger advocated for LGBTQI community members with intersectional identities, and promoted anti-racism and anti-genderism. Ms. Persinger now serves as a Steering Committee member for the Cambridge Forum on Plaintiffs' Food Fraud Litigation.

## Education

University of California Hastings College of Law, 2010, *magna cum laude,* Order of the Coif

University of California San Diego, 2007, *cum laude*

## Bar Admissions

California

## Memberships

American Association for Justice

Plaintiffs' Food Fraud Litigation, 2020 Steering Committee Member

Public Justice

## Awards

Elite Women of the Plaintiffs Bar (2022)

Super Lawyer, Rising Star 2020

UC Hastings, Best Oral Argument 2008

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Sabita J. Soneji

## Partner

510.254.6808
ssoneji@tzlegal.com



In 20 years of practice, Sabita J. Soneji has developed extensive experience in litigation and legal policy at both the federal and state level and a passion for fighting consumer fraud. Now a Partner in Tycko & Zavareei LLP's Oakland office, she focuses on consumer protection class actions and whistleblower litigation. In addition to her success with novel Telephone Consumer Protection cases, False Claims Act cases involving insurance fraud, and deceptive and false advertising cases, Ms. Soneji serves in leadership on multi-district litigation against Juul, for its manufacture and marketing to youth of an addictive nicotine product. Ms. Soneji also successfully represents consumers harmed by massive data breaches and by corporate practices that collect and monetize user data without consent. She serves as head of the firm's Privacy and Data Breach Group.

Ms. Soneji began that work during her time with the United States Department of Justice, as Senior Counsel to the Assistant Attorney General. In that role, she oversaw civil and criminal prosecution of various forms of financial fraud that arose in the wake of the 2008 recession. For that work, Ms. Soneji partnered with other federal agencies, state attorneys' general, and consumer advocacy groups. Beyond that affirmative work, Ms. Soneji worked to defend various federal programs, including the Affordable Care Act in nationwide litigation.

Ms. Soneji has extensive civil litigation experience from her four years with international law firm, her work as an Assistant United States Attorney in the Northern District of California, and from serving as Deputy County Counsel for Santa Clara County, handling civil litigation on behalf of the County including regulatory, civil rights, and employment matters. She has successfully argued motions and conducted trials in both state and federal court and negotiated settlements in complex multi-party disputes.

Early in her career, Ms. Soneji clerked for the Honorable Gladys Kessler on the United States District Court for the District of Columbia s, during which she assisted the judge in overseeing the largest civil case in American history, *United States v. Phillip Morris, et al.*, a civil RICO case brought against major tobacco manufacturers for fraud in the marketing, sale, and design of cigarettes. The opinion in that case paved the way for Congress to authorize FDA regulation of cigarettes.

Ms. Soneji is a graduate of the University of Houston, *summa cum laude*, with degrees in Math and Political Science, and Georgetown University Law Center, *magna cum laude*.

## Education

Georgetown University Law Center, *magna cum laude*

University of Houston, *summa cum laude*

## Bar Admissions

District of Columbia
California
Supreme Court of the United States

## Memberships

Ninth Circuit Judicial Council Lawyer Representative for the Northern District of California, 2023-2025

Law360 Diversity & Inclusion Editorial Advisory Board Member, 2022-2023

American Association for Justice

Public Justice, 2022-2023 Member of the Board of Directors

Impact Fund

Taxpayers Against Fraud Education Fund (TAFEF)

## Awards

Attorney General's Award 2014

## Presentations & Publications

"FTC investigation of ChatGPT a win for consumers," The Daily Journal (July 24, 2023)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Kristen G. Simplicio

## Partner

202.973.0900
ksimplicio@tzlegal.com



Kristen G. Simplicio has devoted her career to representing victims of illegal debt collection practices, false advertising, and other fraudulent and unfair corporate schemes. Prior to joining Tycko & Zavareei LLP's D.C. office in 2020, she spent ten years at a boutique class action firm in California.

Ms. Simplicio is currently representing plaintiffs in several cases in the education field. She is serving as counsel for plaintiffs in a case against a prominent university and its for-profit recruiting partner over a decade-long advertising campaign centering on the school's artificially inflated U.S. News rankings. She is also currently representing plaintiffs in a RICO suit against an online for-profit university over a deceptive scheme to enroll students into fraudulent professional degree programs.

