IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACKERLY MCFADDEN, CELINDA LAKE, MARY MONTGOMERY, and LILLIAN NELSON**, *on behalf of themselves and all others similarly situated*,<br><br>      Plaintiffs,<br>v.<br><br>**NATIONSTAR MORTGAGE LLC,** d/b/a MR. COOPER,<br><br>      Defendant. | Case No. 1:20-cv-00166 |

**FINAL JUDGMENT AND ORDER ON FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated November 8, 2023, on the application of the Settling Parties for approval of the Class Action Settlement Agreement. Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise stated herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Excluded from the Class is any person who timely and validly sought exclusion from the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Agreement, and finds that:

   a. in light of the benefits to the Class and the complexity and expense of further litigation, the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of the Class;

   b. there was no collusion in connection with the Settlement Agreement;

   c. Class Representatives and Class Counsel have adequately represented the Class;

   d. the Settlement Agreement was the product of informed, arm's-length negotiations among competent, able counsel;

   e. the relief provided for the Class is adequate, having taken into account (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

   f. the Settlement Agreement treats Class Members equitably relative to each other; and

   g. the record is sufficiently developed and complete to have enabled Class Representatives and Defendant to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions set forth in this Order. Except as to any individual claim of those person/s who have validly and timely requested exclusion from the Class, the Litigation and all claims alleged therein are dismissed with

prejudice as to the Class Representatives, and the other Class Members, as defined in the Settlement Agreement.

6. No person shall have any claim against the Class Representatives, Class Counsel, or the Claims Administrator, or any other person designated by Class Counsel, based on determinations or distributions made substantially in accordance with the Settlement Agreement or order of this Court.

7. The distribution and publication of notice of the settlement as provided for in this Court's Preliminary Approval Order of November 8, 2023, constituted the best notice practicable under the circumstances, including individual notice to Class Members. This notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. No Settlement Class Member is relieved from the terms of the Settlement Agreement, including the releases provided for, based on the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the approval hearing. It is hereby determined that all members of the Settlement Class are bound by this Judgment, except those that have opted out.

8. Any order entered regarding any fee and expense application, any appeal from any such order, or any reversal or modification of any such order shall not affect or delay the finality of the Final Judgment in this litigation.

9. Plaintiffs seek an award of $1,215,264.10 in attorneys' fees and costs, which is comprised of $1,195,751.33 in attorneys' fees, and $19,512.77 in reimbursable costs. That request is granted pursuant to Section 7.7 of the Settlement Agreement, and the Court's finding that the attorneys' fees and costs are fair and reasonable pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii), (h).

10. Plaintiffs also each seek a $7,000.00 service award, for a total of $28,000.00 to the four Plaintiffs (Jackerly McFadden, Celinda Lake, Mary Montgomery, and Lillian Nelson) for their service in representing and zealously advocating on behalf of Class Members. That request is also granted.

11. The Court-Appointed Settlement Administrator is awarded its costs from the "Residual Component" of the Settlement Fund.

12. The Court directs immediate entry of this Judgment by the Clerk of the Court.

13. The Court will have continued jurisdiction over the Action for the purpose of enforcement of the Settlement and this Final Order.

**IT IS SO ORDERED.**

DATED: April 25, 2024                    _____

                                                                            HONORABLE ZIA M. FARUQUI
                                                                            UNITED STATES MAGISTRATE JUDGE