In addition to her work in the education space, Ms. Simplicio has represented plaintiffs in a wide variety of areas. For example, she was the lead associate on RICO case on behalf of small business owners against 18 defendants in the credit card processing industry. In connection with that case, she obtained a preliminary injunction halting an illegal $10 million debt collection scheme, and later, helped to secure refunds and changed practices for the victims. She has also secured a number of victories on behalf of homeowners as a result of her work representing plaintiffs in over a dozen cases filed around the country against mortgage loan servicers over fees charged in violation of the Fair Debt Collection Practices Act and related state statutes.

Ms. Simplicio graduated *cum laude* from American University, Washington College of Law in 2007. She holds a bachelor's degree from McGill University. She began her legal career at the United States Department of Labor, where she advised on regulations pertaining to group health insurance plans. Before and during law school, Ms. Simplicio worked for other plaintiffs' law firms.

Ms. Simplicio serves as the D.C. Co-Chair of the National Association of Consumer Advocates. She is admitted to practice in California, the District of Columbia, and the Supreme Court of the United States.

### Education

American University, Washington College of Law, 2007, *cum laude*
McGill University, 1999

### Bar Admissions

California
District of Columbia
Supreme Court of the United States

### Memberships

D.C. Co-Chair of the National Association of Consumer Advocates

American Association for Justice

Public Justice

### Presentations & Publications

"Class Action Waivers, Arbitration Clauses," and "Digital Payment Claims Rates – Western Alliance Bank Research," panel discussions at Western Alliance Bank's Annual Class Action Law Forum (March 15-16, 2023)

"Rule 23(c)(5) Subclasses: Certification, Due Process, Adequate Representation, and Settlement," Faculty Member for Strafford CLE Webinar (February 23, 2023)

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Renée Brooker

### Partner

202.417.3664
reneebrooker@tzlegal.com



Bringing 30 years of practice, knowledge, and expertise as a former prosecutor in a senior leadership position at the United States Department of Justice, Renée Brooker is now representing whistleblowers. While at the Department of Justice for over two decades, Ms. Brooker was responsible for billions of dollars in recoveries under whistleblower laws. As an accomplished and experienced attorney, Ms. Brooker has advised and represented whistleblowers under the False Claims Act (FCA), the Anti-Kickback Statute and Stark Law, FIRREA (bank fraud, mail, and wire fraud), the Financial Institutions Anti-Fraud Enforcement Act (FIAFE), and the Whistleblower Programs of the SEC, the CFTC, and the IRS.

As Assistant Director within the Civil Division of the United States Department of Justice, Ms. Brooker was responsible for sizeable recoveries and successful judgments under the False Claims Act, FIRREA, and civil RICO in almost every industry: pharmaceutical, health care, defense, financial services, government procurement, small business, insurance, tobacco products, and higher education.

Ms. Brooker received her law degree in 1990 from Georgetown University Law Center, and a B.S. degree in 1987 from Temple University. After graduating from Georgetown, Ms. Brooker served as a Law Clerk to Judge Noël Kramer in the District of Columbia for one year before joining the United States Department of Education as an attorney. Ms. Brooker was hired as part of the enforcement response to Congressional investigations of fraud in federal student aid programs affecting consumers and taxpayers. Prior to joining Tycko & Zavareei LLP in 2020, Ms. Brooker worked at another prominent whistleblower firm where she advised and represented whistleblowers while expanding the firm's whistleblower practice. Ms. Brooker also served as a member of the United States Department of Justice-appointed Independent Corporate Compliance Monitor and Auditor for Volkswagen under its Plea Agreement and Consent Decree with the United States Department of Justice.

## Education

Georgetown University Law Center, J.D.
Temple University, B.S.

## Bar Admissions

District of Columbia
Pennsylvania

## Memberships

Taxpayers Against Fraud Education Fund (TAFEF)

Board Member, Federal Bar Association Qui Tam Section

National Employment Lawyers Association (NELA)

## Awards

Department of Justice Commendation Award for recovering billions of dollars under the Big Lender Initiative, 2016

Council of the Inspectors General on Integrity and Efficiency Award for Excellence for $1.2 billion False Claims Act settlement with Wells Fargo, 2016

Department of Justice Award for "a record of outstanding actions and accomplishments," 2015

Attorney General's Award for Fraud Prevention, 2011

Department of Justice Award for prosecuting Big Tobacco under RICO, 2005

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Eva Gunasekera

## Partner

202.417.3655
eva@tzlegal.com



Bringing 16 years of complex litigation experience practice, Eva Gunasekera, the former Senior Counsel for Health Care Fraud at the United States Department of Justice, is now representing whistleblowers. Ms. Gunasekera has spent the better part of her career enforcing the False Claims Act and the Stark and Anti-Kickback laws.

Highly strategic, Ms. Gunasekera has many notable successes under her belt, sizeable recoveries under the False Claims Act, and has held companies accountable for fraudulent conduct that harmed important government programs such as Medicare and Medicaid. With deep health care fraud expertise, she has investigated, litigated, and settled cases involving all federal health care programs (Medicare, Medicaid, TRICARE, FEHB). Ms. Gunasekera is an expert on analyzing complex health care data sets, including Medicare and Medicaid payment data and trends, to identify potentially fraudulent practices. She has enforced anti-fraud laws and represented whistleblowers across industries: pharmaceutical manufacturers, health care providers, hospitals, physicians, physician groups, laboratories, managed care, pharmacies, hospice and nursing home providers, financial institutions, government suppliers, automotive, small businesses, and defense contractors. Many of her investigations involved parallel criminal proceedings and compliance and whistleblower programs of health care organizations, including those subjected to Corporate Integrity Agreements and oversight by Independent Review Organizations, as required by the U.S. Department of Health and Human Services, Office of Inspector General (HHS-OIG).

After graduating with her Master's in Public Administration from Ohio University, and from Georgetown University Law Center, Ms. Gunasekera practiced law at two international law firms. She acted as second chair during administrative trials and handled complex commercial litigation. Ms. Gunasekera also played a significant role on the team that represented the Enron Creditors Recovery Corp in the bankruptcy proceeding, successfully returning billions of dollars to creditors in the wake of the Enron scandal. Further, Ms. Gunasekera represented clients in pro bono matters, including the successful defense of an individual seeking asylum and as guardian ad litem for three children.

## Education

Georgetown University Law Center, J.D., 2004

Ohio University, M.A., 2001

Ohio University, B.A, 2000

## Bar Admissions

District of Columbia

Ohio

## Memberships

Taxpayers Against Fraud Education Fund (TAFEF)

Federal Bar Association Qui Tam Section

## Presentations & Publications

Quoted in: "They Lost Their Legs. Doctors and Health Care Giants Profited," The New York Times (July 15, 2023)

"Whistleblower Rewards 101" – Scottsdale (Arizona) Bar Association (March 9, 2021)

"Should the False Claims Act be Amended to Define Falsity?" - Federal Bar Association, Qui Tam Section (February 17, 2021)

Law review article: False Claims Act, the opioid crisis, whistleblowing, Emory University Law School, February 26, 2019

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Allison W. Parr

## Associate

202.973.0900
aparr@tzlegal.com



Prior to joining Tycko & Zavareei LLP in 2021, Allison W. Parr was an associate in the Washington, D.C. office of Mayer Brown LLP, where she represented corporations in complex commercial litigation, including cases involving unfair competition and false advertising claims. Previously, Ms. Parr was a litigation associate in the New York office of Kramer Levin Naftalis & Frankel LLP, where she maintained an active pro bono practice in LGBTQ civil rights.

Ms. Parr graduated from the Georgetown University Law Center in 2018, where she served as the Articles and Notes Editor for the Food and Drug Law Journal. During law school, Ms. Parr externed for the Commercial Litigation Branch, Fraud Section of the Department of Justice, where she assisted with cases involving allegations of fraud against the government. Ms. Parr received her Bachelor of Music from the Peabody Institute of the Johns Hopkins University in 2013.

Ms. Parr is admitted to practice in New York, the District of Columbia, and the United States Supreme Court.

### Education

Georgetown University Law Center, 2018

John Hopkins University, 2013, with High Honors

### Bar Admissions

New York
District of Columbia
Supreme Court of the United States

### Memberships

Public Justice
The Sedona Conference

### Awards

Selected to 2022 & 2023 Washington, D.C. Super Lawyers Rising Stars List

### Presentations & Publications

Interview with Public Justice, "Texas Two-Step Called Out in Third Circuit" (2023)

Co-author, "J&J Can't Be Allowed To Dodge Civil Justice With Bankruptcy," Law360 (2022).

Agribusiness and Antibiotics: A Market-Based Solution, 73 Food & Drug L.J. 338 (2018)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Lauren Kuhlik

### Associate

202.973.0900
lkuhlik@tzlegal.com



Prior to joining Tycko & Zavareei in 2021, Lauren Kuhlik was a fellow at the National Prison Project of the American Civil Liberties Union, where she engaged in litigation and other advocacy to stop unconstitutional and illegal practices by prison and jail administrators and ICE. She focused on improving conditions of confinement for pregnant and postpartum people, as well as fighting to eliminate the inhumane practice of solitary confinement. During the COVID-19 crisis, Ms. Kuhlik maintained an extensive habeas practice seeking to secure the release of detained individuals with medical vulnerabilities.

Ms. Kuhlik graduated *cum laude* from Harvard Law School in 2017. She also received a Masters in Public Health from the Harvard T.H. Chan School of Public Health in 2017. Following law school, Ms. Kuhlik clerked for the Honorable Stephen Glickman of the District of Columbia Court of Appeals. She has published articles regarding the treatment of pregnant incarcerated people in the Harvard Law and Policy Review and the Harvard Civil Rights-Civil Liberties Law Review. Ms. Kuhlik has also published about gender and incarceration in USA Today and Ms. Magazine, among others.

### Education

Harvard Law School, 2017, *cum laude*

Harvard T.H. Chan School of Public Health, M.P.H., 2017

Wesleyan University, BA in Philosophy with Honors, 2011

### Bar Admissions

District of Columbia

Virginia (inactive)

### Memberships

Public Justice

### Publications & Presentations

National Abortion Federation Annual Meeting (2021)

Pregnancy, Systematic Disregard and Degradation, and Carceral Institutions, Harvard Law & Policy Review (2020)

Harvard Law & Policy Review Fall Symposium (2019)

Society of Family Planning Annual Meeting (2019)

George Mason University Law School Civil Rights Law Journal Symposium (2019)

Pregnancy Behind Bars: The Constitutional Argument for Reproductive Healthcare Access in Prison, Harvard Civil Rights & Civil Liberties Law Review (2017)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Leora N. Friedman

## Associate

202.973.0900
lfriedman@tzlegal.com



Leora Friedman received her J.D. from Georgetown University Law Center in 2020.

At Georgetown Law, Leora obtained diverse legal experience through experiential courses led by the O'Neill Institute for National and Global Health Law and by the Institute for Constitutional Advocacy and Protection. In addition, she authored papers proposing new legal frameworks for addressing the negative health impacts of electronic cigarettes and improving pandemic preparedness through writing-intensive coursework.

During law school, Leora also served as an intern for the Department of Justice's Office of Vaccine Litigation and its Consumer Protection Branch. She was an Executive Editor for the Georgetown Environmental Law Review, which published her note "Recommending Judicial Reconstruction of Title VI to Curb Environmental Racism: A Recklessness-Based Theory of Discriminatory Intent."

Previously, Leora was the Rockefeller Foundation's Princeton Project 55 Fellow from 2014-2015 and, thereafter, aided international health advocacy campaigns at Global Health Strategies.

She graduated from Princeton University with an A.B. in Politics in 2014.

## Education

Georgetown University Law Center, 2020

Princeton University, 2014

## Bar Admissions

District of Columbia

## Memberships

Public Justice

Executive Editor, Georgetown Environmental Law Review, 2019–2020

## Awards

Selected to 2023 Washington, D.C. Super Lawyers Rising Stars List

## Publications

Co-author, "J&J Can't Be Allowed To Dodge Civil Justice With Bankruptcy," Law360 (2022).

*Recommending Judicial Reconstruction of Title VI to Curb Environmental Racism: A Recklessness-Based Theory of Discriminatory Intent*, 32 GEO. ENV'T L. REV. 421 (2020)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Spencer Hughes

## Associate

510.254.6808
shughes@tzlegal.com



Spencer Hughes is an associate in the Oakland office who regularly practices in both trial and appellate courts across the country. He represents consumers in class actions and defamation cases against some of the largest corporations in the world.

Mr. Hughes's practice covers the full lifespan of a case, from investigating and filing suit to briefing and arguing appeals. He has represented clients in the Supreme Court of the United States, five U.S. Courts of Appeals, and state and federal trial courts in California, Washington, D.C., New York, Pennsylvania, Ohio, Michigan, Washington, and Texas.

Before joining Tycko & Zavareei LLP, Mr. Hughes was an associate in the Washington, D.C. office of Kirkland & Ellis LLP, one of the nation's top defense-side law firms. He gained invaluable experience and learned the strategies used by defendants in consumer protection litigation. Mr. Hughes maintained an active pro bono practice at Kirkland & Ellis and received the firm's Pro Bono Service Award for four consecutive years.

Mr. Hughes earned his Juris Doctor from Duke University School of Law in 2017, where he served an editor of the Duke Law Journal. He clerked for the Honorable Gerald Bard Tjoflat of the U.S. Court of Appeals for the Eleventh Circuit.

Mr. Hughes graduated with honors from Iowa State University in 2014, earning a Bachelor of Arts in rhetoric and political science. He served as the university's Student Body President for the 2013-14 academic year.

## Education

Duke University School of Law, 2017
Iowa State University, 2014, *cum laude*

## Bar Admissions

California

District of Columbia

Supreme Court of the United States

## Memberships

American Constitution Society

Public Justice

## Awards

Selected to 2023 Washington, D.C. Super Lawyers Rising Stars List

## Presentations & Publications

Co-Author, "Tools To Fight Delay From Arbitrability Appeals After Coinbase," Law360 (August 1, 2023)

Tycko & Zavareei LLP
2000 Pennsylvania Ave. NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Gemma Seidita

## Associate

202.973.0900
gseidita@tzlegal.com



Gemma Seidita is an associate in the Washington, D.C. office where she focuses on civil rights cases and advocating for whistleblowers and consumers.

Prior to joining Tycko & Zavareei LLP in 2022, Ms. Seidita was an associate in the Washington, D.C. office of Cooley LLP, where she represented clients in complex commercial litigation and investigations, including cases involving securities, trade secret, and unfair competition claims. At Cooley, Ms. Seidita maintained an active pro bono practice in civil rights and immigration areas. Ms. Seidita was a member of the trial team in the historic federal *Sines v. Kessler* litigation where white supremacists were put on trial for their conspiratorial actions in planning and committing violence at the Unite the Right rally in Charlottesville, Virginia.

Ms. Seidita graduated from Duke University School of Law in 2018 where she earned a J.D. and an LLM in international and comparative law. While in law school, she served as a Research Editor for the Duke Environmental Law and Policy Forum. Ms. Seidita received her Bachelor of Arts in Foreign Affairs from the University of Virginia in 2015.

### Education

Duke University School of Law, 2018, *cum laude*

University of Virginia, 2015, with Distinction

### Bar Admissions

California
District of Columbia
Massachusetts

### Memberships

Public Justice

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Jaclyn S. Tayabji

## Associate

202.973.0900
jtayabji@tzlegal.com



Jaclyn Tayabji is an Associate in the Washington D.C. office. She was the 2021-2023 Public Interest Fellow at Tycko & Zavareei LLP. Jaclyn received her J.D. *magna cum laude* from Boston University School of Law in 2021. While in law school, Jaclyn embraced experiential learning opportunities and consistently utilized her legal skills to promote the public interest. Jaclyn completed a legal internship in the Consumer Protection Division of the Massachusetts Attorney General's Office and a judicial externship with the Honorable Vickie L. Henry on the Massachusetts Appeals Court. As a Student Attorney in the Access to Justice Civil Litigation Clinic, Jaclyn represented low-income clients in various civil disputes, including defending tenants in summary process evictions and facilitating discovery production in a federal employment discrimination case.

In law school, Jaclyn served as an Editor for the *Boston University Law Review* and was elected to leadership positions in the Middle Eastern & South Asian Law Students Association, the International Law Society, and the Public Interest Project. Jaclyn was also selected to serve on the Public Interest Committee alongside fellow students, faculty, and staff to review the policies and programs related to public service offerings at Boston University School of Law and to advocate for institutional resources.

Jaclyn received her B.A. in International Studies and African Studies from Emory University in 2016. Prior to law school, Jaclyn served with the Peace Corps in Malawi and subsequently worked as a Recovery Coach through the inaugural AmeriCorps-Police Assisted Addiction & Recovery Initiative program.

### Education

Boston University School of Law, 2021, *magna cum laude*

Emory University, 2016

### Bar Admissions

District of Columbia

### Memberships

Public Justice

### Awards

Ranked in 2024 Best Lawyers Ones to Watch

### Presentations & Publications

Co-Authored with Renée Brooker, "All Hands on Deck: The Role of Government Employees as Qui Tam Relators," University of Cincinnati Law Review (May 11, 2023)

Co-Authored with Renée Brooker, "The ABCs of Qui Tam Actions," Trial (January 2023)

"Rehabilitation Under the Rehabilitation Act: The Case for Medication-Assisted Treatment in Federal Correctional Facilities," 101 B.U. L. REV. ONLINE 79 (2021)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# David W. Lawler

## Of Counsel

202.973.0900
dlawler@tzlegal.com



Mr. Lawler joined Tycko & Zavareei LLP in January 2012. He has over twenty years of commercial litigation experience, including an expertise in eDiscovery and complex case management. At the firm Mr. Lawler has represented consumers in numerous practice areas, including product liability, false labeling, deceptive and unfair trade practices, and antitrust class actions litigation.

Before joining Tycko & Zavareei LLP, Mr. Lawler was an associate in the litigation departments at McKenna & Cuneo LLP and Swidler Berlin Shereff Friedman LLP.

Among Mr. Lawler's career achievements include the co-drafting of appellate briefs which resulted in rare reversal and entry of judgment in favor of client, US Court of Appeals for the Fourth Circuit.

Mr. Lawler is a member of the District of Columbia Bar, as well as numerous federal courts.

### Education

Creighton University School of Law, 1997

University of California, Berkeley, 1989

### Bar Admissions

District of Columbia

### Memberships

American Association for Justice

Public Justice

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# F. Peter Silva II

## Of Counsel

202.973.0900
psilva@tzlegal.com



Peter Silva is a zealous advocate for consumers, workers, and individuals whose rights have been violated by the government, employers, and financial institutions. Over the last decade, Peter has successfully represented clients in civil rights, consumer protection, and foreclosure defense cases in negotiations, mediations, arbitrations, and at trial in state and federal courts and before various administrative agencies.

Prior to joining Tycko & Zavareei LLP, Peter represented individuals and small businesses as a Partner with Gowen Silva & Winograd, PLLC. Peter's work on behalf of Maryland, D.C., and Virginia homeowners has prevented dozens of foreclosures through loan modifications, settlements, and litigation. Peter not only defends foreclosures, but countersues for violations of state and federal lending and servicing laws. Peter has successful brought and defended lawsuits against America's biggest banks and mortgage servicers including Wells Fargo, Bank of America, U.S. Bank, Fannie Mae, Freddie Mac, Mr. Cooper/Nationstar Mortgage, Bayview Loan Servicing, and Ocwen Loa

n Servicing. Through aggressive litigation and creative settlement solutions, Peter has obtained millions in damages and savings for his clients including principal and interest reductions, write-downs, and deficiency waivers. Peter's extensive knowledge of the foreclosure and loan modification processes, mortgage servicing industry and applicable state and federal laws including the Real Estate Settlement Procedures Act (RESPA) and Truth-in-Lending (TILA) allows him to provide clients with upfront and straightforward assessments of their options so that they can make an informed decision.

Peter has worked with local, state, and federal governments and non-profit entities to strengthen legal protections of consumers. Peter is a member of the National Association of Consumer Advocates.

At the beginning of his legal career, Peter worked extensively in the civil rights field as an attorney fellow for the Washington Lawyers' Committee for Civil Rights and Urban Affairs, and a law clerk with the Equal Employment Opportunity Commission and the civil rights interest group, People for the American Way.

## Education

University of Miami, School of Law, 2010
San Diego State University, 2007

## Bar Admissions

Virginia
District of Columbia
Maryland
Supreme Court of the United States

## Memberships

National Association of Consumer Advocates
Public Justice

## Presentations & Publications

"The Tactical Deployment of Regulation X: Loss Mitigation in Judicial, Quasi-Judicial, and Non-judicial States," National Association of Consumer Advocates (February 11, 2021)

"Foreclosures: What You Don't Know Will Hurt You!" National Association for the Advancement of Colored People

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Wesley M. Griffith

## Of Counsel

510.254.6808
wgriffith@tzlegal.com



Mr. Griffith is a graduate of the University of California, Berkeley and the University of Chicago Law School. After law school, Mr. Griffith spent a decade working at two of the nation's top defense firms, where he represented some of the world's largest companies in class actions, complex litigation, and regulatory matters.

Mr. Griffith now uses those same skills to advocate on behalf of his consumer clients. He is dedicated to tenaciously advancing his clients' interests through all phases of litigation, including trial and on appeal.

While Mr. Griffith's preference is always to litigate, he also knows that being an effective advocate sometimes means settling. Mr. Griffith has been involved with dozens of significant settlements over the course of his career, including settlements valued at over $100 million, and he has defended those settlements in parallel actions and on appeal.

Mr. Griffith maintains an active pro bono practice representing clients in civil rights cases. He serves on the pro bono panels for the Ninth Circuit Court of Appeal and the Eastern District of California, and was recognized in 2021 for his pro bono service to the Eastern District.

Mr. Griffith is a member of the California Bar and is admitted to practice in the U.S. District Courts for the Central, Eastern, Northern and Southern Districts of California, as well as the U.S. Judicial Panel on Multidistrict Litigation and the U.S. Courts of Appeal for the Second, Ninth, and Eleventh Circuits.

Mr. Griffith is a member of the Advisory Board of the Legal Aid Foundation of Los Angeles, and he has been repeatedly recognized for his mentorship to junior attorneys.

When not practicing law, Mr. Griffith enjoys spending time with his toddler and wife and hiking in the Sierras with his dog.

## Education

University of Chicago Law School, 2012

University of California, Berkeley, 2007, with Honors and Distinction

## Bar Admissions

California
Supreme Court of the United States

## Memberships

Pro Bono Panel, Ninth Circuit Court of Appeal

Pro Bono Panel, U.S. District Court for the Eastern District of California

Legal Aid Foundation of Los Angeles, Advisory Board Member

Public Justice

## Awards

2021 Honoree, U.S. District Court for the Eastern District of California Night to Honor Service

2020 and 2021 Mentorship Award, Jenner & Block LLP

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Shana Khader

## Of Counsel

202.973.0900
skhader@tzlegal.com



Shana Khader is passionate about using the legal system creatively to challenge abuses of power and to seek justice on behalf of traditionally marginalized communities and poor people–even in hard cases. In the past several years, she has specialized in representing low-income immigrant workers in Texas. As Senior Managing Attorney at the Equal Justice Center and as Director of Legal Services at Workers Defense Project, Ms. Khader represented workers in challenging abusive employment practices through class and individual litigation, policy advocacy, and community organizing. She also has extensive experience working with survivors of sexual harassment and assault at work. She has obtained favorable decisions and verdicts on behalf of her clients in state and federal court.

Prior to moving to Texas, Ms. Khader served as a Kirkland & Ellis Public Service Fellow at the New York Legal Assistance Group, where she represented low-income New Yorkers who were victimized by unscrupulous debt collectors in courts throughout the city.

Ms. Khader graduated with academic honors from Columbia Law School. She served as a judicial law clerk to the Honorable Debra C. Freeman, Magistrate Judge in the Southern District of New York.

Ms. Khader served as a member of the Dallas Civil Service Board, has served as a board member of the DFW chapter of the National Employment Lawyers Association, and is an alumna of the Latino Center for Leadership Development Leadership Academy. She is fluent in Spanish.

## Education

Columbia University School of Law, 2011, *James Kent Scholar*

Occidental College, 2005, *magna cum laude*

## Bar Admissions

New York
Texas
District of Columbia

## Memberships

American Association for Justice
Public Justice

## Awards

Kirkland & Ellis New York City Public Service Fellow

Hamilton Fellow

Pro Bono Honors

## Presentations & Publications

"Timekeeping and Teleworking in the Era of COVID," Texas Employment Lawyers Association Spring Seminar, (Apr. 2021)

"Taking the Sex out of Sexual Harassment: Why the 'Equal Opportunity Harasser' Defense Under Title VII Should be Eliminated." *Columbia Gender and Sexuality Law Journal Online*, (Spring 2011)

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite, 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Glenn Chappell

## Of Counsel

202.973.0900
gchappell@tzlegal.com



Glenn Chappell is Of Counsel in the Washington, D.C. office and is the chair of Tycko & Zavareei LLP's Appellate Practice Group. He works on class action and multidistrict matters involving consumer privacy, contract and insurance law, deceptive marketing, gaming addiction, and parental and child consumer rights.

Mr. Chappell has represented clients in numerous courts, including the United States Supreme Court, numerous federal circuit courts, and state appellate courts including the Supreme Court of Ohio, the North Carolina Court of Appeals, and the Louisiana Circuit Courts of Appeal. He has experience at every stage of pursuing and defending appeals, including oral argument, principal and amici brief writing, petitions for certiorari and interlocutory review, and motions practice. At the trial level, he plays a leading role in drafting and arguing dispositive motions, pursuing discovery, developing litigation strategy, and developing new cases.

Before joining Tycko & Zavareei, Mr. Chappell was an associate in the Washington, D.C. office of Gibson, Dunn & Crutcher LLP, one of the nation's most prestigious defense-side firms. During his time at Gibson Dunn, he practiced in the firm's award-winning Appellate and Constitutional Law and Litigation practice groups. He also maintained an active pro bono practice that focused on police and sentencing reform.

Mr. Chappell graduated *summa cum laude* from Duke University School of Law in 2017, where he dedicated more than 450 hours to pro bono work and served as Managing Editor of the *Duke Law Journal* and Senior Research Editor of the *Duke Law & Technology Review*. After graduation, he clerked for the Honorable Gerald Bard Tjoflat of the United States Court of Appeals for the Eleventh Circuit and the Honorable Anthony J. Trenga of the United States District Court for the Eastern District of Virginia. His legal scholarship has appeared in multiple publications, including the *Duke Law Journal* and the *University of Richmond Law Review*.

He graduated with honors from Saint Leo University, earning a Bachelor of Arts in Business Administration.

### Education

Duke University School of Law, 2017, *summa cum laude,* Order of the Coif

Saint Leo University, 2011, c*um laude*

### Bar Admissions

District of Columbia
Virginia
Supreme Court of the United States
United States Courts of Appeals for the Third, Fourth, Fifth, Ninth, and Eleventh Circuits
United States District Court for the Eastern District of Virginia
United States District Court for the Central District of Illinois

### Memberships

Order of the Coif

Public Justice

### Publications

*The Historical Case for Constitutional "Concepts"*, 53 UNIVERSITY OF RICHMOND LAW REVIEW 373 (2019)

*Health Care's Other "Big Deal": Direct Primary Care Regulation in Contemporary American Health Law*, 66 DUKE LAW JOURNAL 1331 (2017)

*Seeking Rights, Not Rent: How Litigation Finance Can Help Break Copyright's Precedent Gridlock*, 15 DUKE LAW & TECHNOLOGY REVIEW 269 (2017)

---

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808





# Cort Carlson

## Fellow

510.254.6808
ccarlson@tzlegal.com

Cort Carlson is a Public Interest Fellow in the Oakland, California office. Mr. Carlson received his J.D. from University of California, Berkeley, School of Law in 2022, with a Public Interest & Social Justice Certificate. During law school, Mr. Carlson immersed himself in public interest scholarship and advocacy. Mr. Carlson completed a judicial externship with the Honorable Kimberly J. Mueller, Chief United States District Judge for the Eastern District of California, worked on whistleblower cases as a law clerk for a public interest plaintiff-side law firm in the Bay Area, and worked on cases involving unsafe and unfair housing conditions as an extern at the San Francisco City Attorney's Office. Mr. Carlson was twice elected to editor positions on the *Ecology Law Quarterly*, one of the nation's leading environmental law reviews, and served on the *Berkeley Technology and Law Journal*. Outside of school, Mr. Carlson served as a student advocate for incarcerated youth in collaboration with the Contra Costa County Public Defender and was a student researcher for the Brady Center to Prevent Gun Violence. Mr. Carlson also participated in a state and local impact litigation practicum in which he worked alongside current and former government attorneys on justice-oriented affirmative litigation projects.

Mr. Carlson received his B.A. *Summa Cum Laude* in Anthropology and English with a minor in Political Science from The George Washington University in 2019. Mr. Carlson traces his passion for public interest advocacy to early experiences working on issues that uniquely affect vulnerable communities, including poverty, incarceration, environmental harm, and personal data protection. Prior to law school, Mr. Carlson served as an academic tutor to persons pursuing higher education while incarcerated at Prince George's County Correctional Center in Maryland. Mr. Carlson also conducted research on people's perceptions and management of privacy on their cellular devices in collaboration with the GW Anthropology Department and the Smithsonian Institution.

## Education

UC Berkeley School of Law, 2022

The George Washington University, 2019, *summa cum laude*

## Bar Admissions

California

United States District Court for the Northern District of California

United States District Court for the Eastern District of California

United States District Court for the Central District of California

United States District Court for the Southern District of California

## Memberships

Public Justice

## Awards

Ranked in 2024 Best Lawyers Ones to Watch

Public Interest & Social Justice Certificate, University of California, Berkeley, School of Law

Hart Award for Outstanding Academic Achievement, The George Washington University

Tycko & Zavareei LLP
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808



# Schuyler Standley

## Fellow

202.973.0900
sstandley@tzlegal.com



Schuyler Standley is a 2022-2024 Public Interest Fellow at Tycko & Zavareei LLP. Schuyler received her J.D. from the University of California, Berkeley School of Law in 2021. While in law school, Schuyler embraced experiential learning opportunities and consistently utilized her legal skills to promote the public interest. Before her fellowship, Schuyler clerked for the Honorable Katherine M. Menendez of the United States District Court for the District of Minnesota. She also served as a judicial fellow for the Honorable Joseph C. Spero, Chief Magistrate Judge of the United States District Court for the Northern District of California.

While in law school, Ms. Standley focused on experiential learning and pro bono work. She spent three semesters in the Samuelson Law, Technology, and Public Policy Clinic, where she assisted with litigation at the intersection of technology and civil rights.

### Education
UC Berkeley School of Law, 2021
American University, 2016

### Bar Admissions
Illinois
District of Columbia

### Memberships
Public Justice

Tycko & Zavareei LLP
2000 Pennsylvania Avenue,
NW, Suite 1010
Washington, DC 20006
202.973.0900

Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
510.254.6808

Tycko & Zavareei LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
510.254.6808